Gary Grimm
837 Swede Street
Norristown, Pa. 19401
610-275-5855
garyrgrimm@hotmail.com

February 1, 2018

US Bankruptcy Court
Eastern District of Pennsylvania
900 Market St # 400
Philadelphia, PA 19107
Att: Judge Magdeline D. Coleman

RE: 17-10625-MDC
Subject –Motion to Dismiss

Dear Judge Coleman,
    debtor was taken back at the hearing on Thursday, January 25, 2018 and learning that what was understood to be a status meeting was listed as a hearing for the trustee's Motion to Dismiss with Prejudice debtor's chapter 13 bankruptcy.
    The trustee filed a Motion to Dismiss against debtor on May 31, 2017 claiming that debtor's bankruptcy was filed in bad faith, with multiple previous filings, only to delay creditor's right to collect with no change in his circumstances that would warrant another filing.
    The trustee at debtor's May 11, 2017 hearing admitted that part of the delay of debtors case was due to it "slipping through the cracks".
    The motion was very reminiscent of a position taken by the Montgomery County Tax Claim Bureau ( MCTCB ) in their objections to Grimm Brothers Realty Company's (GBR) petition to the court for the right to file for chapter 11 bankruptcy.
    Debtor responded on June 27, 2017 to the trustee's motion pointing out that GBR and debtor were two separate entities and debtor's personal filing was only my second . Debtor's first bankruptcy was dismissed for missing a hearing that he was not aware of, was not informed of by his counsel, and his counsel did not attend.
    As GBR was granted a right to file for Chapter 11 bankruptcy, how could debtors filing be in bad faith as motion was based on the GBR prior filings ?
    On August 2, debtor filed an amended plan, schedules I and J, verification of payment to trustee of $1000, tax affidavit and verification of debtor's income
    On September 28, 2017 a hearing was held where debtor was given another list of items to supply to the court and trustee by October 5, 2017.
    On October 4, 2017 debtor supplied a second amended plan, schedule I and J, form 122 C –1, and tax affidavit.
    At the hearing held on January 25, 2018, only one item was pointed out as not having been confirmed as requested. This concerned a transfer to debtor's bank account from another account at citizens Bank prior to debtors filing for bankruptcy. At the September 28, 2017 hearing the debtor testified that the funds had come from a GBR account as they were the only other accounts that the debtor had a relationship with at the bank .
    Debtor understood the purpose of the status hearings was to confirm debtors compliance with the claims raised made against debtor in the trustee's Motion to Dismiss.
    Debtor made no objections to setting a hearing date ,with discovery, at the January 25, 2018 wanting to be sure of his facts before making an objection.
    Considering the amount of cases the court must hear, and the spacing between debtor's own hearings, debtor understands that it is an almost insurmountable task for the court to recall everything that was stated at a previous hearing. It is therefore also understandable that under the

pressure of the only one objector to appear at the hearings who continue to push for their own agenda, that the court can be manipulated into conducting additional discovery with a full-blown hearing.

At the September 28, 2017 hearing the court summarized debtors plan as straightforward: paying off the mortgage, and other smaller debts, with a reverse mortgage that the debtor being over the age of 65 would qualify for if the outstanding debt was less than one half the equitable value the debtor had in the property.

The only party that has listed themselves as a creditor, which debtor has objected to is MCTCB.

1. They have no interest in debtor's residence.
2. No other creditor, including debtor's principal creditor M&T bank, has taken a position with the motion to dismiss.
3. MCTCB claim a debt with debtors investment property at 337 East Marshall St., Norristown
4. The debtor has no personal involvement with the property which is managed by GBR and all information relating to the property has been listed in GBR's bankruptcy.
5. MCTCB was paid by GBR for all liened back taxes but admitted to refusing the payments.
6. MCTCB having refused the payments that is considered satisfied and MCTCB no longer has a standing in debtor's case

The motivating factors that would cause MCTCB to object to debtor's refinancing their property raises major red flags. Refusing prior payments establishes that their goal is not to collect a debt. MCTCB only acceptable goal is for debtor, and GBR, to have their property sold at sheriff sale. Creditor's presence at these hearings is solely self-serving in that all it accomplishes is to produce billable hours that by statute debtor is responsible to pay. Their presence also lengthens the bankruptcy process, causes delays and monopolizes on debtor time that would be better used working towards his bankruptcy goals and making money.

Debtor presented his case at a hearing Tuesday, January 31, 2018 in Montgomery County Court of Common Pleas to obtain a judgment against his past partner, who was not present, which when ruled on in his favor leads the way to the dismissal of two additional liens on debtor's property

Debtor's equity in his property is not that high that he can afford to have additional fees piled on top of what already exist. Nor can debtor continue to waste time on unjustified defensive legal work. Debtor has already lost work rental opportunities due to being sidetracked by frivolous request and actions of MCTCB.

Debtor does not understand why there is still a hearing, and additional discovery for the motion to dismiss as debtor has supplied the information that the trustee and the MCTCB has requested previously.

Debtor believes it is highly prejudicial for MCTCB to be permitted to prepare documentation for request for discovery for an upcoming hearing when debtor is responsible for paying the legal fees

Debtor request that the court reconsider holding a hearing and granting additional discovery. If the court sees the necessity for ruling on the motion filed by the trustee, debtor request that the court do so with the information that has been supplied to them already, or table the motion until debtor actually creates grounds for a dismissal.

Sincerely,

*Gary Grimm*
Gary Grimm