# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 13and Chapter 11 |
| | : | |
| Gary GRIMM and | : | |
| GRIMM BROTHERS REALTY CO. | : | Case No. 17-10625 (MDC)     : |
| Debtors | : | Case No. 17-13697 (MDC) |

<u>Emergency Petition for Relief Changing Venue Of Hearing to Bankruptcy Court Pursuant to F.R.B.P. 1014</u>

1) Petitioner is Gary Grimm, an employee of The Pennsylvania corporation Grimm Brothers Realty Company (GBR).

2) Both parties are in US Bankruptcy Court in the Eastern District of Pennsylvania.

3) As the result of a sherriff sale 839 Swede Street, Norristown PA was transferred to John Campion LLC by order of the court March 25, 2018.

4) The historic property was owned by GBR since 1981 under a blanket principle mortgage of approximately $121,000.00 with PNC bank.

5) The transfer took place during a bankruptcy stay without the Court's permission.

6) The sale amount was for approximately $81,500.00 with an existing bank lien of $121,000.00 plus other liens on the property amounting to approximately $50,000.

7) The bank agreed to a payoff from the sale distribution for $35,000 to relinquish the lien of the bank.

8) On May 26, 2017 GBR filed for Chapter 11 bankruptcy with specific reference to the storage of GBR property in the basement of 839 Swede Street which was to remain for GBR.

9) Campion gave GBR a key to the basement to access the property.

10) In late December 2017 GBR could not access the basement storage due to an additional lock being placed on the door.

11) GBR emailed Campion requesting key to unlock lock but GBR's email went without a response.

12) In mid-January, 2018 GBR emailed Campion again asking why the lock was not left unlocked or GBR given a key.

13) The email followed a meeting with Campion and GBR where they assisted him with frozen pipes in the property.

14) No response was received from Campion again.

15) In late February GBR needed to access property in basement again at which time a worker of GBR offered that he could access property via window if he removed two screws.

16) Access was made and the additional lock was removed.

17) That evening Grimm was met by the police responding to a complaint filed by Campion of a break in at his property.

18) Campion informed GBR in front of the police officer that they had 10 days to vacate the property.

19) GBR supplied Officer Buckwalter an explanation in writing of an existing bankruptcy stay that permitted GBR access to their storage in the basement of 839.

20) GBR returned additional lock to Buckwalter the following day at the police station along with the written explanation.

21) GBR also requested that Norristown police file complaint against Campion for theft if his complaint was not dropped.

22) GBR received a 30 day notice from Campion's attorney.

23) GBR's attorney forwarded Campion's attorney bankruptcy documents with stay for the property in the 839 Swede basement, property of GBR.

24) Grimm was contacted by Officer Klinger asking who owned the building at 839 Swede Street.

25) Attorney for GBR sent Detective Klinger copy of bankruptcy filing with listing of stay for property with basement.

26) Ownership of stock by Kevin Grimm and firm being a corporation.

27) Grimm contacted Det. Klinger, informing him of contents of letter to Officer Buckwalter as Det. Klinger denied receipt of lock and why.

28) GBR's attorney spoke to Campion's attorney in attempt to settle the matter.

29) Campion's attorney informed GBR they had until March 22nd -23rd to remove property from the basement.

30) Campion's attorney claimed no involvement with criminal complaint against Grimm.

31) Grimm was contacted by probation officer Chuck Tornetta to report to prison which Grimm did on April 9, 2018 for violation of probation charge of criminal trespassing.

32) GBR has several filings in numerous courts against Norristown, several more pending.

33) GBR filed objections to sale of property of 839 Swede St.

34) GBR was preparing filings of stay violations against Norristown.

35) GBR believed it had every right to access property in accordance with bankruptcy stay orders.

36) Norristown has filed numerous frivolous criminal complaints against Gary Grimm (Grimm) in the past leading to incarceration for up to two weeks at a time while acting on behalf of GBR business.

37) GBR lost employees and tenants and suffered financial losses in each occurrence.

38) GBR and Grimm claim both Norristown and Campion are attempting to abuse criminal complaints against Grimm in order to win civil cases and cause GBR to drop objections to property sale.

39) Grimm was scheduled for arraignment before recused Norristown judge on April 18, 2018 but because of illness was unable to attend.

40) Sustaining of complaint at arraignment will result in continued incarceration of Grimm for this frivolous charge which could be up to several months in the future.

41) Grimm could not obtain bail being on probation for debt transfer from GBR to officer under criminal code.

42) Grimm performs maintenance processes, pays bills, picks up materials, turns over rentals, and performs landlord tenant actions for the company.

43) Grimm Brothers employs 3 part time employees who work less than 2 days each and report directly to Grimm for directions.

44) GBR is engaged in numerous legal actions with Norristown.

45) For the company to continue business Grimm must be available to perform his duties.

46) Grimm has no contacts that can perform his duties, especially legal support.

WHEREFORE Grimm requests that criminal charges against him be dismissed. The matter originating the complaint should be transferred to bankruptcy court under GBR where parties can file release from stay or violations against each other.

Date:   April 23, 2018					By:___/s/ Joshua L. Thomas____
							Joshua L. Thomas, Esq.