Gary Grimm
837 Swede St.
Norristown, PA 19401
610 – 275-5855
GaryrGrimm@Hotmail.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUG 22 2018

In re:                                            : CHAPTER 13
                                                  :
Gary GRIMM                                        :
                                                  : Case No. 17-10625 (MDC)
                    Debtor                        :

**MOTION FOR REINSTATEMENT OF AUTOMATIC STAY FOR M&T BANK**

1. On June 15, 2017, M&T bank, hereafter bank, filed a Proof of Claim against debtor Gary Grimm in the above listed bankruptcy case.

2. Claim was filed for mortgage default by debtor for his home at 646 Forge Springs Way, King of Prussia, PA 19406. Exhibit "A"

3. Service to debtor was made to his mailing address of 837 Swede St., Norristown PA, 19401 as indicated on the docket caption page for the above listed case.

4. On January 17, 2018, bank filed a Motion for Relief from Stay with the court. Docket entry #68

5. Service was made to debtor at his mailing address of 837 Swede St. Exhibit "B"

6. Debtor contacted counsel for Bank by phone on receipt of Motion. When debtor asked counsel how the matter could be resolved counsel responded that a stipulation could be entered into between the parties whereby the additional monies due would be added to the banks existing claim.

7. Debtor agreed to the idea of a stipulation

8. Counsel stated in a e-mail of January 30, 2018 that as long as negotiations were ongoing with debtor to resolve the Motion that scheduled hearing would be continued. Exhibit "C"

1

9. Based on their conversation, debtor did not believe a response was required to banks filing.

10. Stipulation was forwarded to debtor on February 1, 2018

11. Debtor raised the question to counsel for the bank about the amount of the initial claim and the additional monies to be added. Counsel question the numbers himself but could not come up with answer and would contact the bank and get back to debtor.

12. There also arose the question of the monthly mortgage payment that debtor was paying ,which differed from the banks billing amount, based on the bank escrowing funds for taxes and insurance, which debtor had been paying.

13. On June 21, 2018, debtor forwarded his school tax payment to the tax collector which was returned to debtor in an envelope marked wrong address.

14. Debtor re-mailed his school tax payment to the tax collector to the address indicated.

15. On July 5, 2018, debtor received an email from the bank stating that the escrow issue was still to be evaluated by the bank and that an updated history was requested. Exhibit "D"

16. Debtor was emailed a payment history by the bank on July 27, 2018 with the added statement of "you are currently post petition due for September 2017. Exhibit" E"

17. debtor received his tax payment check back from the tax collector along with his tax bill which had been marked paid August 7, 2018 but was scratched out. Exhibit "F"

18. On August 10, 2018, debtor emailed bank requesting what "currently post petition due for September 2017" meant. Debtor never received a response. Exhibit "G"

19. On August 13, 2018, debtor was at the house to inspect for damages due to the previous weekend's torrential downpours and flash flooding.

20. Debtor found at the property documents from the bank dated August 7, 2018 and entered in the bankruptcy docket as #114

21. The documents included a certificate of service for debtor at 404 Ross Rd., King of Prussia, not his docket identified mailing address of 837 Swede St., Norristown PA, where the bank had sent their bankruptcy claim and Motion for Relief from Stay. Exhibit "H"

22. A review of the bankruptcy docket identified that a hearing was held for the Motion for Relief from Stay on August 7, 2018 entered in the docket as #115.

23. The court entered an order for Relief from Stay for the bank the same day. Docket entry#116

24. A further review of the docket showed that the debtor never received a notice of the hearing for any of the seven continuances the bank requested, and was granted, for the hearing.

25. Debtor's review of his emails showed no notices from the bank, or the court, of a hearing date of August 7, 2018.

26. As of today, debtor has still not received an updated stipulation from the bank for his signature that reflects the updated financial changes.

27. There was no mention in the banks email of July 27, 2018, of a hearing for August 7, 2018,

28. The debtor was never notified by the bank that they believed there was no longer ongoing negotiation to resolve the banks Motion for Relief which debtor believed was still in play.

29. Debtor is still working towards the goal of obtaining a reverse mortgage for the house to pay off the bank's mortgage and other legitimate debts.

30. Debtor's time schedule of preparing the house for refinancing has been set back by debtor's unjustified incarceration by Norristown relating to Grimm Brothers Realty Corporations bankruptcy which the bank was informed of by debtor stated they understood and most recently by the damage caused to the house by the torrential downpours and flash flooding.
WHEREFORE, debtor respectfully request that this honorable court vacate their order granting relief from stay to M&T bank and reinstate the stay for the above stated reasons.

*[Signature]*
Gary Grimm

3