UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GRIMM BROTHERS REALTY CO. | : : : | CHAPTER 11 Case No. 17-13697 (MDC) |
| Debtor | : |  |
| GARY RICHARD GRIMM | : : : | CHAPTER 13 Case No. 17-10625 (MDC) |
| Debtor | : |  |

**RESPONSE OF DEBTORS TO MOTION OF JCPR, LLC AND JOHN CAMPION FOR RELIEF FROM AND/OR TO MODIFY THE AUTOMATIC STAY AND/OR TO COMPEL DEBTORS TO REMOVE PERSONAL PROPERTY FROM REAL ESTATE OWNED BY JCPR, LLC LOCATED AT 839 SWEDE ST., NORRISTOWN, PA 19401**

Debtor Grimm Brothers Realty Co., by and through its undersigned counsel, and Debtor Gary Grimm respectfully submit this joint *Response* (the "Response") *to the Motion of JCPR, LLC and John Campion for Relief From and/or to Modify the Automatic Stay and/or to Compel Debtor to Remove Personal Property From Real Estate Owned by JCPR, LLC Located at 839 Swede Street, Norristown, PA 19401* and sets forth the following in support thereof.

Although the moving parties seek relief from both the corporate debtor and the individual debtor, the property made the subject of this Motion and Response belongs solely to the corporate Debtor. Mr. Grimm has clarified the question of ownership in open court on several occasions and at several hearings. Mr. Grimm's statements are part of the record in both cases. Counsel for the moving parties, as well as the moving parties, were present in court when Mr. Grimm explained the ownership of the property and accepted the fact that the personal property in question was solely the property of the corporate Debtor. Accordingly, although the movants seek relief from the individual debtor, Gary Richard Grimm, he is not the owner of the property, and Mr. Grimm requests that the motion against him be dismissed. Furthermore, all references to the "Debtor" in the numbered responses below will be to the corporate debtor, Grimm Brothers Realty Co., unless specifically referenced otherwise.

Furthermore, this Motion is premature. The movants previously filed a Motion to Enforce Settlement Agreement and Release Against Debtor (the "Motion to Enforce"). In addition, the Debtor has previously filed a Motion Seeking Sanctions and Damages for Stay Violation Against John Campion and JCPR LLC (the "Motion for Damages"). In its Motion for Damages, the Debtor seeks damages for Campion's and JCPR's automatic stay violation by seeking to remove the Debtor's personal property from the Premises without proper notice and without stay relief, refusing entry to the Debtor to access its personal property and having Mr. Grimm arrested on false charges that ultimately led to the Debtor's near financial collapse. This Court should first make a determination as to whether the movants violated the automatic stay and/or gave proper notice to the Debtor of its intention to remove the Debtor's property pursuant to Pennsylvania law. A hearing on **both** the Motion to Enforce and the Motion for Damages is scheduled for November 15, 2019. Until the Court makes such a determination on both of these motions, the instant Motion is premature. The moving parties, however, seek to circumvent the need for the Court to first determine their role in causing the Debtor's financial calamity by filing the instant Motion. Accordingly, the Debtors request that the Motion should be dismissed as premature, or in the alternative, be combined with the Motion to Enforce and Motion for Damages scheduled to be heard on November 15, 2019.

  1.  Denied. Movant John Campion ("Campion") was the successful bidder at a Sheriff sale of the real property on or about October 26, 2016. By way of further response, Campion attended and bid on the real property at a Montgomery County, Pennsylvania, real estate division judicial sale (the "Tax Sale"). Following the Tax Sale, Grimm Brothers Realty Company filed Exceptions to the proposed distribution, identifying numerous errors, including, but not limited to, duplication of Sheriff's fees, distributions to the municipality for items that were already paid, and payment to the Pennsylvania Department of Revenue that the debtor previously paid.

2. Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied.

3. Admitted in part and denied in part. It is admitted that Debtor owned the Real Property. It is specifically denied that the October 2016 Tax Sale automatically stripped the Debtor of ownership of the Real Property.

4. Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied.

5. Admitted.

6. Admitted in part and denied in part. It is admitted only that the Debtor has an ownership interest in personal property that resides in the basement of the Real Property. The remainder of the statements are denied.

7. Denied. To the contrary, the movants refused entry to the Debtor and its agents by locking the Debtor out and preventing him from having access to its personal property. Further, the movants failed to seek and obtain relief from stay from this Court and a complaint in ejectment in state court, as required by law. Campion further violated the automatic stay by filing a complaint against the debtor's operations manager, causing him to be incarcerated for 30 days.

8. Denied. See response to paragraph No. 7 above.

9. Denied. Debtor shares the space with the tenants above who also use the basement for storage.

10. Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied. By way of further response, for the decades that the Debtor owned the Real Property, it never experienced any problems with

mold or bugs. The basement has always been a dry area and there is nothing in this area that would attract bugs.

11. Denied. By way of further response, some of the moldings have been in the basement since the Debtor purchased the property and have no mold. The trims had been removed from the structures at 837 and 839 Swede Street prior to purchase by the Debtor. The Debtor retained the trims as they can only be replaced at a great expense if needed for repairs at a later date.

12. Denied. By way of further response, as there is no mold or bug problem, there is no health risk to the tenants or children at the Real Property due to these unsubstantiated claims.

13. Denied. By way of further response, the trims from the buildings constitute the majority of the wood products in the basement, and Debtor estimates they occupy less than 1% of the basement's volume. Furthermore, after the Tax Sale, the Debtor organized and cleared out items it found was not worth keeping, which items accounted for approximately half of the personal belongings in the basement at the time. Moreover, movants fail to explain why such items are a fire hazard.

14. Denied. To the contrary, the Debtor has left more than adequate space around the utilities that could require maintenance, i.e. the boilers, hot water heater and electric service panels.

15. Denied. To the contrary, the Debtor had no such issues during the entirety of its ownership of the Real Property and movants have failed to demonstrate the supposed challenges in addressing the various issues.

16. Admitted that the Debtor filed such adversary action, except that the action was filed on February 13, 2019. The remaining averments are denied.

17. Admitted only that the Debtor's adversary action was dismissed without prejudice on May 1, 2019. The remaining averments are denied.

18. Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

19. No response required.

20. No response required.

21. Admitted. By way of further response, the basement is not a rentable space. Additionally, the Debtor incurred extensive damages caused by Campion's illegal lockout and having the Debtor's operations manager arrested and incarcerated for over thirty (30) days, resulting in tenant income losses, loss of employees and unaddressed maintenance damages. Such damages more than offset any rental payments, which were not requested by the movants.

22. Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

23. Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

WHEREFORE, Debtors Gary Grimm and Grimm Brothers Realty Company respectfully request that this Honorable Court deny the Motion of JCPC, LLC and John Campion award the Debtor attorneys' fees and costs, and for such other relief as this Court may deem appropriate.

Dated: September 29, 2019

/s/ *Alex Moretsky, Esquire*_____
Alex Moretsky, Esquire
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
(215) 344-8343 (p)
(267) 571-2083 (f)

/s/ *Gary Grimm*_____
Gary Grimm
837 Swede St.
Norristown, PA 19401
610-275-5855