**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>GARY GRIMM,<br><br>          Debtor. | : CHAPTER 13<br>:<br>: BANKRUPTCY NO. 17-10625 (MDC)<br>:<br>: Hearing Date:  May 15, 2020<br>: Hearing Time:  10:30 a.m.<br>: Hearing Place:  Courtroom 2<br>: |

**OBJECTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU TO MOTION FOR RECONSIDERATION OF COURT'S ORDER OF MARCH 12, 2020 DENYING MOTION TO RECONSIDER OCTOBER 21, 2019 CONFIRMING CHAPTER 13 PLAN**

Montgomery County Tax Claim Bureau ("MCTCB"), by and through undersigned counsel, hereby files the following objections (the "Objections") to the motion of Gary Grimm (the "Debtor") for reconsideration of this Court's March 12, 2020 Order denying the Motion of Gary Grimm to reconsider the October 21, 2019 Order confirming the Debtor's plan of reorganization (the "Motion").  In support of its Objections, MCTCB states as follows:

**I.      PARTIES AND JURISDICTION**

1. On or about January 27, 2017 (the "Petition Date"), more than three years ago, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II.     BACKGROUND AND OBJECTION**

4. MCTCB hereby joins in any and all objections filed by the Debtor's other creditors and/or the United States Trustee, to the extent not inconsistent herewith.

5. The long and tortured history of the Debtor's more than three (3) year old Chapter

13 bankruptcy case is well known to this Court. During that time, the bankruptcy case has been dismissed for the Debtor's failure to file documents, then reinstated. The Debtor has further been admonished numerous times and had pleadings stricken by the Court for missing deadlines and failing to abide by Federal and Local Bankruptcy Rules and the Court's directives and ex parte communications with the Court.

6. The Debtor has amended his Chapter 13 Plan on six (6) separate occasions and each time, the Plan was unconformable as filed and each iteration of the Plan has been objected to by the Chapter 13 Trustee, MCTCB and/or the Debtor's secured lender.

7. Finally, on September 12, 2019, after a contested hearing during which the Debtor presented no evidence in support of the Plan and after numerous amendments to the Plan on the record and over the Debtor's objection, the Court confirmed the Plan subject to the following requirements:

    a. The Debtor shall make monthly plan payments to the Chapter 13 Trustee (the "Trustee") in the amount of $2,157.86 per month commencing on September 29, 2019 and continuing on the 28th day of each month for the life of the plan or until allowed claims are paid in full (the "Monthly Payments").

    b. The Debtor shall submit a qualified application (the "Application") to a licensed reverse mortgage lender for a reverse mortgage on his property located at 404 Ross Road, King of Prussia, PA (the "Ross Road Property"), on or before December 31, 2019 and deliver a copy of the Application to the Trustee, Montgomery County Tax Claim Bureau ("MCTCB") and M&T Bank on or before January 7, 2020.

c. All allowed claims against the Debtor or the Debtor's bankruptcy estate, including but not limited to administrative claims, secured claims, priority claims, the Chapter 13 Trustee's commission and any general unsecured claims (collectively, the "Claims"), shall be paid in full, without exception, on or before March 30, 2020 (collectively with the Monthly Payments, the "Plan Payments"); for the sake of clarity, the Plan Payments shall be considered paid by the Debtor once delivered to the Trustee by either money orders or certified checks at the following address: William C. Miller, P.O. Box 1799, Memphis, TN 38101.

d. The Debtor is permitted to pay the Plan Payments through (i) the Monthly Payments; (ii) a reverse mortgage on the Ross Road property; and/or (iii) any other lawful third party source; however, should the source of any of the Plan Payments be from a transfer of property of a bankruptcy estate other than the Debtor's bankruptcy estate, that transfer must be approved by final order of the Bankruptcy Court.

e. All Plan Payments shall be made directly to the Trustee to be distributed to the Debtor's creditors through interim and a final distribution pursuant to the priority scheme established in Part 8 of the Plan.

f. If the Debtor fails to (i) timely deliver any of the Monthly Payments as set forth in paragraph one (1) of this Order; (ii) deliver the Application on or before January 7, 2020 as set forth in paragraph two (2) of this Order; (iii) pay all Claims in full on or before March 30, 2020 as set forth in paragraph three (3) of this Order; or (iv) if any of the Plan Payments are not negotiable for any reason, the Debtor's

4837-6178-9628                                    3

bankruptcy shall be dismissed without a hearing on the certification of the Trustee, MCTCB or M&T Bank.

g. MCTCB's claim, fully secured by first position liens on the 337 East Marshall Street, Norristown, Pennsylvania, is allowed in the amount of $25,215.12 as of March 30, 2020 (the "MCTCB Claim") and all prior objections of the Debtor having been stricken by order of the Bankruptcy Court or otherwise dismissed, the Debtor shall not file an objection to the MCTCB Claim.

h. M&T Bank's claim, fully secured by second position liens on the Ross Road Property, is allowed in an amount to be provided on or before February 15, 2020 and calculated through March 30, 2020 (the "M&T Claim") and the Debtor shall not file an objection to the M&T Claim.

i. Unless specifically disallowed by a final Order of the Bankruptcy Court or withdrawn by the creditor, the following claims shall be allowed and paid in full:

   i. PECO Energy Company [Claim No. 1-1] in the amount of $2,617.28;

   ii. MCTCB [Claim No. 2-1] as set forth above;

   iii. Christian Fellman [Claim No. 3-2] in the amount of $0.00 (disallowed);

   iv. M&T Bank [Claim No. 4-1] as set forth above;

   v. Department of the Treasury – Internal Revenue Service [Claim No. 5-2] in the amount of $35,431.70 (objection pending);

   vi. Municipality of Norristown [Claim No. 6-1] in the amount of $2,118.00;

   vii. Cavalry Investments, LLC [Claim No. 7-1] in the amount of $2,517.33 (objection pending).

A copy of the transcript of the September 12, 2019 hearing was attached to MCTCB's objection the Debtor's motion to reconsider the Confirmation Order [Docket No. 302] as Exhibit "A" and is incorporated herein by reference. [1]

8.  A proposed confirmation order containing all of the Court's requirements was circulated to the Debtor, the Chapter 13 Trustee, M&T Bank on or about September 17, 2019 and on or about September 19, 2019 the Debtor proposed changes to the proposed Order that were, for the most part, completely unacceptable to MCTCB.

9.  The same day, counsel for MCTCB circulated a revised Order accepting a single change that the Debtor Proposed and explaining that the remaining changes were unacceptable.

10. The Debtor again raised the same unacceptable objections to the proposed confirmation order and on or about October 14, 2019, the undersigned forwarded the proposed Order along with the Debtor's objections to the Court. A copy of the e-mail was attached to MCTCB's objection the Debtor's motion to reconsider the Confirmation Order [Docket No. 302] as Exhibit "B" and is incorporated herein by reference.

11. On or about October 21, 2019, the Court entered the Order confirming the Debtor's Plan (the "Confirmation Order"). A copy of the Confirmation Order was attached to MCTCB's objection the Debtor's motion to reconsider the Confirmation Order [Docket No. 302] as Exhibit "C" and is incorporated herein by reference.

12. On or about October 31, 2019, the Debtor filed the Motion to Reconsider, but failed to file or serve the required Notice of Motion (See L.B.R. 5070-1(a) and 9014-3(e) and L.B.F. 9014-3) and therefore, a hearing date was not set for the Motion to Reconsider.

---

[1] This Court may take judicial notice pursuant to Fed. R. Evid. 201 (incorporated into bankruptcy cases by Fed. R. Bankr. P. 9017) of the dockets and the content of the documents filed in the bankruptcy case for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute. See Fed. R. Evid. 201; In re Scholl, 1998 Bankr. LEXIS 1059, at *1 n.1 (Bankr. E.D. Pa. Aug. 26, 1998); see also In re Indian Palm Assocs.,

13. Almost two months later, On December 20, 2019, immediately in advance of two scheduled court closures due to federal holidays, the Debtor filed a Motion to Expedite the improperly filed Motion to Reconsider without any indication of when he when he wanted the hearing to take place.

14. On or about December 27, 2019, MCTCB filed a Response in Opposition to the Motion to Expedite.

15. On January 2, 2020, the Debtor filed a Notice of the Motion to Reconsider and attempted to set the hearing for January 30, 2020 at 11:00 a.m.

16. The next day, on January 3, 2020, the Debtor filed an Amended Motion to Expedite the Motion to Reconsider, apparently attempting to moot the Notice of Motion filed the day before and requesting that the hearing on the Motion to Reconsider be held on January 7, 2020. The Debtor further explained that the reason he didn't comply with the Bankruptcy Rules when filing the Motion to Reconsider was because the Court failed to contact him with a hearing date and that he was unaware that a Notice of Motion had not been filed with the Court. See Amended Motion to Expedite at paragraph 3.

17. The same day, January 3, 2020, the Court denied the relief requested in the Amended Motion to Expedite the Motion to Reconsider and set the hearing on the Motion to Reconsider for January 30, 2020 at 11:00 a.m.

18. The Debtor failed to deliver a copy of a qualified application to a licensed reverse mortgage lender for a reverse mortgage (the "Application") on his property located at 404 Ross Road, King of Prussia, PA (the "Ross Road Property") to the Chapter 13 Trustee, MCTCB and M&T Bank by January 7, 2020 as required by the Confirmation Order. See Confirmation Order

---

Ltd., 61 F.3d 197, 205 (3d Cir. 1995).

at paragraph 2.

19. In accordance with the Confirmation Order, on or about January 8, 2020, MCTCB filed a Certification of Default of the Confirmation Order.

20. On or about January 17, 2020, the Chapter 7 Trustee filed a Certification of Default of the Confirmation Order.

21. On or about January 21, 2020, the Debtor filed a response to MCTCB's Certification of Default in which he admitted in paragraph nine (9) that he was in default of the Confirmation Order by failing to submit an Application. See the Debtor's Response to MCTCB's Certificate of default [Docket No. 296].

22. On January 24, 2020, MCTCB filed an objection to the Motion to Reconsider the Confirmation Order, to which the Debtor responded on January 29, 2020, again admitting at paragraph eighteen (18) that he was in default of the Confirmation Order. See the the Debtor's Response to MCTCB's Objection to his Motion to Reconsider [Docket No. 306].

23. On March 12, 2020, the Debtor's ex parte letter request to adjourn having been denied, the Court conducted the hearing on the Motion to Reconsider and denied the Motion.

24. On or about March 25, 2020 the Debtor filed a Motion to Reconsider the denial of his Motion to Reconsider and later supplemented the Motion to Reconsider on March 30, 2020 but again failed to file a notice of motion or schedule a hearing date. The Debtor indicated in both the current Motion to Reconsider and the Supplement that the Motion would be amended, however, no amendment was filed.

25. For the reasons stated herein, MCTCB respectfully requests that the Court deny the relief sought in the Motion to Reconsider.

### III. ARGUMENT AND RELIEF REQUESTED

26. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Pazzo Pazzo, Inc. v. New Jersey (In re Pazzo Pazzo, Inc.), No. 02-35976 (NLW); 06-1022, 2007 Bankr. LEXIS 450, at *10-*11 (Bankr.D.N.J. February 5, 2007) *quoting* Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). *cert. denied,* 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986). Courts grant reconsideration only where a moving party demonstrates that there has been: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. *quoting* Max's Seafood Cafe by Lou-Ann. Inc. v. Quinteros, et al., 176 F. 3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

27. It is an accepted legal principle that "courts should grant such motions sparingly." E.g., Cohen v. Prudential Ins. Co., 2010 WL 1257659, at *3 (E.D. Pa. Mar. 25, 2010); Griffin-El v. Beard, 2009 WL 1229599, at *3 (E.D. Pa. Apr. 30, 2009).

28. "Motions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Ciena Corp. v. Corvis Corp., 352 F. Supp.2d 526, 527 (D. Del. 2005). Similarly, a motion for reconsideration may not be used to give a litigant a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

29. A motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (quoted in Bhatnagar,

52 F.3d at 1231). It is therefore "improper . . . to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Bor. of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

30. Like the Debtor's motion to reconsider the Confirmation Order, the Debtor's current Motion to Reconsider does not allege any of the necessary elements required by courts and the Bankruptcy Rules, and therefore must fail.

31. As set forth in detail in MCTCB's objection to the Debtor's original motion to reconsider the Confirmation Order failed to allege any of the necessary elements necessary to reconsider the March 12 Order denying his original motion to reconsider the Confirmation Order.

32. Because the Debtor has failed to allege that there has been an intervening change in controlling law, any new evidence that was not available when the Court granted the Confirmation Order or the need to correct a clear error of law or fact or to prevent manifest injustice, the Motion to Reconsider should be denied.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, for the foregoing reasons and those contained in any objection filed by the Chapter 13 Trustee or the Debtor's other creditors, MCTCB respectfully requests that this Court enter the attached Order denying the Motion to Reconsider and grant such other and further relief as this Court deems necessary and just.

Respectfully submitted,

Dated: May 8, 2020     By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, 34th Floor
1500 Market Street
Philadelphia, PA 19102
215-665-3066 – Telephone
215-665-3165 – Facsimile

*Counsel to Montgomery County Tax Claim Bureau*