# MacElree Harvey
SINCE 1880

INITIATIVE IN PRACTICE

MacElree Harvey, Ltd.
Attorneys at Law
17 West Miner Street
West Chester, PA 19382
610-436-0100 | main
macelree.com

Leo Gibbons
lgibbons@macelree.com
d| (610) 840-0227
f| 987-654-3210

September 29, 2020

**E-mail and First Class Mail**
Mr. Gary Grimm
837 Swede Street
Norristown, PA 19401

Re: **Gary Grimm Bankruptcy**
    **Chapter 13 – Bankruptcy No. 17-10625**

Dear Mr. Grimm:

Enclosed are the Objections and Responses of JCPR, LLC and John Campion to Debtor's Requests for Admissions. Please note that although the Requests for Admissions you sent me was dated August 28, 2020, it was only e-mailed to me on September 1, 2020. Therefore, respondents have until October 1, 2020 to respond.

Sincerely,

Leo M. Gibbons

LMG:dms
Encl.
cc.  Mr. John Campion

3740361v1
041433.64747

CENTREVILLE, DE    DOYLESTOWN, PA    KENNETT SQUARE, PA    WEST CHESTER, PA

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GARY RICHARD GRIMM          : CHAPTER 13
          Debtor                                  : NO. 17-10625-MDC

**RESPONSES AND OBJECTIONS OF JOHN CAMPION AND JCPR, LLC TO DEBTOR GARY GRIMM'S REQUEST FOR ADMISSIONS**

John Campion and JCPR, LLC hereby provide the following Objections and Responses to Debtor Gary Grimm's Request for Admissions and state as follows:

**GENERAL OBJECTIONS TO DEBTOR'S REQUEST FOR ADMISSIONS**

1. Respondents object to each and every Request for Admission to the extent that it seeks information protected by the attorney-client and/or work-product privileges.

2. Respondents object to each and every Request for Admission to the extent that it requests information from Respondents that is within the control of the Debtor or to which Debtor's access is greater or equal to that of Respondents.

3. Respondents object to each Request for Admission to the extent that it seeks information which is not related to the subject matter involved in the pending action or which is not reasonably calculated to lead to the discovery of evidence admissible in the pending action.

4. Respondents object to each Request for Admission to the extent that it is ambiguous, vague, or otherwise incomprehensible.

5. Respondents object to each Request for Admission to the extent that it seeks a legal conclusion.

6. Respondents object to each Request for Admission to the extent that it is overbroad and fails to set forth with reasonable particularity the information requested.

3738252v1
041433.64747

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

1. John Campion and JCPR, hereafter Campion, took possession of 839 Swede St. in April 2017 at which time locks were changed.

**RESPONSE**: Admitted in part and denied in part. On or about March 25, 2017, JCPR, LLC was issued the deed for 839 Swede Street and in April, 2017 identified (to the tenants residing at 839 Swede Street) JCPR as the new owner of 839 Swede Street, having purchased the property at sheriff's sale. The tenants granted access to JCPR and permitted it to change the locks at 839 Swede Street.

2. Campion was aware that Grimm Brothers Realty Company, hereafter Grimm Brothers and Gary Grimm, hereafter Grimm, had personal property stored in the basement of 839, hereafter 839.

**RESPONSE**: Denied. At the time JCPR took possession of 839 Swede Street, it was not aware that Grimm Brothers Realty had personal property stored in the basement of 839 Swede Street. Upon learning that Grimm Brothers Realty Company ("Grimm Brothers") had personal property in the basement of 839 Swede Street, JCPR informed Grimm Brothers that it could have access to remove its personal property, provided Grimm Brothers a key to the basement and requested that it remove the personal property within the next thirty days. Additionally, it is specifically denied that Gary Grimm at any time relevant hereto had any personal property belonging to him in the basement of 839 Swede Street.

3. Grimm informed Campion several times that Grimm Brothers and Grimm were in bankruptcy.

**RESPONSE**: Denied. At no time did Gary Grimm inform either JCPR or Campion that Grimm Brothers and Grimm were in bankruptcy.

4. Campion, or his counsel, was informed by Grimm Brothers bankruptcy attorney Joshua Thomas, Esquire, that Grimm Brothers was in bankruptcy.

**RESPONSE**: Admitted in part and denied in part. It is admitted that Joshua Thomas, Esquire, the attorney Grimm Brothers sent a letter to JCPR and Campion that Grimm Brothers was in bankruptcy in late April or early May, 2017; however, it is denied that Grimm Brothers was actually in bankruptcy as it had only requested leave to file a bankruptcy petition, which leave was not granted until April 28, 2017 and Grimm Brothers bankruptcy petition was not filed until May 26, 2017.

5. Campion supplied Grimm with a key to the basement of 839.

**RESPONSE**: Admitted in part and denied in part. JCPR and Campion provided a key to Grimm Brothers for the basement at 839 in late April or early May, 2017 with the explicit instruction that Grimm Brothers should remove its personal property within the next thirty (30) days. Grimm Brothers, however failed to remove its personal property until October of 2019 when ordered to do so by the Bankruptcy Court.

6. Sometime during November 2017 Campion installed an additional lock on the basement of 839 and did not give Grimm a key.

**RESPONSE**: Admitted in part and denied in part. By way of further answer, In late 2017 or early 2018, Respondents placed a lock box on the basement door of 839 due to several factors including concern regarding security of personal property of the tenants stored in the basement, the security of the utilities which were located in the basement, and concern there may be tampering with the utilities for 839 housed in the basement, including the water, electric and heating. Respondents informed Grimm Brothers that its personal property could still be accessed in the basement but would need to set up a mutually convenient time to have the property removed. At this point, Grimm Brothers had more than six months to remove its personal property from the basement and at no time did Respondents ever tell Grimm Brothers that it could keep its personal property at 839 indefinitely.

7. Campion received an e-mail from Grimm on December 5, 2017 requesting that he unlock the second lock.

**RESPONSE**: Admitted in part and denied in part. Respondents incorporate their response to Request 6 herein as if fully set forth herein.

8. Campion, did not unlock the second lock, provide Grimm a key, or respond to Grimm's e-mail.

**RESPONSE**: Admitted in part and denied in part. Respondents incorporate their response to Request 6 herein as if fully set forth herein.

8.5 Grimm met Campion at the property in January 2018 and spoke to him about leaving a second lock to the basement unlocked so he could access property.

**RESPONSE**: Admitted in part and denied in part. Respondents incorporate their response to Request 6 herein as if fully set forth herein.

9. Grimm e-mailed Campion on January 20, 2018 again asking him to provide him with a key.

**RESPONSE**:   Admitted.  By way of further answer, before Campion could respond, there was a break-in at 839.  The break-in was on January 22, 2018 just two days after the e-mail was sent.  Tenants residing at 839 informed Campion that the basement of 839 had been broken into by Gary Grimm.  Following a second break-in at the basement of 839, on or about February 22, 2018 tenants again identified Gary Grimm as the person breaking in to the basement at 839 and at that time JCPR and Campion contacted local police, which performed an investigation and subsequently charged Gary Grimm with criminal trespass.

10. Campion, did not unlock the second lock, provide Grimm a key, or responds to Grimm's e-mail.

**RESPONSE**: Admitted in part and denied in part. JCPR and Campion incorporate their response to Requests 6-9 above. By way of further answer, after November/December, 2017, JCPR and Campion informed Grimm Brothers that it could access its personal property to remove it but need to schedule a mutually convenient time with Respondents.

11. On February 28, 2018, Campion called police claiming a breaking and entering committed by Gary Grimm into the basement of 839.

**RESPONSE**: Admitted. By way of further answer, tenants residing at 839 witnessed Gary Grimm breaking and entering the basement at 839 and informed Campion of same.

12. On February 28, 2018, Campion told Grimm in front of Norristown police officer Buckwalter that he had two weeks to get his property out of 839.

**RESPONSE**: Denied.

13. Campion did not petition the bankruptcy court for relief from the stays prior to calling police.

**RESPONSE**: Admitted. The automatic stay does not prohibit or stay actions related to criminal activity.

14. Campion did not post the basement of 839 informing Grimm the property must be removed prior to calling police and filing complaint.

**RESPONSE**: Admitted. The automatic stay does not prohibit or stay actions related to criminal activity.

15. On March 6, 2018, attorney for Campion sent Grimm, a ten day notice to make arrangements to remove property with a 30 day storage provision.

**RESPONSE**: Admitted. At that time Respondents and Respondent's counsel were unaware that Grimm Brothers was in bankruptcy.

16. On April 4, 2018, counsel for Grimm Brothers was sent an e-mail from Campion's attorney, Keely Carr Brady, stating that they were unaware of the bankruptcy.

**RESPONSE**: Admitted in part and denied in part. It is admitted that JCPR and Campion's attorney received a letter from Grimm Brother's counsel that Grimm was in bankruptcy but JCPR, Campion and Campion's counsel were unaware of the bankruptcy. JCPR and Campion incorporate their response to Request 15 above.

17. Campion, did not withdraw complaint after attorney knowledge the existence of bankruptcy stating they would take no further action without applying to the court for relief from the stay, resulting in Grimm's imprisonment.

**RESPONSE**: Admitted. The automatic stay does not prohibit or stay actions related to criminal activity.

18. Campion is aware that under the Pennsylvania Criminal Code, that criminal trespass is committed when a person not privileged to do so, enters a secured property through subterfuge.

**RESPONSE**: Denied as a legal conclusion. By way of further answer, the law of Pennsylvania with regard to criminal trespass is codified in Pennsylvania and is a writing that speaks for itself. JCPR and Campion specifically deny knowing the specific definition of this offense. JCPR and Campion called police upon learning that there was a break-in at the basement of 839 Swede Street, which was investigated by police and which later resulted in charges being filed against debtor Gary Grimm as a result of that investigation.

19. Grimm had privilege to access their property located at 839.

**RESPONSE**: Denied as a conclusion of law. By way of further answer, it is denied that either Gary Grimm or Grimm Brothers had privilege or permission to access to the personal property located at 839 on the two dates at issue in the criminal matter and it is further denied that Gary Grimm had any property located at 839.

20. While Grimm was in prison, Campion as a condition to withdraw his complaint that Grimm sign an agreement to remove all property from 839.

**RESPONSE**: Denied as stated. A settlement agreement was negotiated by the interested parties' respective counsel that included Grimm Brothers and Gary Grimm, to remove

all personal property belonging to them at 839. In these negotiations, Grimm Brothers was represented by Eric Jensen, Esquire, Gary Grimm was represented by his criminal attorney, Abby Leads, Esquire and JCPR and Campion were represented by their counsel Keely Carr Brady, Esquire.

21. Campion demanded that Grimm sign an agreement releasing him of all liability before he would withdraw the complaint.

**RESPONSE**: Denied as stated. A settlement agreement was negotiated by the interested parties' respective counsel that included Grimm Brothers and Gary Grimm, and that required all personal property be removed from 839. In these negotiations, Grimm Brothers was represented by Eric Jensen, Esquire, Gary Grimm was represented by his criminal attorney, Abby Leads, Esquire and JCPR and Campion were represented by their counsel Keely Carr Brady, Esquire. By way of further answer, the agreement negotiated by respective counsel and entered into by the parties contained a mutual release of liability between Grimm Brothers and Grimm on one part/side and JCPR and Campion on the other part/side.

22. After Grimm's release from prison Campion left the basement of 839 without a lock for approximately 6 months.

**RESPONSE**: Admitted in part and denied in part. The lock was not replaced for a period of time because it would have been expensive and time consuming because of the type of door and damage caused by the break-in. The door also was difficult to replace because it was an irregularly sized door. The lock was replaced when Respondents hired workmen for another job at 839 and they were on-site.

23. Campion, did not motion the court for relief from stays until August 19, 2019.

**RESPONSE**: Admitted. By way of further answer, at no time prior to the Court entering an Order directing Grimm Brothers to remove its personal property from 839 did JCPR or Campion attempt to remove that personal property from the basement at 839. For a period of more than 8 months after receiving the deed for 839, Campion gave Grimm free access to the

basement to remove the personal property. Additionally, for a period of time thereafter, JCPR and Campion informed Grimm Brothers that it could have access to the basement to remove the personal property by scheduling a mutually convenient time with respondents, but Grimm Brothers failed to do so. JCPR and Campion's Motion was for relief from the automatic stay and/or to compel Grimm Brothers and Grimm to remove the personal property from the basement at 839.

                                      MacELREE HARVEY, LTD.

                                      By: _____
                                        Leo M. Gibbons, Esquire
                                        Attorney for Respondents

3738252v1
041433.64747

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GARY RICHARD GRIMM                : CHAPTER 13
          Debtor                                    : NO. 17-10625-MDC

## CERTIFICATE OF SERVICE

I, Leo M. Gibbons, Esquire, attorney for Respondents, JCPR, LLC and John Campion, do hereby certify that a true and correct copy of the foregoing Responses and Objections of John Campion and JCPR, LLC to Debtor Gary Grimm's Request for Admissions has been served this _29th_ day of _Sept._, 2020 by e-mail and first class mail, postage prepaid, upon those listed below:

Gary Richard Grimm
837 Swede Street
Norristown, PA  19401

MacELREE HARVEY, LTD.

By: _____
Leo M. Gibbons, Esquire
Attorney for Respondents

3738252v1
041433.64747