**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                : CHAPTER 13
GARY RICHARD GRIMM                     :
            Debtor                     : NO. 17-10625-MDC

## WITNESS AND EXHIBIT LIST OF JOHN CAMPION AND JCPR, LLC

John Campion and JCPR, LLC hereby submit their witness and exhibit list in connection with the evidentiary hearing scheduled in the above-captioned matter before the Court for Friday, October 23, 2020.

1. Remote Witness

   a. The name and title of the Remote Witness:  John Campion, party

   b. A summary of the subject matter and the anticipated testimony:  Mr. Campion will testify regarding the facts set forth in the Motion to Enforce Settlement Agreement and his and JCPR's response to Debtor's Motion for Sanctions, including but not limited to, all facts and allegations regarding the alleged stay violations and the settlement agreement at issue.

   c. An e-mail address for the witness:  jwcampion@comcast.net

   d. The location of the Remote Witness (city, state, country):  Glenside, Pennsylvania, USA 19038

   e. The place from which the Remote Witness will testify (e.g. home, office – no addresses are required):  home office

   f. Other persons present:  None

   g. Access to documents:  Yes but only the exhibits from the exhibit list of debtor and the exhibit list of Campion and JCPR.

2. <u>Remote Witness</u>

    a.  The name and title of the Remote Witness:  Keely Carr Brady, Esquire

    b.  A summary of the subject matter and the anticipated testimony:  Ms. Brady will testify regarding the alleged stay violations and the settlement agreement, including negotiations with regard thereto, some of which facts are set forth in the Motion to Enforce Settlement Agreement of Campion and JCPR and the Motion for Sanctions of Debtor.

    c.  An e-mail address for the witness:  kbrady@bradycissnelaw.com

    d.  The location of the Remote Witness (city, state, country):  Oreland, Pennsylvania, USA 19075

    e.  The place from which the Remote Witness will testify (e.g. home, office – no addresses are required):  work office

    f.  Other persons present:  None

    g.  Access to documents:  Yes but only the exhibits from the exhibit list of debtor and the exhibit list of Campion and JCPR.

3. <u>Exhibit List</u>

C-1    Deed to JCPR, LLC recorded 3/21/17

C-2    Photographs of personal property in basement of 839 Swede Street

C-3    Settlement Agreement and Release dated May 7, 2018

C-4    E-mail dated May 4, 2018 from Erik Jensen to Keely Brady with attachment

C-5    E-mails between Keely Brady and Abby Leeds dated May 7, 2018

C-6    E-mails between Keely Brady and Erik Jensen between May 19 and June 14, 2018

C-7    Order approving Jensen as attorney for Grimm Brothers dated July 18, 2018 – certified from the official court record

C-8    First Amended Application for Order Approving Employment of Jensen as counsel – certified from the official court record

C-9    Bankruptcy Court Order dated January 19, 2017 in the Grimm Brothers bankruptcy case

C-10    Motion for Relief of John Campion and JCPR, LLC filed in both the Gary Grimm bankruptcy and the Grimm Brothers bankruptcy on August 29, 2019

C-11    Joint Response of Grimm Brothers Realty and Gary Grimm to Motion for Relief of John Campion and JCPR, LLC

C-12    Order of the Bankruptcy Court dated October 2, 2019

C-13    Motion for Reconsideration filed by Grimm Brothers dated October 15, 2019

C-14    Order of the Bankruptcy Court dated October 17, 2019

C-15    E-mail from Gary Grimm to counsel for Campion and JCPR dated October 17, 2019

C-16    Motion of Debtor Seeking Sanctions and Damages Against Campion and JCPR dated September 12, 2019

C-17    Order of the Bankruptcy Court dated May 1, 2019 in adversary case no. 19-00035

C-18    Adversary Complaint filed by Grimm Brothers in adversary case no. 19-00035

Campion and JCPR reserve the right to use any exhibits submitted by debtor and listed on his exhibit list.

Campion and JCPR's exhibits are being filed with the Court with this document and are being provided separately via e-mail to the Court, debtor Gary Grimm and the witnesses listed hereinabove.

Respectfully submitted,

MacElree Harvey, Ltd.

Date: 10/16/2020

By: _____

Leo M. Gibbons, Esquire
Attorney for John Campion & JCPR, LLC
17 W. Miner Street, Box 660
West Chester, PA 19381-0660
(610) 436-0100
lgibbons@macelree.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                              : CHAPTER 13
GARY RICHARD GRIMM                    :
                        Debtor              : NO. 17-10625-MDC

### CERTIFICATE OF SERVICE

I, Leo M. Gibbons, Esquire, attorney for Movants, JCPR, LLC and John Campion, do

hereby certify that a true and correct copy of the foregoing Witness and Exhibit List has been

served this 16th day of October , 2020 by first class mail, postage prepaid,

and electronic mail, upon those listed below:

Gary Richard Grimm
837 Swede Street
Norristown, PA 19401

                                                   MacElree Harvey, Ltd.

Date: 10/16/2020                         By: _____
                                                   Leo M. Gibbons, Esquire
                                                   Attorney for John Campion & JCPR, LLC
                                                   17 W. Miner Street, Box 660
                                                   West Chester, PA 19381-0660
                                                   (610) 436-0100
                                                   lgibbons@macelree.com

3759949v1
041433.64747





**DEED BK 6037 PG 01778 to 01782.1**
INSTRUMENT # : 2017020524
RECORDED DATE: 03/21/2017 03:09:17 PM

3451669-0008Z

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**
**OFFICIAL RECORDING COVER PAGE**                    Page 1 of 6

| | | | |
|---|---|---|---|
| **Document Type:** | Sheriffs Deed | **Transaction #:** (s) | 3535189 - 6 Doc |
| **Document Date:** | 12/07/2016 | **Document Page Count:** | 4 |
| **Reference Info:** | | **Operator Id:** | tbutler |

| **RETURN TO: (Wait)** | **PAID BY:** |
|---|---|
| SHERIFF | SHERIFF |
| COURTHOUSE | |
| NORRISTOWN, PA 19404 | |

**\* PROPERTY DATA:**

| | |
|---|---|
| Parcel ID #: | 13-00-36452-00-3 |
| Address: | 839 SWEDE ST |
| | PA |
| Municipality: | Norristown Borough (100%) |
| School District: | Norristown Area |

**\* ASSOCIATED DOCUMENT(S):**

| | |
|---|---|
| **CONSIDERATION/SECURED AMT:** | DEED BK 6037 PG 01778 to 01782.1 |
| **$81,500.00** | Recorded Date: 03/21/2017 03:09:17 PM |
| **TAXABLE AMOUNT:** | I hereby CERTIFY that this document is |
| **$101,460.00** | recorded in the Recorder of Deeds Office in |
| **FEES / TAXES:** | Montgomery County, Pennsylvania. |

| | |
|---|---|
| Affidavit Fee | $1.50 |
| Recording Fee:Sheriffs Deed | $95.00 |
| State RTT | $1,014.60 |
| Norristown Borough RTT | $507.30 |
| Norristown Area School District RTT | $507.30 |
| **Total:** | $2,125.70 |



*Jeanne Sorg*

**Jeanne Sorg**
**Recorder of Deeds**

Rev1a 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL**

C-1

iitally signed 12/19/2018 by montgomery.county.rod@kofile.us

**Certified and Digitally Signed**

ation may require Adobe 'Windows Integration'

eCertified copy of recorded # 2017020524 (page 1 of 6)
Montgomery County Recorder of Deeds



Prepared By: Sheriff's Department, Court House, 1st Floor, P.O. Box 311, Norristown, PA 19404-0268

Return To: Sheriff's Department, Court House, 1st Floor, P.O. Box 311, Norristown, PA 19404-0268

RECORDER OF DEEDS
MONTGOMERY COUNTY
2011 MAR 21 P 2: 06

# Know all Men by these Presents

THAT, I,    **SEAN P. KILKENNY**    Sheriff of the County of **MONTGOMERY**

in the Commonwealth of Pennsylvania, for and in consideration of the sum of **$81,500.00**

dollars, to me in hand paid, **do** hereby grant and convey to

JCPR, LLC
315 Sylvania Ave
Glenside, PA  19038

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
13-00-36452-00-3   NORRISTOWN
839 SWEDE ST
GRIMM BROTHERS REALTY CO
B 012  U 011  L  1140  DATE: 03/21/2017          $15.00
                                                  TG

**ALL THAT CERTAIN** messuage and lot or piece of ground, situate in the Borough of Norristown, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows, to wit:
**BEGINNING** at a point on the Northwesterly side of Swede Street at the distance of 277.00 feet Southwesterly from the Southwest side of Elm Street, a corner of this and ground formerly of B. E. Chain; thence along the same side of Swede Street Southwesterly 50.00 feet more or less to a corner of this and another house and ground of Franklin D. Sower; thence along the same Northwesterly, the line passing through the middle of the partition wall between the house hereby granted and said Sower's adjoining house 47.00 feet to a corner in the said wall; thence Southwesterly 7 inches to a corner at the Southwesterly side or face wall of the house hereby granted; thence along the same side or face of said wall and by ground of said Sower, Northwesterly 85.1 feet to a corner of Maple Alley; thence along the Southeast side of said alley Northeasterly 50.00 feet more or less to a corner of this and said ground now or formerly of Benjamin F. Chain; thence by the same Southeasterly parallel

**PARCEL NO.: 13-00-36452-00-3**

eCertified copy of recorded # 2017020524 (page 2 of 6)
Montgomery County Recorder of Deeds


to Elm Street, 132.1 feet to the place of beginning.

BEING PARCEL NO.:  13-00-36452-00-3.

LOCATION of Property: 839 Swede Street, Norristown, Pennsylvania 19401.

PARCEL NO.:  13-00-36452-00-3

eCertified copy of recorded # 2017020524 (page 3 of 6)
Montgomery County Recorder of Deeds



the same having been sold by me to the said grantee      , on the **TWENTY-SIXTH**      day of

**OCTOBER**      Anno Domini two thousand and      **SIXTEEN**      after due

advertisement, according to the law, under and by virtue of a writ of **MONEY JUDGMENT**

issued      on the **TENTH** day of **SEPTEMBER**      Anno Domini

two thousand and **FIFTEEN** out of the **COURT OF COMMON PLEAS**

as of      Term, two thousand and **SIXTEEN**

Number **2006-12263**      at the suit of **NORRISTOWN MUNICIPAL WASTE AUTHORITY**
vs.
**GRIMM BROTHERS REALTY CO**

**In witness whereof,** I have hereunto affixed my signature, this **SEVENTH**

day of **DECEMBER**   Anno Domini two thousand and      **SIXTEEN**

SEALED AND DELIVERED
IN THE PRESENCE OF

_____ Sheriff
**SEAN P. KILKENNY**

(SEAL)

*Eliminate which not applicable

**PARCEL NO.: 13-00-36452-00-3**

Writ No. 2006-12263

# Deed = Poll

**SEAN P. KILKENNY,** *SHERIFF*

*TO*

JCPR, LLC

NORRISTOWN
MUNICIPAL
WASTE
AUTHORITY
vs.
GRIMM
BROTHERS REALTY CO

............ T.    20 16

No.  2006-12263

**PREMISES:**
**839 SWEDE STREET,**
**NORRISTOWN, PENNSYLVANIA**
**19401.**

The **NAME** of the within-named Grantee is

JCPR, LLC
315 Sylvania Ave
Glenside, PA  19038

On behalf of the Grantee

Commonwealth of Pennsylvania
County of **MONTGOMERY**          } **SS.**

On this, the **SEVENTH**  day of  **DECEMBER 2016**, before me

the undersigned Officer, personally appeared     **SEAN P. KILKENNY**
**Sheriff of the County of   MONTGOMERY** , known to me (or satisfactory proven) to be the person
described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein
stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Prothonotary

**PARCEL NO.: 13-00-36452-00-3**

eCertified copy of recorded # 2017020524 (page 5 of 6)
Montgomery County Recorder of Deeds



03/21/2017 03:09:17 PM                                                                              MONTCO

REV-183 EX (2-15)



**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 1,014.60 |
| Book Number | 6037 |
| Page Number | 1778 |
| Date Recorded | 2-21-17 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | | Telephone Number: |
|---|---|---|
| JCPR, LLC | | 2152805711 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| 315 Sylvania Ave | Glenside | PA | 19038 |

## B. TRANSFER DATA

Date of Acceptance of Document   12/7/16

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| Sheriff of Montgomery County | 610-278-3850 | JCPR, LLC | 2152805711 |

| Mailing Address | | Mailing Address | |
|---|---|---|---|
| Courthouse, Swede and Airy Streets | | 315 Sylvania Ave | |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Norristown | PA | 19401 | Glenside | PA | 19038 |

## C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 839 SWEDE ST | Norristown Borough |

| County | School District | Tax Parcel Number |
|---|---|---|
| MONTGOMERY | Norristown Area | 130036452003 |

## D. VALUATION DATA

Was transaction part of an assignment or relocation?   ☐ Y  ☑ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $81,500.00 | + -0- | = $81,500.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| $57,000.00 | × 1.78 | = $101,460.00 |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 0 | 100 % | 100 % |

**2. Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____
                                                              (Name of Decedent)                              (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____

    If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemna-
    tion. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
|  | 11/29/16 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**





C-2

















## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into as of the _____7_____ day of May, 2018 by and between **JCPR LLC** ("JCPR") and **JOHN CAMPION** and **GRIMM BROTHERS REALTY COMPANY** and **GARY GRIMM** (hereinafter referred to jointly as the "**GRIMM Entities**"). JCPR and the **GRIMM ENTITIES** are referred to herein as the "Parties" and individually as a "Party."

### Background

**WHEREAS,** JCPR purchased the property known as 839 Swede Street, Norristown, PA 19401 (the "Real Property") at a foreclosure sale in or around December 2016;

**WHEREAS,** upon information and belief, GRIMM BROTHERS REALTY COMPANY previously owned the Real Property;

**WHEREAS,** the GRIMM ENTITIES turned over possession of the Real Property to JCPR and agreed with JCPR in early 2017 to make arrangements for the retrieval of certain personal property from the basement of the Real Property within a reasonable time period in early 2017;

**WHEREAS,** a dispute arose between the Parties at the Real Property on two separate occasions in or about January 2018 and February 2018 leading to certain criminal charges currently pending against GARY GRIMM before Magisterial District Court 38-2-09 (hereinafter the "Criminal Charges");

**WHEREAS,** on or about March 6, 2018, JCPR sent the GRIMM ENTITIES Notice Regarding Abandoned Personal Property pursuant to the Pennsylvania Landlord and Tenant Act Section 250.505a;

C-3

**WHEREAS,** on or about April 4, 2018, JCPR was advised that the GRIMM ENTITIES had filed bankruptcy;

**WHEREAS,** the Parties wish to resolve the disputes between and among them without the burdens and risks of further threatened and/or actual litigation;

**WHEREAS,** the Parties reached a settlement agreement, the terms of which are set forth below; and

**WHEREAS,** the Parties desire to seek the requisite approval of the bankruptcy court concerning the terms of the settlement agreement.

**NOW, THEREFORE,** in consideration of the mutual promises, representations, and covenants bargained for and contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1.    **Incorporation of Recitals.** The foregoing clauses are incorporated by reference herein.

2.    **Approval of Bankruptcy Court.** This Agreement shall be contingent upon receipt of approval from the bankruptcy court.

3.    **Retrieval of Personal Property.** The GRIMM ENTITIES shall remove all personal property stored at the Real Property on a mutually agreed upon date and time no later than the date which is three (3) months from the execution of this Agreement by the GRIMM ENTITIES. To the extent that the GRIMM ENTITIES fail to remove all personal property from the Real Property by the required date, JCPR shall have the right to dispose of such personal property without any further notice or liability to the GRIMM ENTITIES.

4.     **Agreement to Withdraw Criminal Charges.**  Upon execution of this Agreement and approval of the bankruptcy court, JCPR/JOHN CAMPION hereby agrees to withdraw the pending Criminal Charges.

5.     **Mutual Release Agreement.** The Parties hereto, on behalf of themselves and their predecessors, successors, assigns, officers, directors, agents, managers, and attorneys do hereby fully remise, release, quitclaim, discharge and acquit each other, and all of their respective successors, assigns, officers, directors, agents, managers and attorneys of and from any and all manner of actions and causes of actions, disciplinary complaints, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever for the recovery of damages or sums due and owing, or any other economic or non-economic losses, including any claims of contribution or indemnity, claims for any fees and/or commissions, claims for consequential or incidental damages, and any other claims which the Parties ever had, now have, or which they may have in the future arising out of, under or because of any cause, matter or thing which has occurred from the beginning of the world to the date of this Agreement, including but not limited to, any pending criminal charges and/or allegations of violation of the bankruptcy stay.

6.     **No Admission of Wrongdoing.** The Parties acknowledge that this settlement is the compromise of disputed claims and that the execution of this Agreement and performance of the acts required herein shall not constitute an admission of liability.

7.     **Knowing and Voluntary Waiver.**   The Parties acknowledge that prior to executing this Agreement they were given the opportunity to consult with independent legal counsel regarding this Agreement.   The Parties acknowledge that they sign this Agreement voluntarily, with full knowledge of the nature and consequences of its terms, and they have been given a reasonable opportunity to consider this Agreement before signing it.

8.      **Authority to Execute; Binding Effect.** The Parties respectively affirm on behalf of themselves that all persons executing this Agreement are duly authorized to execute this Agreement of behalf of the respective Parties and all actions as are necessary to approve this Agreement have been taken by them, and no further actions are necessary in order to authorize, approve or effectuate this Agreement except as otherwise set forth herein. This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, shareholders, owners, assigns and principals.

9.      **Governing Law.** All matters arising under or in connection with this Agreement shall be governed and determined by the laws of the Commonwealth of Pennsylvania. The Parties agree that all claims arising out of this Agreement shall be litigated only in the Court of Common Pleas of Montgomery County, Pennsylvania.

10.     **Counterparts.** This Agreement may be executed in any number of counterparts, each of which for all purposes shall be deemed to be original and all of which taken together shall constitute one and the same Agreement. A copy of this Agreement shall have the same force and effect as an original.

11.     **Entire Agreement.** This Agreement contains the entire agreement between the Parties hereto and its terms are contractual, and not a mere recital. This Agreement may be amended or modified only by a written instrument duly executed by each of the Parties hereto.


REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND, the

Parties have executed this Agreement as of the dates set forth below.

**GRIMM BROTHERS REALY COMPANY**

By _____     Date _5/7/18_____

Print Name _GARY GRIMM_____

Title _OFFICER_____

By _____     Date _5/7/18_____
   GARY GRIMM

**JCPR, LLC**

By _____     Date _5/7/18_____

Print Name _John Campion_____

Title _Owner_____

By _____     Date _5/7/18_____
   JOHN CAMPION

**Subject:**   RE: FOR SETTLEMENT PURPOSES ONLY Resolution- Gary Grimm/Grimm Brother Realty Company

**Date:**   Friday, May 4, 2018 at 10:39:01 AM Eastern Daylight Time

**From:**   Erik Jensen

**To:**   Keely Brady, Josh Thomas

**CC:**   Abigail Leeds, Gary Grimm (grimmbrothersrealty@gmail.com)

**Attachments:** Grimm.Release.May.4.2018.pdf

Attached please find the executed agreement which Mr. Grimm has authorized me to execute on his behalf as attorney in fact given he is incarcerated.  I read the paperwork to him over the phone and he has agreed to the terms therein.

Keely – please get this agreement over to Detective Klinger this morning and his probation officer, Charles Tornetta fax 610-992-7778, and return a copy of the letter of withdraw to me as well with execution by your client, Mr. Campion. I appreciate your promptness. If there are any question please let me know. Hopefully Mr Tornetta can process the paperwork to get Mr. Grimm released this afternoon.

Thank you all.  I am gettable by cell if needed 2159014777.


(

Erik B. Jensen, Esquire
**JENSEN BAGNATO, PC**
1500 Walnut Street
Suite 1920
Philadelphia, PA 19102
(215) 546 4700 tel  x 200
(215) 546 7440 fax
www.jensenbagnatolaw.com <http://www.jensenbagnatolaw.com/>
Disclosure Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.
Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.



**From:** Keely Brady [mailto:kbrady@bradycissnelaw.com]
**Sent:** Thursday, May 03, 2018 12:26 PM
**To:** Josh Thomas
**Cc:** Abigail Leeds; Erik Jensen
**Subject:** FW: FOR SETTLEMENT PURPOSES ONLY Resolution- Gary Grimm/Grimm Brother Realty Company

Good afternoon Josh:

C-4

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into

as of the ___7___ day of May, 2018 by and between JCPR LLC ("JCPR") and **JOHN**

**CAMPION** and **GRIMM BROTHERS REALTY COMPANY** and **GARY GRIMM**

(hereinafter referred to jointly as the "GRIMM Entities"). JCPR and the **GRIMM ENTITIES**

are referred to herein as the "Parties" and individually as a "Party."

### Background

**WHEREAS**, JCPR purchased the property known as 839 Swede Street, Norristown, PA

19401 (the "Real Property") at a foreclosure sale in or around December 2016;

**WHEREAS**, upon information and belief, GRIMM BROTHERS REALTY COMPANY

previously owned the Real Property;

**WHEREAS**, the GRIMM ENTITIES turned over possession of the Real Property to

JCPR and agreed with JCPR in early 2017 to make arrangements for the retrieval of certain

personal property from the basement of the Real Property within a reasonable time period in

early 2017;

**WHEREAS**, a dispute arose between the Parties at the Real Property on two separate

occasions in or about January 2018 and February 2018 leading to certain criminal charges

currently pending against GARY GRIMM before Magisterial District Court 38-2-09 (hereinafter

the "Criminal Charges");

**WHEREAS**, on or about March 6, 2018, JCPR sent the GRIMM ENTITIES Notice

Regarding Abandoned Personal Property pursuant to the Pennsylvania Landlord and Tenant Act

Section 250.505a;

WHEREAS, on or about April 4, 2018, JCPR was advised that the GRIMM ENTITIES had filed bankruptcy;

WHEREAS, the Parties wish to resolve the disputes between and among them without the burdens and risks of further threatened and/or actual litigation;

WHEREAS, the Parties reached a settlement agreement, the terms of which are set forth below; and

WHEREAS, the Parties desire to seek the requisite approval of the bankruptcy court concerning the terms of the settlement agreement.

NOW, THEREFORE, in consideration of the mutual promises, representations, and covenants bargained for and contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1.      **Incorporation of Recitals.** The foregoing clauses are incorporated by reference herein.

2.      **Approval of Bankruptcy Court.** This Agreement shall be contingent upon receipt of approval from the bankruptcy court.

3.      **Retrieval of Personal Property.** The GRIMM ENTITIES shall remove all personal property stored at the Real Property on a mutually agreed upon date and time no later than the date which is three (3) months from the execution of this Agreement by the GRIMM ENTITIES. To the extent that the GRIMM ENTITIES fail to remove all personal property from the Real Property by the required date, JCPR shall have the right to dispose of such personal property without any further notice or liability to the GRIMM ENTITIES.

4. **Agreement to Withdraw Criminal Charges.** Upon execution of this Agreement and approval of the bankruptcy court, JCPR/JOHN CAMPION hereby agrees to withdraw the pending Criminal Charges.

5. **Mutual Release Agreement.** The Parties hereto, on behalf of themselves and their predecessors, successors, assigns, officers, directors, agents, managers, and attorneys do hereby fully remise, release, quitclaim, discharge and acquit each other, and all of their respective successors, assigns, officers, directors, agents, managers and attorneys of and from any and all manner of actions and causes of actions, disciplinary complaints, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever for the recovery of damages or sums due and owing, or any other economic or non-economic losses, including any claims of contribution or indemnity, claims for any fees and/or commissions, claims for consequential or incidental damages, and any other claims which the Parties ever had, now have, or which they may have in the future arising out of, under or because of any cause, matter or thing which has occurred from the beginning of the world to the date of this Agreement, including but not limited to, any pending criminal charges and/or allegations of violation of the bankruptcy stay.

6. **No Admission of Wrongdoing.** The Parties acknowledge that this settlement is the compromise of disputed claims and that the execution of this Agreement and performance of the acts required herein shall not constitute an admission of liability.

7. **Knowing and Voluntary Waiver.** The Parties acknowledge that prior to executing this Agreement they were given the opportunity to consult with independent legal counsel regarding this Agreement. The Parties acknowledge that they sign this Agreement voluntarily, with full knowledge of the nature and consequences of its terms, and they have been given a reasonable opportunity to consider this Agreement before signing it.

8.    **Authority to Execute; Binding Effect.** The Parties respectively affirm on behalf of themselves that all persons executing this Agreement are duly authorized to execute this Agreement of behalf of the respective Parties and all actions as are necessary to approve this Agreement have been taken by them, and no further actions are necessary in order to authorize, approve or effectuate this Agreement except as otherwise set forth herein. This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, shareholders, owners, assigns and principals.

9.    **Governing Law.** All matters arising under or in connection with this Agreement shall be governed and determined by the laws of the Commonwealth of Pennsylvania. The Parties agree that all claims arising out of this Agreement shall be litigated only in the Court of Common Pleas of Montgomery County, Pennsylvania.

10.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which for all purposes shall be deemed to be original and all of which taken together shall constitute one and the same Agreement. A copy of this Agreement shall have the same force and effect as an original.

11.    **Entire Agreement.** This Agreement contains the entire agreement between the Parties hereto and its terms are contractual, and not a mere recital. This Agreement may be amended or modified only by a written instrument duly executed by each of the Parties hereto.


REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

**IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND,** the

Parties have executed this Agreement as of the dates set forth below.

**GRIMM BROTHERS REALTY COMPANY**

By _____          May 4 2018

                                                        Date

Print Name _____Erik Janeau Esq_____

Title _____Attorney in Fact for Gary Grimm_____
_____Pres, Grimm Brothers Realty_____

By _____          May 4 2018
   **GARY GRIMM**                                      Date
   _____Attorney in Fact for Gary Grimm_____

**JCPR, LLC**

By _____          _____
                                                        Date

Print Name _____

Title _____

By _____          _____
   **JOHN CAMPION**                                    Date

**Leo M. Gibbons**

| | |
|---|---|
| **From:** | Keely Brady <kbrady@bradycissnelaw.com> |
| **Sent:** | Wednesday, February 13, 2019 10:53 AM |
| **To:** | Leo M. Gibbons |
| **Subject:** | [EXTERNAL] FW: FOR SETTLEMENT PURPOSES ONLY Resolution- Gary Grimm/Grimm Brother Realty Company |

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**222B Pennsylvania Avenue**
**Oreland, PA  19075**
**267-415-6625 (p)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector.  This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Abigail Leeds <abby@leedslawllc.com>
**Date:** Monday, May 7, 2018 at 9:00 AM
**To:** Keely Brady <kbrady@bradycissnelaw.com>
**Subject:** Re: FOR SETTLEMENT PURPOSES ONLY Resolution- Gary Grimm/Grimm Brother Realty Company

Thanks - I am not sure the Detective will agree to hold off on the withdrawal until there's a bankruptcy court ruling is the only issue.  But we can see how it plays out this morning.  He can always refile them if it goes South.
Abby


Abby Silverman Leeds, Esq.

Office:  610-810-1310
Email:  Abby@LeedsLawLLC.com

LEEDS LAW, LLC
1 East Airy Street
Norristown, PA  19401

C-5

1

Please Leave Me A Google Review by clicking here:  goo.gl/NTmTQo

Link to Online Invoice Payment:  https://secure.lawpay.com/pages/leeds-law-llc/operating

On Mon, May 7, 2018 at 8:57 AM, Keely Brady <kbrady@bradycissnelaw.com> wrote:

Yes, I believe he will attend. I advise him it is fine to sign agreement after Grimm but that agreement requires bankruptcy court approval prior to withdrawal of charges.

Sent from my iPhone

On May 7, 2018, at 8:50 AM, Abigail Leeds <abby@leedslawllc.com> wrote:

Good Morning,
I hope you all had a good day yesterday and fun plans for playing hooky :)  Do you know if your client is going to be at the prelim?
Thanks!
Abby


Abby Silverman Leeds, Esq.

Office:  610-810-1310
Email:  Abby@LeedsLawLLC.com

LEEDS LAW, LLC
1 East Airy Street
Norristown, PA  19401

Please Leave Me A Google Review by clicking here:  goo.gl/NTmTQo

Link to Online Invoice Payment:  https://secure.lawpay.com/pages/leeds-law-llc/operating

Monday, July 9, 2018 at 4:40:19 PM Eastern Daylight Time

**Subject:** Re: Grimm / JCPR
**Date:** Thursday, June 14, 2018 at 2:48:01 PM Eastern Daylight Time
**From:** Keely Brady
**To:** Erik Jensen
**CC:** Elizabeth Pellegrino, Gary Grimm (grimmbrothersrealty@gmail.com)

Erik:

Please advise as to the status of this matter.  Thanks!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
501 Bethlehem Pike
Glenside, PA 19038
267-415-6625 (p)
215-845-0343 (f)
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector.  This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Keely Brady <kbrady@bradycissnelaw.com>
**Date:** Tuesday, June 12, 2018 at 9:59 AM
**To:** Erik Jensen <Erik@jensenbagnatolaw.com>
**Cc:** Elizabeth Pellegrino <Elizabeth@jensenbagnatolaw.com>, "Gary Grimm (grimmbrothersrealty@gmail.com)" <grimmbrothersrealty@gmail.com>
**Subject:** Re: Grimm / JCPR

Hi Erik:

I am following up on the status.  Thanks!!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
501 Bethlehem Pike
Glenside, PA 19038
267-415-6625 (p)
215-845-0343 (f)
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector.  This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to

C-6

this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Erik Jensen <Erik@jensenbagnatolaw.com>
**Date:** Friday, June 8, 2018 at 12:36 PM
**To:** Keely Brady <kbrady@bradycissnelaw.com>
**Cc:** Elizabeth Pellegrino <Elizabeth@jensenbagnatolaw.com>, "Gary Grimm (grimmbrothersrealty@gmail.com)" <grimmbrothersrealty@gmail.com>
**Subject:** RE: Grimm / JCPR

Yes – I am so sorry I didn't get back sooner – Gary needs to sign the stip – I will have this matter ready to file by Tuesday of next week.   All good.

**From:** Keely Brady [mailto:kbrady@bradycissnelaw.com]
**Sent:** Friday, June 08, 2018 12:28 PM
**To:** Erik Jensen
**Cc:** Elizabeth Pellegrino; Akeem Parsons
**Subject:** Re: Grimm / JCPR

Erik – Is there any update on this matter?  Thanks!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**501 Bethlehem Pike**
**Glenside, PA 19038**
**267-415-6625 (p)**
**215-845-0343 (f)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector.  This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Keely Brady <kbrady@bradycissnelaw.com>
**Date:** Wednesday, June 6, 2018 at 1:33 PM
**To:** Erik Jensen <Erik@jensenbagnatolaw.com>
**Cc:** Elizabeth Pellegrino <Elizabeth@jensenbagnatolaw.com>, Akeem Parsons <Akeem@jensenbagnatolaw.com>
**Subject:** Re: Grimm / JCPR

Hi Erik:

Can you please advise as to the status of this matter?  My client is eager to have this matter resolved.

To the extent that your client does not intend to comply with the terms of the Agreement and submit the same to the Court for approval, we would appreciate the professional courtesy so that we can proceed to retain bankruptcy counsel on behalf of our client to move this matter forward.

Thanks!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**501 Bethlehem Pike**
**Glenside, PA 19038**
**267-415-6625 (p)**
**215-845-0343 (f)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector. This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Erik Jensen <Erik@jensenbagnatolaw.com>
**Date:** Wednesday, May 30, 2018 at 10:00 AM
**To:** Keely Brady <kbrady@bradycissnelaw.com>
**Cc:** "Gary Grimm (grimmbrothersrealty@gmail.com)" <grimmbrothersrealty@gmail.com>, Elizabeth Pellegrino <Elizabeth@jensenbagnatolaw.com>, Akeem Parsons <Akeem@jensenbagnatolaw.com>
**Subject:** RE: Grimm / JCPR

I will reach out to him today. He couldn't keep his appointment. I should be able to get it filed by the end of the week.

**From:** Keely Brady [mailto:kbrady@bradycissnelaw.com]
**Sent:** Wednesday, May 30, 2018 9:25 AM
**To:** Erik Jensen
**Subject:** Re: Grimm / JCPR

Erik:

Can you please advise as to the status of this matter? Please let me know what we can do to move this matter forward. Thanks!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**501 Bethlehem Pike**
**Glenside, PA 19038**
**267-415-6625 (p)**
**215-845-0343 (f)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector. This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Erik Jensen <Erik@jensenbagnatolaw.com>
**Date:** Tuesday, May 22, 2018 at 11:20 AM
**To:** Keely Brady <kbrady@bradycissnelaw.com>
**Subject:** Re: Grimm / JCPR

Yes. He couldn't make yesterday. Will fup w him to today.

Sent from my iPhone

On May 22, 2018, at 10:43 AM, Keely Brady <kbrady@bradycissnelaw.com> wrote:

Hi Erik:

Did you get the federal express package yesterday? Please let me know status/next steps. Thanks!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**501 Bethlehem Pike**
**Glenside, PA 19038**
**267-415-6625 (p)**
**215-845-0343 (f)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector. This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

**From:** Keely Brady
**Sent:** Saturday, May 19, 2018 11:18 AM
**To:** 'Erik Jensen' <Erik@jensenbagnatolaw.com>
**Subject:** Grimm / JCPR

Good morning Erik:

I am federal expressing the originally executed Settlement Agreement and Release to your office today for arrival on Monday at 1500 Walnut Street, Suite 1920, Philadelphia, PA 19102.

Please note that your client needs to execute the signature line directly beneath his company's

name as he inadvertently failed to sign on that line.

I prepared a draft stipulation, executed and am enclosing the same along with the Settlement Agreement executed by our clients. You will need to complete the caption information. To the extent the Stipulation is not sufficient, please forward me a revised stipulation which I can execute, scan and email back to you on Monday.

Thanks!!

**Keely Carr Brady, Esq.**

**Brady & Cissne Law**
**501 Bethlehem Pike**
**Glenside, PA 19038**
**267-415-6625 (p)**
**215-845-0343 (f)**
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

This email and its attachments are from a debt collector. This e-mail transmission and any documents, files or previous e-mail messages attached to it are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to info@bradycissnelaw.com and then delete the message and its attachments from your computer. Thank you.

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

In re:                              :    CHAPTER 11
                                    :
Grimm Brothers Realty Co.           :
                    Debtor          :    BANKRUPTCY NO.: 17-13697 MDC

### ORDER AUTHORIZING EMPLOYMENT OF JENSEN BAGNATO, P.C.
### AS COUNSEL TO THE DEBTOR

Upon consideration of the First Amended Application for Authority to Employ Jensen

Bagnato, P.C. as co-counsel, filed by Grimm Brothers Realty Co. ("Debtor"), and upon the

affidavit of Erik B. Jensen, Esquire, and the Court's finding that Jensen Bagnato, P.C.'s

employment is necessary and would be in the best interest of the Debtor's estate, it is by the

United States Bankruptcy Court for the Eastern District of Pennsylvania,

**ORDERED,** that the Application is granted and the Debtor is authorized to employ

Jensen Bagnato, P.C. as its counsel on the terms set forth i n the Application; and it is further

**ORDERED** that Jensen Bagnato, P.C. is to be paid at such compensation as the Court

shall allow, pursuant to proper Application in accordance with In re Busy Beaver Centers, Inc.,

19 F. 3d 33 (3rd Cir. 1994);

BY THE COURT

*Magdeline D. Coe*                          7/18/18

UNITED STATES BANKRUPTCY JUDGE

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: June 28, 2019
ATTEST:

C-7

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| **Grimm Brothers Realty Co.** | : |  |
| Debtor-in-Possession | : | BANKRUPTCY NO.: **17-13697 MDC** |

## FIRST AMENDED APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 OF GRIMM BROTHERS REALTY CO TO EMPLOY JENSEN BAGNATO, P.C. AS COUNSEL

**Grimm Brothers Realty Co.** ("Debtor") hereby files this First Amended Application for Order pursuant to 11 U.S.C. 327 and Federal Rule of Bankruptcy Procedure 2014 to employ **Erik B. Jensen, Esquire** of **Jensen Bagnato, P.C.** as counsel to the Debtor-in-Possession, and respectfully represents as follows:

1.     On May 26, 2017, the Debtor-in-Possession  filed a voluntary petition under chapter 11 of title 11of the United States Code, as amended (the "Bankruptcy Code").  Pursuant to sections 1107 (a) and 1108 of the Bankruptcy Code, the Debtor-in-Possession remains in possession of its property and control of its business as Debtor-in-Possession.

2.     Debtor-in-Possession commenced the instant bankruptcy by and through its current attorney, **Joshua L. Thomas, Esquire**.  The Debtor-in-Possession is not sufficiently familiar with the rights and duties of the Debtor-in-Possession to be able to plan and conduct proceedings without the aid of competent counsel.

3.     The Debtor-in-Possession has made careful and diligent inquiry into the qualifications and competence of the law firm of **Jensen Bagnato, P.C.,** and is advised that **Jensen Bagnato, P.C.,** by reason of ability, integrity and professional experience, is capable of providing proper legal counsel to the Debtor-in-Possession.

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: June 28, 2019
ATTEST: _____
Deputy Clerk
U.S. Bankruptcy Court

C-8

4.    Debtor-in-Possession now seeks to retain **Jensen Bagnato, P.C.** as co-counsel with
      Attorney Thomas from the period of retention, March 26, 2018 through June 26, 2018,
      for the purpose further described in detail below.   A true and correct copy of the
      Agreement for Representation is attached hereto and incorporated by reference as marked
      as Exhibit "A".

### Relief Requested

5.    The Debtor-in-Possession desires engaged the services of **Jensen Bagnato, P.C.** as
      counsel for the Debtor-in-Possession, subject to the approval of the Court.

6.    **Jensen Bagnato, P.C.**, is to render the following professional services:

      A.    To negotiate, settle, prepare, and file  a stipulation on behalf of  the
            Debtor-in-Possession regarding all claims existing between Gary Grimm
            and Grimm Brothers Realty Co., on the one part, and JCPR LLC and John
            Campion, on the other part, arising from JCPR's purchase of 839 Swede
            Street, Norristown, PA 19401 which was foreclosed upon on or about
            December 2016; said services having been performed and the motion for
            approval of said stipulation attached as  Exhibit "B" and incorporated by
            reference as if set forth in full.

      B.    To negotiate and settle tax claims between the Debtor-in-Possession and
            various
            tax authorities as more fully described in the notes of testimony before this
            Honorable Court on or about May 16, 2018 and incorporated by reference;

      C.    Prepare and file an Application for Approval to Employ Realtor, see First
            Amended Application marked as Exhibit "C" as if set forth in full, to sell a
            certain piece of real estate therein described in the Proposed Listing
            Agreement incorporated therein.

D.    To further consult and advise the Debtor-in-Possession for the period of
retention from March 26, 2018 through date June 26, 2018, the date the
Debtor-in-Possession advised that he desired to retain Alex Moretsky as
new counsel to assist in any other matters pertaining to Debtor-in-
Possession legal needs.

## Compensation

6.    **Jensen Bagnato, P.C.** has agreed to perform the work requested and the Debtor-in-
Possession desires to employ **Jensen Bagnato, P.C.** on an hourly basis for representation
as Debtor-in-Possession's counsel in the within uncontested chapter 11 bankruptcy
proceeding per the agreement for services attached hereto and incorporated by reference
and marked as Exhibit "A".

7.    The Fee Agreement between Debtor-in-Possession and **Jensen Bagnato, P.C.**. states
$10,000.00 retainer for representation in an uncontested chapter 11 bankruptcy
proceeding.  Debtor-in-Possession has paid $9,000.00 on March 26, 2018, which was
paid from funds not belong to the Debtor in Possession but paid by its principal from the
principal's private trust funds via a debit card. Said debit card information having been
provided to the U.S. Trustee, Kevin Callahan,  which was deposited into escrow.
Undersigned counsel has asked for proof the source of funds from the principal for the
July 18, 2018 hearing before this Honorable Court.  Undersigned counsel is reasonably
satisfied that funds did not come for the estate of the Debtor-in-Possession, as shown in
its March monthly operating report certifying subject to penalty of perjury signed by Gary
Grimm that shows he advanced $9500.  Given the Operating Reports reflect the Debtor-
in-Possession does not have sufficient income to pay undersigned counsel, undersigned
counsel is reasonably satisfied with the veracity of the principal's statements that he took
the funds from his said trust-retirement account.

8.    The Fee Agreement further indicates that additional fees, beyond the original retainer fee
(i.e. fees incurred due to a contested bankruptcy), will be charged at the current hourly

rate of $350 per hour for an attorney, $275 per hour for work done by associate counsel, and $100 per hour for a paralegal.

9.      **Jensen Bagnato, P.C.** will apply to the Court for allowance of compensation and

reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court simultaneously with submission of this First Amended Application for Employment of Counsel.

## No Connection with Parties in Interest

10.     Except as set forth below, **Jensen Bagnato, P.C.** has no connection with the Debtor-in-Possession, the Debtor-in-Possession's creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee. **Jensen Bagnato, P.C.** has prepared the filings of the within chapter 11 proceeding, including the voluntary petition, schedules, statements, and other documents filed with the Court. **Jensen Bagnato, P.C.** has counseled the Debtor-in-Possession with respect to same and attended the initial Debtor-in-Possession interview. **Jensen Bagnato, P.C.** has prepared the within Application.

## No Adverse Interest

11.     **Jensen Bagnato, P.C.** neither represents nor holds any interest adverse to the Debtor-in-Possession, to its estates, or to the Debtor-in-Possession's creditors in the matters upon which it is to be engaged. Undersigned counsel is satisfied after reasonable investigation that the employment of **Jensen Bagnato, PC** will not present a conflict of interest between the Debtor-in-Possession or any of the parties.

12.     The above-services rendered by Jensen Bagnato, PC have rendered in good faith by undersigned counsel.

13.     Undersigned counsel was retained by the Debtor-in-Possession from March 26, 2018 through June 26, 2018 when he was advised by email that he had employed new

counsel to pursue a difference direction.  Notwithstanding the termination of

employment, undersigned  counsel will continue to represent the Debtor-in-

Possession  to completion  the work for which he  was retained.

14.     **Jensen Bagnato, P.C.** has never provided any services or received any payments

from the Debtor-in-Possession, except for those related to the within bankruptcy

proceeding as set forth in the Application.  As such, all payments received by

**Jensen Bagnato, P.C.** were for the engagement as counsel to Debtor-in-

Possession for the within bankruptcy proceeding, and **Jensen Bagnato, P.C.** had

never been retained by Debtor-in-Possession prior to the within proceeding,

therefore there are no issues of preference payments as contemplated by **Staiano**

**v. Pillowtex, Inc. (In re Pillowtex, Inc.)**, 304 F.3d 246 (3d Cir. Del. 2002).

### Best Interest of the Estate

15.     As set forth above, **Jensen Bagnato, P.C.** satisfies all the requirements for employment as

the Debtor-in-Possession's counsel under the Bankruptcy Code for the aforesaid stated

period of time as outline herein.

16.     The employment of **Jensen Bagnato, P.C.** as the Debtor-in-Possession's counsel has been

in the best interest of the estate.  **Jensen Bagnato, P.C.** is well-qualified to represent the

Debtor-in-Possession as its counsel in this case for the said period of time as outline herein.

**WHEREFORE**, the Debtor-in-Possession respectfully request that the Court enter an order

(i) authorizing it to employ and retain **Jensen Bagnato, P.C.** as counsel for the Debtor-in-

Possession, from March 26, 2018 through June 26, 2018 and (ii) grant such other and further relief

as is just and proper.


                              Respectfully Submitted,

                              **Jensen Bagnato, P.C.**
                              By:/s/<u>Erik B. Jensen</u>
                                  Erik B. Jensen, Esquire
                                  Jensen Bagnato, P.C.
                                  1500 Walnut Street, Suite 1920
                                  Philadelphia, PA 19102
                                  Phone: (215) 546-4700
                                  Fax: (215) 546-7440
                                  **<u>erik@jensenbagnatolaw.com</u>**

Erik B. Jensen, Esquire
Bar Number: 40330
ERIK B. JENSEN, P.C.
1500 Walnut St., Suite 1920
Philadelphia, PA 19102
Phone: (215) 546-4700
Fax: (215) 546-7440
erik@erikjensenlaw.com
Proposed Counsel for the Debtor

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 11 |
| | : |
| Grimm Brothers Realty Co. | : |
| Debtor | : BANKRUPTCY NO.: 17-13697 MDC |

## AFFIDAVIT OF ERIK B. JENSEN PURSUANT TO 11 U.S.C. § 327 AND
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 IN SUPPORT OF
## DEBTOR'S APPLICATION TO EMPLOY ERIK B. JENSEN, P.C. AS COUNSEL

I, Erik B. Jensen, being duly sworn accordingly to law, depose and state as follows:

1. I am a Principal of **Jensen Bagnato, P.C.** ("Applicant"), a law firm with offices at 1500 Walnut Street, Suite 1920, Philadelphia, PA 19102, and I am admitted to practice in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

2. I submit this affidavit pursuant to Federal Rule of Bankruptcy Procedure 2014 in support of Debtor's application (the "Application") to retain **Jensen Bagnato, P.C.** as Counsel.

3. The facts set forth in the Application are true and correct.

4. The Applicant does not hold or represent an interest adverse to the estate and is a disinterested person as that term is defined in 11 U.S.C. § 101(14), except as set forth in the Application.

5. **Jensen Bagnato, P.C.** has no connection with the Debtor and is not an insider or affiliate of the Debtor.

6.  **Jensen Bagnato, P.C.** has never provided any services or received any payments from the Debtor, except for those related to the within bankruptcy proceeding as set forth in the Application. As such, all payments received by **Jensen Bagnato, P.C.** were for the engagement as counsel to Debtor for the within bankruptcy proceeding, and **Jensen Bagnato, P.C.** had never been retained by Debtor prior to the within proceeding, therefore there are no issues of preference payments as contemplated by Staiano v. Pillowtex, Inc. (In re Pillowtex, Inc.), 304 F.3d 246 (3d Cir. Del. 2002).

7.  The fees of **Jensen Bagnato, P.C.** for this matter shall be as set forth in detail within the Application.

8.  After reviewing the facts of the instant matter, undersigned counsel is reasonably satisfied there are not conflicts of interests by being retained by the Debtor in possession.

9.  This Verified Statements are true and correct under the penalty of perjury.


ERIK B. JENSEN, ESQUIRE

Dated: June 29, 2018


COUNTY OF *PHILA*                }
                                 }ss:
STATE OF *PENN*                  }


        Subscribed and sworn before me a Notary Public in and for the County and
State, aforesaid on this 29th day of *June* 2018.


NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
THERESA I. KOTARBA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 8, 2018

## CORPORATE RESOLUTION OF GRIMM REALTY CO.

AND NOW, this _____ day of June 2018, the Board of Directors and shareholders of Grimm Realty Co., met in the offices of Jensen Bagnato P.C., at 1500 Walnut Street, suite 1920. All members and shareholders being present it was agreed to an resolved, that Gary Grimm, president is authorized to employ Erik B. Jensen on behalf of the Corporation as co-counsel for the Corporation's current Chapter 11 proceeding.

_____
Gary Grimm

# EXHIBIT A

**JENSEN BAGNATO, P.C.**
**1500 Walnut Street**
**Suite 1920**
**Philadelphia, PA 19102**
**(215) 546-4700**
**Fax (215) 546-7440**

## FEE DISCLOSURE AND REPRESENTATION AGREEMENT

This Agreement is executed this the _26TH_ day of _MARCH_, 2018 by and between Jensen Bagnato, P.C., located at 1500 Walnut Street, Suite 1920, Philadelphia, PA and _GRIM BROTHERS RCALU_ (the Debtor, whether one or more parties), who reside/s at _837 SWEDE ST NORRISTOWN PA 19401_, Phone _610 850 5051 (CELL)_

_EIN 23-1993380    OFFICE 610 275 5855_
_610 277 7770_

The parties agree as follows:

**Fees and Costs**

**Attorney Fees** (estimated)

Chapter 7       ~~uncontested~~    (complex)
Chapter 13
Chapter 11                                    $10,000

_NEGOTIATIONS W TRUSTEE_

**Court filing fees**

Chapter 7    _WAIWAGE CLAIMS_    $335
Chapter 13   _FILE MOTION FOR_    $310
Chapter 11                          $1,046

_VIOLATION OF AUTOMATIC STAY_

**Costs**

Credit Report    _IN 839 SWEDE &_    $35/65
Document Intake  _202 JACOBY_         $20

Other: _MOTION TO SELL 857 CHESSEN ST._

**Estimated Total**

_SOAR - By client time to Reorganize & Bill ove BK 11 ENTM_

**Payment schedule:**

**TOTAL TO BE PAID PRIOR TO FILING:** _$10,000_

_SEPARATE FEE - NOT RETAINED_

**Payment Terms Prior to Filing:**

_(ANY STATE ACTION TO BE DISCONTINUE BECAUSE OF CLIENT LAST MINUTE RESTRUCTURING AWARE MUST RESTORE )_

**Amount of retainer to be paid through Chapter 13 Plan:**

_- PLAN FEASIBILITY TBD - CLIENT TO PROVIDE ALL REQUESTED DOCUMENTS - STMTS - ETC_

**1.    Attorney obligations and fee disclosure.** JENSEN BAGNATO, P.C. (the "Attorney") may provide services in connection with your case, at our discretion.   The amount listed above should be sufficient to cover the services normally contemplated in a typical bankruptcy case are as follows and ARE INCLUDED IN THE FLAT FEE:

   (a)    Analysis of the debtor's financial situation and giving advice to the debtor in determining whether to file a petition in bankruptcy;

   (b)    Preparation and filing of petition, schedules, statement of affairs, and plan;

   (c)    Representation of the debtor at the Meeting of Creditors and confirmation hearing;

   (d)    Filing documents and pleadings as may be necessary to comply with the statutory requirements for completion of the case;

   (e)    Resolving objections to confirmation, and objections to exemptions related to matters disclosed to counsel pre-petition;

   (f)    Meetings and routine correspondence in connection with the above services.

   Clients may require additional time and assistance in completing their bankruptcy or require extra legal services to address issues which arise during their case.  More typical examples of such non-routine services which ARE NOT INCLUDED IN THE FLAT FEE, include but are not limited to:

   (a)    In any chapter 7 bankruptcy, defending motions for relief from the automatic stay or motions to dismiss;

   (b)    In any chapter 7 bankruptcy, executing reaffirmation agreements or assumptions of leases

   (c)    In any chapter 7 bankruptcy, responding to formal inquires from the Trustee, including any related hearings, meetings, and routine correspondence;

   (d)    In any chapter 13 bankruptcy, defending motions for relief from the automatic stay or motions to dismiss;

   (e)    Objecting to proof of claims from secured, priority, or unsecured creditors;

   (f)    Negotiation with creditors and consultation with clients to resolve issues related nonpayment of post-petition obligations;

   (g)    Attendance of adjourned Meeting of Creditors or bankruptcy hearings, caused or requested by the client(s);

   (h)    Motions to modify the Chapter 13 Plan Post-Confirmation;

   (i)    Motions to appoint realtors and sell free and clear of liens;

   (j)    Motions to determine value of collateral and/or extent of the security interest of a creditor;

   (k)    Motions to avoid liens;

   (l)    Adversary proceedings or litigation related to contested motions.

**2.    Additional fees.** We will track all additional time we expend on your case computed at our current hourly rate and, in the event the time spent on your case exceeds the amount of the estimated fee, we will file fee applications with the Court, which you agree to approve, and we will then be paid directly from the Trustee.

   Our current hourly rate for bankruptcy work, which is subject to change, is $350 per hour for Attorney and $100 per hour for our Legal Assistant(s).

   In those situations, it is possible that additional fees approved by the Court may cause your payment to the Trustee to be increased, or the term of your Chapter 13 plan to be extended.  You agree to increase your plan payments for duration as may be necessary to pay attorney fees.

3.    **Debtor's Obligations.**

    (a)    To provide us with the documents we request;

    (b)    To be accurate and honest;

    (c)    To respond promptly to all letters, emails and telephone calls from the Attorney or any members of staff;

    (d)    To keep the Attorney advised at all times of the Debtor's mailing and physical addresses, telephone numbers, and email addresses;

    (e)    To appear at the first Meeting of Creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other party (Missing these mandatory meetings could result in the incursion of an additional fee);

    (f)    To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.

    (g)    To comply with all items listed in the document titled "YOUR RESPONSIBILITIES AS A CHAPTER 7 (or 13) DEBTOR," which is incorporated hereto by reference.

4.    **Withdrawal by the Attorney.**  The Attorney shall remain the responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court.  The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include but are not limited to, the following:

    (a)    The failure of the Debtor to provide complete, truthful and accurate information to the Attorney or the Court;

    (b)    The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement;

    (c)    The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules;

    (d)    The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 13 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee;

    (e)    If the Debtor are husband and wife, then any separation, serious domestic dispute, or divorce of the parties;

    (f)    Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

    (g)    Failure of the Debtor to comply with all items listed in the document titled "YOUR RESPONSIBILITIES AS A CHAPTER 7 (or 13) DEBTOR," which is incorporated hereto by reference.

5.    **Termination by the Debtor.**  You may terminate us at any time upon giving reasonable notice in writing.  Should you do so, you agree that all amounts paid are nonrefundable, and all legal fees are deemed earned as a flat rate at the time of contract signing.

6.    **First Trustee Payment in Chapter 13.**  The Debtor must be in a position to make the first full Chapter 13 monthly plan payment at the time the Debtor signs the Chapter 13 court papers.  The payment must be paid to the Chapter 13 Trustee no later than 30 days following the filing date of the Debtor's Bankruptcy case.

7.    **Mortgage Payments in Chapter 13.**  The Debtor acknowledges that the contract mortgage payments on their residence cannot be reduced under the Bankruptcy laws but will be paid by including only the pre-filing arrears or back payments in the Plan, with the Debtor being responsible for making all

future mortgage payments directly to the mortgage company.  The Debtor further acknowledges that he/she is in a position to make the regular monthly mortgage payments as they come due following the filing date of the Debtor's Bankruptcy case.

8.    **Additional Fees.**  The Firm shall be entitled to additional fees for services of which are beyond the scope of this agreement.  Fees will be assessed based on an hourly rate and billed within 10th/hour.

**Read, understood and agreed this** 26TH **day of** MARCH **, 201**7**  I hereby acknowledge that all fees paid by me to Jensen Bagnato, P.C. shall be deposited into the general attorney operating account, AND NOT DEPOSITED INTO A TRUST ACCOUNT.**

JENSEN BAGNATO, P.C.

BY: _____

Attorney

Debtor                              _____
                                    Signed

Co-Debtor                           _____
                                    Signed

Debtor Data:                              Co-Debtor Data:

ssn:    _____              ssn:    _____

dob:    _____              dob:    _____

(w)#    _____              (w)#    _____

(c)#    _____              (c)#    _____

email:  _____              email:  _____

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| Grimm Brothers Realty Co. | : | |
| Debtor | : | BANKRUPTCY NO. 17-13697-mdc |

# O R D E R

**AND NOW,** on this _____ day of _____, 2018, upon consideration

of Debtor's Settlement Agreement and Release by and between JCPR, LLC and John Campion

and GRIMM BROTHERS REALTY COMPANY, it is hereby **ORDERED** and **DECREED** that

Debtor's Settlement Agreement and Release is **GRANTED**.


_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                          :        CHAPTER 11
                                                :
Grimm Brothers Realty Co.                       :
         Debtor                                 :        BANKRUPTCY NO. 17-13697-mdc


**DEBTOR'S MOTION TO APPROVE
SETTLEMENT AGREEMENT AND RELEASE**


Debtor, Grimm Brothers Realty Co.  files the foregoing Motion to Approve a Settlement Agreement and Release, and avers as follows:

1. JCPR, LLC purchased the property known as 839 Swede Street, Norristown, PA 19401 (the "Real Property") at a foreclosure sale in or around December 2016.

2. Grimm Brothers Realty Company previously owned the Real Property.

3. Grimm Brothers Realty Company turned over possession of the Real Property to KCPR and agreed with JCPR in early 2017 to make arrangements for the retrieval of certain property. Whereas a dispute arose between the parties at the Real Property leading to certain criminal charges.

4. The parties wish to resolve the disputes between and among them without the burdens and risks of further threatened and/or actual litigation.

5. The parties reached a settlement agreement, the terms of which are set forth in the Settlement Agreement and Release attached hereto as Exhibit "A".


**WHEREFORE,** Debtor requests that the attached Order be granted.


                                        Respectfully submitted,

                                        JENSEN BAGNATO, P.C.
                            By:         /s/ Erik B. Jensen
                                        Erik B. Jensen, Esq.
                                        1500 Walnut St., Suite 1920
                                        Philadelphia, PA 19102
Date: June 30, 2018                     215-546-4700

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    :   CHAPTER 11
                                          :
Grimm Brothers Realty Co.                 :
                              Debtor      :   BANKRUPTCY NO.:  17-13697 MDC

### CERTIFICATE OF SERVICE

I, Erik B. Jensen, do hereby certify that true and correct copies of the Debtor's Motion to Approve Settlement Agreement and Release has been served upon the following interested parties listed on the mailing matrix 30th day of June, 2018.

cc:    **Notice will be electronically mailed to:**

Kevin P. Callahan, Esquire, Trustee           Michael Vagnoni
U.S. Trustee Office                           Obermayer Rebmann Et Al
833 Chestnut Street                           1500 Market Street, Ste 3400
Suite 500                                     Ctr Sq W.
Philadelphia, PA 19107                        Philadelphia, PA 19102

James Wood, Esq.                              George Korkus Jr.
2700 Horizon Drive, Ste 100                   731 Skippack Pike
King of Prussia, PA 19406                     Blue Bell, PA 19422

Steven Kapustin, Esq.                         Joshua Thomas, Esq.
Circa Centre 13th Floor                       225 Wilmington West Chester Pk
2929 Arch Street                              Ste 200
Philadelphia, PA 19104                        Chadds Ford, PA 19317

Alex Moretsky, Esq.                           Grimm Brothers Realty Co.
2617 Huntingdon Pike                          837 Swede Street
Huntingdon Valley, PA 19006                   Norristown, PA 19401

By:/s/ Erik B. Jensen
Jensen Bagnato, P.C.
1500 Walnut St. Suite 1920
Philadelphia, PA 19102

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into as of the _____7 ᵀ ᵏ_____ day of May, 2018 by and between **JCPR LLC** ("JCPR") and **JOHN CAMPION** and **GRIMM BROTHERS REALTY COMPANY** and **GARY GRIMM** (hereinafter referred to jointly as the "**GRIMM Entities**"). JCPR and the **GRIMM ENTITIES** are referred to herein as the "Parties" and individually as a "Party."

### Background

WHEREAS, JCPR purchased the property known as 839 Swede Street, Norristown, PA 19401 (the "Real Property") at a foreclosure sale in or around December 2016;

WHEREAS, upon information and belief, GRIMM BROTHERS REALTY COMPANY previously owned the Real Property;

WHEREAS, the GRIMM ENTITIES turned over possession of the Real Property to JCPR and agreed with JCPR in early 2017 to make arrangements for the retrieval of certain personal property from the basement of the Real Property within a reasonable time period in early 2017;

WHEREAS, a dispute arose between the Parties at the Real Property on two separate occasions in or about January 2018 and February 2018 leading to certain criminal charges currently pending against GARY GRIMM before Magisterial District Court 38-2-09 (hereinafter the "Criminal Charges");

WHEREAS, on or about March 6, 2018, JCPR sent the GRIMM ENTITIES Notice Regarding Abandoned Personal Property pursuant to the Pennsylvania Landlord and Tenant Act Section 250.505a;

WHEREAS, on or about April 4, 2018, JCPR was advised that the GRIMM ENTITIES had filed bankruptcy;

WHEREAS, the Parties wish to resolve the disputes between and among them without the burdens and risks of further threatened and/or actual litigation;

WHEREAS, the Parties reached a settlement agreement, the terms of which are set forth below; and

WHEREAS, the Parties desire to seek the requisite approval of the bankruptcy court concerning the terms of the settlement agreement.

NOW, THEREFORE, in consideration of the mutual promises, representations, and covenants bargained for and contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1.    **Incorporation of Recitals.** The foregoing clauses are incorporated by reference herein.

2.    **Approval of Bankruptcy Court.** This Agreement shall be contingent upon receipt of approval from the bankruptcy court.

3.    **Retrieval of Personal Property.** The GRIMM ENTITIES shall remove all personal property stored at the Real Property on a mutually agreed upon date and time no later than the date which is three (3) months from the execution of this Agreement by the GRIMM ENTITIES. To the extent that the GRIMM ENTITIES fail to remove all personal property from the Real Property by the required date, JCPR shall have the right to dispose of such personal property without any further notice or liability to the GRIMM ENTITIES.

4.      **Agreement to Withdraw Criminal Charges.**  Upon execution of this Agreement and approval of the bankruptcy court, JCPR/JOHN CAMPION hereby agrees to withdraw the pending Criminal Charges.

5.      **Mutual Release Agreement.** The Parties hereto, on behalf of themselves and their predecessors, successors, assigns, officers, directors, agents, managers, and attorneys do hereby fully remise, release, quitclaim, discharge and acquit each other, and all of their respective successors, assigns, officers, directors, agents, managers and attorneys of and from any and all manner of actions and causes of actions, disciplinary complaints, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever for the recovery of damages or sums due and owing, or any other economic or non-economic losses, including any claims of contribution or indemnity, claims for any fees and/or commissions, claims for consequential or incidental damages, and any other claims which the Parties ever had, now have, or which they may have in the future arising out of, under or because of any cause, matter or thing which has occurred from the beginning of the world to the date of this Agreement, including but not limited to, any pending criminal charges and/or allegations of violation of the bankruptcy stay.

6.      **No Admission of Wrongdoing.** The Parties acknowledge that this settlement is the compromise of disputed claims and that the execution of this Agreement and performance of the acts required herein shall not constitute an admission of liability.

7.      **Knowing and Voluntary Waiver.**  The Parties acknowledge that prior to executing this Agreement they were given the opportunity to consult with independent legal counsel regarding this Agreement.  The Parties acknowledge that they sign this Agreement voluntarily, with full knowledge of the nature and consequences of its terms, and they have been given a reasonable opportunity to consider this Agreement before signing it.

8.    **Authority to Execute; Binding Effect.** The Parties respectively affirm on behalf of themselves that all persons executing this Agreement are duly authorized to execute this Agreement of behalf of the respective Parties and all actions as are necessary to approve this Agreement have been taken by them, and no further actions are necessary in order to authorize, approve or effectuate this Agreement except as otherwise set forth herein. This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, shareholders, owners, assigns and principals.

9.    **Governing Law.** All matters arising under or in connection with this Agreement shall be governed and determined by the laws of the Commonwealth of Pennsylvania. The Parties agree that all claims arising out of this Agreement shall be litigated only in the Court of Common Pleas of Montgomery County, Pennsylvania.

10.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which for all purposes shall be deemed to be original and all of which taken together shall constitute one and the same Agreement. A copy of this Agreement shall have the same force and effect as an original.

11.    **Entire Agreement.** This Agreement contains the entire agreement between the Parties hereto and its terms are contractual, and not a mere recital. This Agreement may be amended or modified only by a written instrument duly executed by each of the Parties hereto.


REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND, the

Parties have executed this Agreement as of the dates set forth below.

GRIMM BROTHERS REALY COMPANY

By _____          _____5/7/18_____
                                             Date
Print Name _GARY GRIMM_

Title _OFFICER_

By _____          ___5/7/18___
GARY GRIMM                                   Date


JCPR, LLC

By _____          ___5/7/18___
                                             Date
Print Name _John Campion_

Title _Owner_

By _____          ___5/7/18___
JOHN CAMPION                                 Date

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 93 Document   Filed 06/30/18 Page 60 Entered of 240 06/30/18 11:15:01   Desc
Exhibit Exhibit C - App to Employ Realtor   Page 1 of 19

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | : CHAPTER 11 |
|  | : |
| Grimm Brothers Realty Co. | : |
| Debtor | : BANKRUPTCY NO.:  17-13697 MDC |

### ORDER AUTHORIZING EMPLOYMENT OF GEORGE KORJUS JR. AS RELATOR TO THE DEBTOR

Upon consideration of the First Amended Application for Authority to Employ George Korkus Jr. as Relator, filed by Grimm Brothers Realty Co. ("Debtor"); the Affidavit of George Korkus; and the Court's finding that George Korkus Jr's employment is necessary and would be in the best interest of the Debtor's estate, it is by the United States Bankruptcy Court for the Eastern District of Pennsylvania,

**ORDERED,** that the Application is granted and the Debtor is authorized to employ George Korkus Jr. as its Realtor on the terms set forth in the Application; and it is further

**ORDERED** that George Korkus, Jr. is to be paid at such compensation as the Court shall allow, pursuant to proper Application in accordance with In re Busy Beaver Centers, Inc., 19 F. 3d 33 (3rd Cir. 1994);

BY THE COURT

_____

UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |                                |
|--------------------------|---|--------------------------------|
| In re:                   | : | CHAPTER 11                     |
|                          | : |                                |
| Grimm Brothers Realty Co.| : |                                |
|            Debtor        | : | BANKRUPTCY NO.: 17-13697 MDC   |


## FIRST AMENDED APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 OF GRIMM BROTHERS REALTY CO TO EMPLOY GEORGE KORKUS JR., AS REALTOR

**Grimm Brothers Realty Co.** ("Debtor") hereby files this application for order pursuant to 11 U.S.C. 327 and Federal Rule of Bankruptcy Procedure 2014 to employ George Korkus Jr. as realtor to the Debtor-in Possession, and respectfully represents as follows:

1.    On May 26, 2017, the Debtor-in Possession filed a voluntary petition under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Pursuant to sections 1107 (a) and 1108 of the Bankruptcy Code. The Debtor-in Possession remains in possession of its property and control of its business.

2.    The Debtor-in Possession has made careful and diligent inquiry into the qualifications and competence of George Korkus Jr., and is advised that George Korkus Jr., by reason of ability, integrity and professional experience, is capable of selling the property located at 857 Cherry Street, Norristown, PA 19401.

3.    Debtor-in Possession now seeks to retain George Korkus Jr. as Debtor's realtor.

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 93   Document   Page 63 of 240   Filed 06/30/18 11:15:01   Desc
Exhibit Exhibit C - App to Employ Realtor   Page 4 of 19

### Relief Requested

4.      The Debtor-in Possession desires to engage the services of George Korkus Jr., as realtor, subject to the approval of the Court.

5.      George Korkus Jr. is a professional duly licensed realtor who Debtor-in Possession desires to retain to render the following professional services:

        a.      To market, advertise, and sell 857 Cherry Street, Norristown, PA 19401 according to the standards of a duly licensed realtor under the laws of the Commonwealth of Pennsylvania and as is customary within the industry.

### Compensation

6.      George Korkus Jr. has agreed to perform the work requested and the Debtor-in Possession desires to employ on a commission of six perecent (6%) at time of closing.

7.      The parties have entered into a certain listing agreement attached hereto and marked as Exhibit "A",  incorporated by reference as if set forth in full.

Subject to the Court's approval, George Korkus Jr., will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

### No Connection with Parties in Interest

9.      Except as set forth below, George Korkus Jr.  has no connection with the Debtor-in Possession, the Debtor's creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee or any person employed in the office of the United

States Trustee. **Jensen Bagnato, P.C.** has prepared the within Application and the Application employ said relator to be employed.

## No Adverse Interest

10.  **George Korkus Jr.,** neither represents nor holds any interest adverse to the Debtor as Debtor-in-Possession, or to its estates, or to the Debtor's creditors in the matters upon which it is to be engaged.

11.  **George Korkus Jr.** has never provided any services or received any payments from the Debtor-in Possession, except for those related to the within bankruptcy proceeding as set forth in the Application.

12.  After reasonable investigation, undersigned counsel is satisfied that there is no conflict of interest that would prevent said realtor from competently performing the desired services.

## Best Interest of the Estate

13.  As set forth above, **George Korkus Jr.** satisfies all the requirements for employment as the Debtor's realtor under the Bankruptcy Code.

14.  The employment of **George Korkus Jr.** as the Debtor's realtor is in the best interest of the estate. **George Korkus Jr.** is well-qualified to represent the Debtor-in Possession as its realtor in the sale of 857 Cherry Street, Norristown, PA 19401 in this case having forty (40) years experience and having sold thousands of homes.

**WHEREFORE**, the Debtor-in Possession respectfully requests that the Court enter an order authorizing it to employ and retain **George Korkus Jr.** as realtor for the Debtor-in Possession, and grant such other and further relief as is just and proper.

Respectfully Submitted,

**Jensen Bagnato, P.C.**

By:/s/Erik B. Jensen
      Erik B. Jensen, Esquire
      Bar Number 40330
      Jensen Bagnato, P.C.
      1500 Walnut Street, Suite 1920
      Philadelphia, PA 19102
      Phone: (215) 546-4700
      Fax: (215) 546-7440
      **erik@jensenbagnatolaw.com**
      Proposed Co-Counsel for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 11 |
| | : |
| Grimm Brothers Realty Co. | : |
| Debtor | : BANKRUPTCY NO.: 17-13697 MDC |

### CERTIFICATE OF SERVICE

I, ERIK B. JENSEN, ESQUIRE, do hereby certify that true and correct copies of the Application to Employ Realtor were served upon the below listed interested parties listed on the mailing matrix on the 30th day of June, 2018.

I further certify that true and correct copies of the Proposed Order and Certificate of Service were served upon the below listed interested parties listed on the mailing matrix on the 30th day of June, 2018.

cc:     **Notice will be electronically mailed to:**

Kevin P. Callahan, Esquire, Trustee
U.S. Trustee Office
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Michael Vagnoni
Obermayer Rebmann Et Al
1500 Market Street, Ste 3400
Ctr Sq W.
Philadelphia, PA 19102

James Wood, Esq.
2700 Horizon Drive, Ste 100
King of Prussia, PA 19406

George Korkus Jr.
731 Skippack Pike
Blue Bell, PA 19422

Steven Kapustin, Esq.
Circa Centre 13th Floor
2929 Arch Street
Philadelphia, PA 19104

Joshua Thomas, Esq.
225 Wilmington West Chester Pk
Ste 200
Chadds Ford, PA 19317

Alex Moretsky, Esq.
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

Grimm Brothers Realty Co.
837 Swede Street
Norristown, PA 19401

By:/s/ Erik B. Jensen
Jensen Bagnato, P.C.
1500 Walnut St. Suite 1920
Philadelphia, PA 19102

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 99 Document 06730.87 of 240ed 06/30/18 11:15:01   Desc
Exhibit Exhibit C - App to Employ Realtor   Page 8 of 19

Erik B. Jensen, Esquire
Bar Number: 40330
ERIK B. JENSEN,
P.C.
1500 Walnut St., Suite 1920
Philadelphia, PA 19102
Phone: (215) 546-4700
Fax: (215) 546-7440
erik@erikjensenlaw.com
Proposed Counsel for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

In re:                          :   CHAPTER 11
                                :
Grimm Brothers Realty Co.       :
                    Debtor      :   BANKRUPTCY NO.: 17-13697 MDC

AFFIDAVIT OF GEORGE KORKUS JR., PURSUANT TO 11 U.S.C. § 327 AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY GEORGE KORKUS JR., AS RELATOR

I, Erik B. Jensen, being duly sworn accordingly to law, depose and state as follows:

1. I am a Principal of **George Korkus Jr.,** ("Applicant"), a relator at 731 Skippack Pike, Blue Bell, PA 19422, and I am a relator in the Commonwealth of Pennsylvania.

2. I submit this affidavit pursuant to Federal Rule of Bankruptcy Procedure 2014 in support of Debtor's application (the "Application") to retain **George Korkus Jr., as relator.**

3. The facts set forth in the Application are true and correct.

4. The Applicant does not hold or represent an interest adverse to the estate and is a disinterested person as that term is defined in 11 U.S.C. § 101(14), except as set forth in the Application.

5. **George Korkus Jr.,** has no connection with the Debtor and is not an insider or affiliate of the Debtor.

6.  2.    George Korkus Jr., has never provided any services or received any payments from the Debtor, except for those related to the sale of 857 Cherry Street, Norristown, PA 19041 as set forth in the Application.

8.  This Verified Statements are true and correct under the penalty of perjury.

Dated: June 18, 2018

COUNTY OF

STATE OF
Erik B. Jensen, Esquire

*[signature]*

} MONTGOMERY COUNTY
} ss:
}                    *[signature]*
                    6/19/18

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
John F. O'Hara, Notary Public
Whitpain Twp., Montgomery County
My Commission Expires Aug. 27, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

    Subscribed and sworn fore me a Notary Public in and for the County and State aforesaid this day of, 2018

## CORPORATE RESOLUTION OF GRIMM REALTY CO.

AND NOW, this _____ day of June 2018, the Board of Directors and shareholders of Grimm Realty Co., met in the offices of Remax Central 731 Skippack Pike, Blue Bell. PA 19422. All members and shareholders being present it was agreed to an resolved, that Gary Grimm, president is authorized to employ George Korkus, Jr., on behalf to the Corporation as realtor to sell 857 Cherry Street, Norristown, PA 19401, subject to court approval.

_____
Gary Grimm

# EXHIBIT A

LISTING CONTRACT                                                    XLSC
EXCLUSIVE RIGHT TO SELL AND/OR LEASE COMMERCIAL PROPERTY
This form recommended and approved for, but not restricted to use by, the members of the Pennsylvania Association of Realtors® (PAR).

1  Broker (Company) RE/MAX Central _____ Licensee(s) (Name) George Korkus Jr
2
3  Company Address 731 Skippack Pike, Blue Bell, PA ___ Direct Phone(s) (610) 213-9200
4                  19422                                Cell Phone(s) _____
5  Company Phone (215) 643-3200 _____ Fax (610) 717-3318
6  Company Fax (610) 717-3318 _____ Email georgekorkus@comcast.net
7  Owner _____
8  Grimm Bros Realty Co Inc _____
9  _____
10 _____
11 Company/Entity (if applicable) _____
12 Representative/Authorized Signer Gary Grimm _____ Title Officer of the Corporation
13 Owner's mailing address _____
14 _____
15 Phone _____ Cell Phone _____
16 E-mail _____ Fax _____
17 Owner understands that this Listing Contract is between Broker and Owner.
18 Does Owner have a listing contract for this Property with another broker? [ ] Yes [X] No
19 If yes, explain: _____
20 1. PROPERTY
21    (A) Address 857 Cherry St, Norristown, PA  19401
22        Municipality Norristown _____ County Montgomery
23        Tax Identification #(s) 13-00-08228-003 _____
24        _____
25        Deed Book _____
26        _____ Page _____
27        Zoning Classification & Present Use mixed use,; Residential/commercial. The commercial space of
28        the building can be used for Light Industrial purposes.
29        [ ] A legal description or a description of the Property is attached to this Contract.
30        Units in Property: 5 _____ Units Being Listed: _____
31        Is the Property or any of its units currently leased? [X] Yes [ ] No
32        If yes, explain: _____
33    (B) Inclusions: Included with the Property are items listed here or [ ] listed in a property description sheet attached:
34        _____
35        _____
36        _____
37        _____
38        The Property is not being sold with a business unless otherwise stated here: _____
39        _____
40    (C) Exclusions: Excluded from the Property are items and leased equipment listed here or [ ] listed in the attached property descrip-
41        tion sheet: _____
42        _____
43        _____
44        _____
45 2. STARTING & ENDING DATES OF LISTING CONTRACT(ALSO CALLED "TERM")
46    (A) No Association of Realtors® has set or recommended the term of this contract. Broker/Licensee and Owner have discussed
47        and agreed upon the term of this Contract.
48    (B) Starting Date: This Contract starts when signed and dated by Broker and Owner, unless otherwise stated here: _____
49        _____
50    (C) Ending Date: This Contract ends at 11:59 PM on ___December 31, 2018___ . By law, the term of a listing contract may
51        not exceed one year. If the Ending Date written in this Contract creates a term that is longer than one year, the Ending Date is
52        automatically 364 days from the Starting Date of this Contract.
53 Broker/Licensee Initials: GK _____    XLSC Page 1 of 8    Owner Initials: AH _____

54  **3. DUAL AGENCY**
55  Owner agrees that Broker and Broker's Licensees may also represent the buyer/tenant of the Property. A broker is a Dual Agent when
56  a broker represents both a buyer/tenant and Owner in the same transaction. A Licensee is a Dual Agent when a Licensee represents a
57  buyer/tenant and Owner in the same transaction. All of Broker's licensees are also Dual Agents UNLESS there are separate Designated
58  Agents for a buyer/tenant and Owner. If the same Licensee is designated for a buyer/tenant and Owner, the Licensee is a Dual Agent.
59  Owner understands that Broker is a Dual Agent when a buyer/tenant who is represented by Broker is viewing properties listed by Broker.
60  ☐ **Dual Agency is not applicable.**

61  **4. DESIGNATED AGENCY**
62  Designated Agency is applicable, unless checked below. Broker designates the Licensee(s) above to exclusively represent the interests
63  of Owner. If Licensee is also the buyer/tenant's agent, then Licensee is a DUAL AGENT.
64  ☐ **Designated Agency is not applicable.**

65  **5. LISTED PRICE AND TERMS**
66  (A)Owner is hiring Broker to negotiate the following type of transaction regarding the disposition of the Property:
67  ☒ A sale, for the following price and terms: $295000 _____
68  _____
69  _____
70  _____
71  _____
72  or any other price and terms agreeable to Owner.
73  ☐ A lease, or other tenancy, for the following price and terms described here, or by ☐ an exhibit/addendum outlining lease
74  terms that is attached as part of this Contract, or any other price and terms agreeable to Owner: _____
75  _____
76  _____
77  _____
78  _____
79  _____
80  (B)Reasonable marketing expenses will be paid by Broker as follows: _____
81  _____
82  _____
83  _____
84  _____
85  (C)Reasonable marketing expenses will be paid by Owner as follows: _____
86  _____
87  _____
88  _____
89  _____

90  **6. BROKER'S DUTY**
91  (A)Broker is engaged as Owner's sole Owner Agent (Listing Agent) as described in the Consumer Notice to represent Owner, to mar-
92  ket the Property, and to procure buyers and/or tenants for the Property. Broker will use reasonable diligence and care to procure
93  buyers and/or tenants for the Property.
94  (B)Broker will not, unless otherwise agreed to in a separate, written agreement, provide management, repair, collection, legal, tax, or
95  other services.

96  **7. OWNER'S DUTY**
97  (A)Owner will not enter into another listing contract for the Property(s) identified in Paragraph 1 with another broker that begins
98  before the Ending Date, or any extensions, of this Contract.
99  (B)Owner will cooperate with Broker to facilitate the sale and/or lease of the Property.
100 (C)All showings, negotiations and discussions about the sale, lease, or other tenancy of the Property will be done by Broker on Owner's
101 behalf. All written or oral inquires that Owner receives or learns of regarding the Property, regardless of the source, will be referred to Broker.
102 (D)Within ___3___ days of the Starting Date of this Contract, Owner will provide to Broker:
103 1. Copies of all leases, subleases, rental agreements, option rights, rights of first refusal, rights of first offer, or other documents
104 containing any other limitations on Owner's ability to finalize a sale or lease of the Property, including any changes to these
105 after the original delivery of this information.
106 2. If available to Owner, copies of building plans, inspection reports, and environmental surveys. If the transaction is a sale,
107 Owner will also deliver to Broker, within ____ days of the Starting Date of this Contract, available title reports, boundary sur-
108 veys, and existing notes and mortgages that may continue to affect the Property after settlement.

109 Broker/Licensee Initials _____        XLSC Page 2 of 8        Owner Initials _____

Gary Grimm

110 (E) Owner will not permit any real estate signs, other than those belonging to Broker, to be placed on the Property during the term of
111 this Contract,
112 (F) Owner has full responsibility for maintenance, repair, replacement, operation, and security of the Property. Broker will not be
113 liable for any loss, damage, or injury to the Property or to Owner, any current tenants of the Property, any buyer, prospective
114 buyer, tenant, prospective tenant, or any other person, including those that may occur as a result of Broker's use of a lock box.
115 Owner will hold harmless Broker, Licensee, Broker's employees and agents, and will indemnify such persons and entities from
116 and against all claims,suits, and liability as may arise from property damage or injuries that occur on or about the Property,
117 including judgments, costs of defense, attorneys' fees, and settlement. Owner hereby releases and relieves Broker, and waives
118 Owner's entire right of recovery against Broker, for direct or consequential loss or damage arising out of or incident to the perils
119 covered by insurance carried by Owner, whether or not due to the negligence of Broker.

120 **8. BROKER'S FEE**
121 (A)The Broker's Fee has been determined as a result of negotiations between Broker and Owner and has not been established or rec-
122 ommended by any Association of Realtors®, or by any other organization or individual.
123 (B) Broker's Fee in the case of a sale is _____5.000_____ % of the gross purchase price of real property, AND $ NA _____
124 AND _____NA_____ % of the gross purchase price of personal property, unless otherwise stated here: If George Korkus Jr sells
125 the property himself commission will 4%    IF GIVCABean buys the
126 Property Thru George Korkus commission will be 3% or
127 a dual agent.
128
129 (C) Broker's Fee in the case of a lease is _____NA_____ % of all rent to be collected from tenant AND $ _____
130 unless otherwise stated here: _____
131 _____
132 _____
133 _____
134 (D) Broker's Fee for any options, renewals, extensions, expansions, or any other continued tenancy is _____NA_____ % of the rent to
135 be collected AND $ _____ , unless otherwise stated here: _____
136 _____
137 _____
138 _____

139 **9. COOPERATION WITH OTHER BROKERS**
140 Licensee(s) has explained Broker's company policies about cooperating with other brokers. Broker and Owner agree that Broker will
141 pay from Broker's Fee a fee to another broker who procures the buyer and who:
142 (A) [X] Represents Owner (SUBAGENT). Broker will pay _2.5%_____ off/from the sale price in the
143 event of a sale or _na_____ off/from the lease value in the event of a lease.
144 (B) [X] Represents the buyer or tenant (BUYER'S AGENT). Broker will pay _2.5%_____ off/from the
145 sale price in the event of a sale or _na_____ off/from the lease value in the event of a lease.
146 A buyer's Agent, even if compensated by Broker for Owner, will represent the interests of the buyer/tenant.
147 (C) [ ] Does not represent either Owner or a buyer/tenant (TRANSACTION LICENSEE). Broker will pay
148 _____ off/from the sale price in the event of a sale or _____ off/from
149 the lease value in the event of a lease.
150 (D) [ ] Broker will pay _na_____ off/from the renewal value for all lease renewals.

151 **10. PAYMENT OF BROKER'S FEE**
152 (A)If Sale or Lease Occurs
153 1. **Owner will pay Broker's Fee if the Property, or any ownership interest in it, is sold, leased, or exchanged at the listed**
154 **price or any price acceptable to Owner, during the term of this Contract, by Broker, Licensee, Owner, or by any other**
155 **person or broker.**
156 2. Owner will pay Broker's Fee if negotiations that are pending at the Ending Date of this Contract result in a sale, lease or other tenancy.
157 3. In the case of a sale, Broker's Fee will be paid upon delivery of the deed or other evidence of transfer of title or interest. If the
158 transaction involves an installment contract, then Broker's Fee will be paid upon the execution of the installment contract. In
159 the case of a lease, Broker's Fee will be paid upon execution of a lease by Owner and a tenant.
160 4. Owner will pay Broker's Fee in United States currency. If Owner fails to pay Broker any amount when due under this Contract,
161 then the amount owed will bear interest at the rate of 15 percent per year.
162 5. Owner will pay Broker's Fee after the Ending Date of this Contract IF:
163 a. The Property is sold, leased, or exchanged in whole or in part within _90_ days of the Ending Date, AND
164 b. The Property was presented to buyer/tenant, or buyer/tenant negotiated to buy or lease the Property, during the term of this
165 Contract. Owner will not owe Broker's Fee under the provisions of this paragraph 10(A) if, after the expiration of this Contract,
166 Owner has entered into an exclusive right to sell or lease contract for the Property with another broker at the time of the sale.

167 Broker/Licensee Initials: _GAK/_____        XLSC Page 3 of 8        Owner Initials: _AK/_____

168  (B)**If Sale or Lease Does Not Occur**
169      In the event of any of the following, Broker's Fee will be calculated on the listed price of the Property. Owner will pay Broker's
170      Fee when:
171      1. **A ready, willing, and able buyer, or in the case of a lease or other tenancy, a ready, willing, and able tenant, is found by**
172      **Broker or by anyone, including Owner.** A willing buyer is one who will buy the Property at the price and terms stated in this
173      Contract, or at any other price and terms agreeable to Owner. A willing tenant is one who will lease the Property at the price
174      and terms stated in this Contract, or at any other price and terms agreeable to Owner.
175      2. The Property, or any part of it, is taken by any government for public use (Eminent Domain) which makes the Property unmar-
176      ketable in its total state as offered in this Contract.
177      3. The Property, or an interest in it, is voluntarily or involuntarily donated or transferred.
178      4. Owner is a partnership, joint venture, limited liability company, corporation, trust or other entity, and any interest in Owner is
179      voluntarily or involuntarily sold, contributed, conveyed, or transferred to another person or entity that, as of the date of this
180      Contract, does not have any ownership interest in Owner.
181      5. Owner withdraws the Property from the market; acts as if the Property is not on the market; breaches, terminates or cancels this
182      Contract; causes or allows the Property to be made unmarketable or to be reduced in value; or fails to do the things required of
183      Owner in the Agreement of Sale or Lease.
184  (C)**In Case of Buyer/Tenant Default**
185      If a buyer/tenant enters into an Agreement of Sale or Lease, then refuses to buy or rent the Property, or if the buyer/tenant is unable
186      to buy or rent because of failing to do the things required of the buyer/tenant in the Agreement of Sale or Lease, Owner will pay
187      Broker:
188      1. 0 _____ of/from monies paid by buyer/tenant on account of the transaction, including, but not lim-
189      ited to, extension fees, option payments, liquidated damages, judgments, etc, OR
190      2. Broker's Fee, whichever is less.
191  (D)**Successors and Assigns**
192      If a buyer/tenant under a lease for which a Broker's Fee is payable under this Contract, its successors or assigns, or any agent,
193      officer, employee or shareholder of a buyer/tenant purchases the Property, whether strictly in accordance with the terms of any
194      option, right of first refusal, similar right or otherwise during the term of the lease, any extension thereof, or within _____ days
195      after the expiration thereof, then Owner will pay the Broker's Fee in Paragraph 8(B).
196  **11. BROKER'S FEE IF TENANT BUYS PROPERTY**
197      The Broker's fee if a tenant procured by Broker buys the Property is __NA_____
198      of/from the sale price and paid by Owner at settlement.
199  **12. BROKER NOT RESPONSIBLE FOR DAMAGES**
200      Owner agrees that Broker and Broker's Licensee(s) are not responsible for any damage to the Property or any loss or theft of personal
201      goods from the Property unless such damage, loss or theft is solely and directly caused by Broker or Broker's Licensee(s).
202  **13. BROKER INDEMNIFICATION**
203      Owner hereby agrees that if any claims for brokerage commissions or fees are ever made against Owner and/or Broker in connection
204      with this transaction, each party shall pay its own legal fees and costs in connection with such claims. It is further agreed that Owner
205      will indemnify and hold harmless Broker from and against the non-performance of this Agreement by Owner or by a buyer/tenant,
206      and from any claim of loss or claim for brokerage commissions, including all legal fees and costs, that may be made by any person
207      or entity. This paragraph shall survive settlement.
208  **14. CONFIDENTIALITY**
209      Owner understands that a buyer/tenant or buyer/tenant's representatives might not treat the existence, terms or conditions of any offer
210      as confidential unless there is a confidentiality agreement between Owner and buyer/tenant.
211  **15. DEPOSIT MONEY**
212      (A)Broker, if named in an agreement of sale, will keep all deposit monies paid by or for the buyer in an escrow account until the sale
213      is completed, the agreement of sale is terminated, or the terms of a prior written agreement between the buyer and Owner have
214      been met. This escrow account will be held as required by real estate licensing laws and regulations. Buyer and Owner may name
215      a non-licensee as the escrow holder, in which case the escrow holder will be bound by the terms of the escrow agreement, if any,
216      not by the Real Estate Licensing and Registration Act. Owner agrees that the person keeping the deposit monies may wait to
217      deposit any uncashed check that is received as deposit money until Owner has accepted an offer.
218      (B)Broker, if named in a lease, will keep all deposit monies paid by or for the tenant in an escrow account until the tenancy ends,
219      the lease is terminated, or the terms of a prior written agreement between the tenant and Owner have been met. This escrow
220      account will be held as required by real estate licensing laws and regulations. Tenant and Owner may name a non-licensee as the
221      escrow holder, in which case the escrow holder will be bound by the terms of the escrow agreement, if any, not by the Real Estate
222      Licensing and Registration Act. Owner agrees that the person keeping the deposit monies may wait to deposit any uncashed check
223      that is received as deposit money until Owner has accepted the lease.
224      (C)Regardless of the apparent entitlement to deposit monies, Pennsylvania law does not allow a Broker holding deposit monies to
225      determine who is entitled to the deposit monies when settlement does not occur. Broker can only release the deposit monies:

226  Broker/Licensee Initials: _SAtL_        XLSC Page 4 of 8        Owner Initials: _____

227      1. If an agreement of sale is terminated prior to settlement and there is no dispute over entitlement to the deposit monies. A writ-
228      ten agreement signed by both parties is evidence that there is no dispute regarding deposit monies.
229      2. If, after Broker has received deposit monies, Broker receives a written agreement that is signed by Buyer and Seller, directing
230      Broker how to distribute some or all of the deposit monies.
231      3. According to the terms of a final order of court.
232      4. According to the terms of a prior written agreement between Buyer and Seller that directs the Broker how to distribute the
233      deposit monies if there is a dispute between the parties that is not resolved.
234   (D)Owner agrees that if Owner names Broker or Broker's licensee(s) in litigation regarding deposit monies, the attorneys' fees and
235   costs of the Broker(s) and licensee(s) will be paid by Owner.

236 **16. BROKER'S SERVICE TO OTHER PARTIES**
237   Broker may provide services to a buyer/tenant for which Broker may accept a fee. Such services may include, but are not limited to:
238   document preparation; ordering certifications required for closing; financial services; title transfer and preparation services; ordering
239   insurance, construction, repair, or inspection services.

240 **17. OTHER PROPERTIES**
241   Owner agrees that Broker may list other properties for sale or rent and that Broker may show and sell other properties to prospective
242   buyers/tenants.

243 **18. ADDITIONAL OFFERS**
244   Unless prohibited by Owner, if Broker is asked by a buyer or another licensee(s) about the existence of other offers on the Property,
245   Broker will reveal the existence of other offers and whether they were obtained by the Licensee(s) identified in this Contract, by anoth-
246   er Licensee(s) working with Broker, or by a licensee(s) working for a different Broker. ONCE OWNER ENTERS INTO AN
247   AGREEMENT OF SALE OR LEASE, BROKER IS NOT REQUIRED TO PRESENT OTHER OFFERS.

248 **19. PROPERTY INFORMATION**
249   Owner is hereby advised of Owner's duty to disclose known material defects and conditions about the Property. If the Property con-
250   tains not less than one and not more than four residential dwelling units Owner may be required by the Real Estate Seller Disclosure
251   Law (68 C.S. §7301 et seq.) to disclose these defects and conditions on a separate disclosure statement.
252   (A)Within 5 days of the Starting Date of this Contract, Owner will ( ☐ will not) deliver a completed Property Information Sheet to
253   Broker.
254   (B)Owner represents and warrants that there are no known material defects or environmental hazards affecting the Property includ-
255   ing, but not limited to, contamination by radon gas, asbestos, polychlorinated biphenyls, underground storage tanks, or petroleum
256   products, except as noted on a separate disclosure statement or as follows: _____
257   _____
258   _____
259   (C)Owner hereby agrees to indemnify, defend (with counsel reasonably acceptable to Broker), and hold Broker harmless against
260   claims, actions, suits, liabilities, costs, and expenses arising out of Owner's failure to disclose known material defects and condi-
261   tions, including judgments, costs of defense, attorneys' fees, and settlement. This clause will survive the Contract.

262 **20. OWNER REPRESENTATIONS**
263   Owner represents and warrants that:
264   (A)Owner, or each person signing this Contract on behalf of Owner, has the full right, power and authority to execute this Contract as
265   or on behalf of Owner;
266   (B)Owner owns the Property and/or has the full right, power, and authority to complete the sale or lease as provided in this Contract;
267   (C)Neither Owner nor the Property is the subject of a bankruptcy, insolvency, probate, or conservatorship proceeding;
268   (D)Owner has no notice or knowledge that any tenant or sub-tenant of the Property, if any, is the subject of a bankruptcy or insolvency
269   proceeding;
270   (E)There are no effective, valid, or enforceable option rights, rights of first refusal, rights of first offer, or any other restrictions, imped-
271   iments, or limitations on Owner's right, ability, and capacity to complete a sale or lease of the Property, except as disclosed in writ-
272   ing as required in Paragraph 7(D).
273   (F)If the transaction is a sale, Owner is legally able to sell the Property with a fee simple title, free and clear, except as follows (addi-
274   tional mortgage, equity loans, debts, liens, judgments, or taxes in arrears, municipal notices or assessments received, mineral rights
275   agreements, etc. _____
276   _____
277   _____
278   (G)This Property is not subject to preferential tax treatment unless otherwise indicated here: _____
279   _____
280   _____
281   _____
282   **If this Property is subject to preferential tax treatment, Owner should seek advice from legal and financial experts.**

283  Broker/Licensee Initials:_____    XLSC Page 5 of 8    Owner Initials:_____

284  **21. RECOVERY FUND** Pennsylvania has a Real Estate Recovery Fund (the Fund) to repay any person who has received a final court
285  ruling (civil judgment) against a Pennsylvania real estate licensee because of fraud, misrepresentation, or deceit in a real estate trans-
286  action. The Fund repays persons who have not been able to collect the judgment after trying all lawful ways to do so. For complete
287  details about the Fund, call (717) 783-3658, or (800) 822-2113 (within Pennsylvania), and (717) 783-4854 (outside Pennsylvania).

288  **22. NOTICE TO PERSONS OFFERING TO SELL OR RENT HOUSING IN PENNSYLVANIA**
289  Federal and state laws make it illegal for a seller, a broker, or anyone to use RACE, COLOR, RELIGION or RELIGIOUS CREED,
290  SEX, DISABILITY (physical or mental), FAMILIAL STATUS (children under 18 years of age), AGE (40 or older), NATIONAL ORI-
291  GIN, USE OR HANDLING/TRAINING OF SUPPORT OR GUIDE ANIMALS, or the FACT OF RELATIONSHIP OR ASSOCIA-
292  TION TO AN INDIVIDUAL KNOWN TO HAVE A DISABILITY as reasons for refusing to sell, show, or rent properties, loan
293  money, or set deposit amounts, or as reasons for any decision relating to the sale of property.

294  **23. TRANSFER OF THIS CONTRACT**
295  (A) Owner agrees that Broker may transfer this Contract to another broker when:
296      1. Broker stops doing business, OR
297      2. Broker forms a new real estate business, OR
298      3. Broker joins his business with another.
299  (B) Broker will notify Owner immediately in writing if Broker transfers this Contract to another broker. Owner will follow all require-
300  ments of this Contract with the new broker.

301  **24. ALTERNATIVE TRANSACTION** If the sale or lease of the Property changes to any other transaction, including but not limited to
302  sale, lease, exchange, option to buy, right of first refusal, ground lease, sublease or assignment of lease, or expansion or relocation of
303  Tenant in any other property of Owner, then Broker will be Owner's sole and exclusive Agent for the transaction and will represent
304  Owner under the terms and conditions of this Contract.

305  **25. CONFLICT OF INTEREST**
306  It is a conflict of interest when Broker or Licensee has a financial or personal interest in the property and/or cannot put Owner's inter-
307  ests before any other. If Broker, or any of Broker's licensees, has a conflict of interest, Broker will notify Owner in writing in a timely
308  manner.

309  **26. ENTIRE CONTRACT**
310  This Contract is the entire agreement between Broker and Owner. Any verbal or written agreements that were made before are not a
311  part of this Contract.

312  **27. CHANGES TO THIS CONTRACT**
313  All changes to this Contract must be in writing and signed by Broker and Owner.

314  **28. MARKETING OF PROPERTY**
315  (A) Where permitted, Broker, at Broker's option, may use: for sale sign, lock box, key in office, open houses and advertising in all
316  media, including print and electronic, photographs and videos, unless otherwise stated here: _____
317  _____
318      1. ☐ Owner does not want the listed Property to be displayed on the Internet.
319        ☐ Owner does not want the address of the listed Property to be displayed on the Internet.
320      2. Owner understands and acknowledges that, if the listed Property is not displayed on the Internet, consumers who conduct
321        searches for listings on the Internet will not see information about the listed Property in response to their search.
322  (B) Owner understands and acknowledges that, if an open house is scheduled, the property address may be published on the Internet
323  in connection with the open house.
324  (C) There are many ways of marketing properties electronically. Some brokers may use a virtual office website (also known as
325  "VOW") or Internet data exchange (also known as "IDX"), which are governed by specific rules and policies. Owners have the
326  right to control some elements of how their property is displayed on a VOW and/or IDX website(s). Owner elects to have the fol-
327  lowing features disabled or discontinued for VOW and IDX websites (check all that apply):
328      ☒ Comments or reviews about Owner's listings, or a hyperlink to such comments or reviews, in immediate conjunction with
329        Owner's listing.
330      ☒ Automated estimates of the marketing value of Owner's listing, or a hyperlink to such estimates, in immediate conjunction with
331        Owner's listing.
332  (D) Marketing Services
333      ☐ Broker will not use a Multiple Listing Service (MLS), Commercial Information Exchange (CIE) or other distribution methods
334        to advertise the Property to other real estate brokers and salespersons.
335      ☒ Broker will use the following to advertise the Property to other real estate brokers and salespersons (check all that apply):
336        ☒ MLS
337        ☐ CIE
338        ☒ Other distribution methods
339  (E) Owner agrees that Broker and Licensee, and the MLS, CIE or other distribution methods are not responsible for mistakes in adver-
340  tising of the Property.
341  (F) Other _____

342  Broker/Licensee Initials: _GA/_____        XLSC Page 6 of 8        Owner Initials: _JJ/_____

343 **29. PUBLICATION OF SALE PRICE**
344     Owner is aware that the MLS, CIE, newspapers, websites, and other media may publish the final sale price of the Property.
345 **30. TAXES & ASSESSMENTS**
346     (A) At settlement, Owner will pay one-half of the total Real Estate Transfer Taxes, unless otherwise stated here: _____
347     _____
348     (B) Yearly Property Taxes $ _____    Property Assessed Value $ _____
349     (C) Is the property preferentially assessed (including a tax abatement)?    ☐ Yes    ☐ No
350         If applicable, how many years remain? _____
351     (D) Municipality Assessments $ _____
352 **31. TITLE & POSSESSION**
353     (A) Owner will give possession of Property to a buyer at settlement, or on _____
354     (B) At settlement, Owner will transfer full rights of ownership (fee simple) to a buyer except as follows:
355       ☐ Oil    ☐ Gas    ☐ Mineral    ☐ Coal    ☐ Other
356     If checked, please explain: _____
357     _____
358     (C) Owner has, as of the date of this Agreement:
359       ☐ First mortgage with _____    Amount of balance $ _____
360       Address _____
361       Phone _____    Acct. # _____
362       ☐ Second mortgage with _____    Amount of balance $ _____
363       Address _____
364       Phone _____    Acct. # _____
365       ☐ Line of credit with _____    Amount of balance $ _____
366       Address _____
367       Phone _____    Acct. # _____
368       ☐ Owner authorizes Broker to receive mortgage payoff and/or line of credit payoff information from lender(s).
369     (D) Owner has, as of the date of this Agreement:
370       ☐ Judgments $ _____    ☐ Past Due Municipal Assessment $ _____
371       ☐ Past Due Property Taxes $ _____    ☐ Federal Tax Liens $ _____
372       ☐ State Tax Liens $ _____    ☐ Other: _____
373     (E) Owner immediately will notify Broker in the event any of the above information sufficiently changes to render it materially inac-
374     curate. This includes, but is not limited to, the satisfaction of a mortgage, a change in account number, the refinance of a mortgage,
375     and the entry of a new tax lien.
376 **32. BUYER FINANCING** Owner will accept the following arrangements for buyer to pay for the Property:
377     ☒ Cash    ☒ Conventional mortgage    ☐ Other _____
378 **33. BANKRUPTCY** Owner will notify Broker immediately in the event the Property comes under the jurisdiction of a bankruptcy court.
379     If Owner is the subject of bankruptcy, Owner will take all steps necessary to obtain court approval of Broker's appointment to sell or
380     lease the Property, unless Broker elects to terminate this Contract upon notice of the bankruptcy.
381 **34. COPYRIGHT**
382     In consideration of Broker's efforts to market Owner's Property as stated in this Contract, Owner grants Broker a non-exclusive, world-
383     wide license (the "License") to use any potentially copyrightable materials (the "Materials") which are related to the Property and pro-
384     vided by Owner to Broker or Broker's representative(s). The Materials may include, but are not limited to: photographs, images, video
385     recordings, virtual tours, drawings, written descriptions, remarks, and pricing information related to Owner's Property. This License
386     permits Broker to submit the Materials to one or more Multiple Listing Services, Commercial Information Exchanges or other distri-
387     bution methods, to include the Materials in compilations of property listings, and to otherwise distribute, publicly display, reproduce,
388     publish and produce derivative works from the Materials for any purpose that does not conflict with the express terms of this Contract.
389     The License may not be revoked by Owner and shall survive the ending of this Contract. Owner also grants Broker the right to sub-
390     license to others any of these rights granted to Broker by Owner. Owner represents and warrants to Broker that the License granted to
391     Broker for the Materials does not violate or infringe upon the rights, including any copyrights, of any person or entity. Owner under-
392     stands that the terms of the License do not grant Owner any legal right to any works that Broker may produce using the Materials.
393 **35. NOTICE BEFORE SIGNING**
394     When signing by both parties, this is a legal contract. Owner acknowledges that Broker has advised Owner to consult and retain experts
395     to advise and represent Owner concerning the legal and tax effects of this Contract and the completion of the sale, lease, or alternative
396     transaction, as well as the condition and/or legality of the Property, including, but not limited to, the Property's improvements, equip-
397     ment, soil, tenancies, title and environmental aspects. Broker will have no obligation to investigate any such matters unless expressly
398     agreed to in writing by Broker and Owner. Owner further acknowledges that in determining the financial soundness of any prospec-
399     tive buyer, tenant, or security offered, Owner will rely solely on Owner's own investigation, regardless of Broker's assistance in gath-
400     ering information.
401 Broker/Licensee Initials _GAL_____    XLSC Page 7 of 8    Owner Initials: _AH____

402 36. SPECIAL CLAUSES
403     (A) The following are part of this Listing Contract if checked:
404         ☐ Commercial Property Information Sheet (PAR Form CPI)
405         ☐ Consumer Services Fee Addendum (PAR Form CSF)
406         ☐ Vacant Land Addendum to Listing Contract (PAR Form VLA)
407         ☐ Short Sale Addendum (PAR Form SSL)
408         ☐ _____
409         ☐ _____

410     (B) Additional Terms:
411
412
413
414
415
416
417
418
419
420
421
422
423
424
425
426    _____ Owner has read the Consumer Notice, where applicable, as adopted by the State Real Estate Commission at 49 Pa.
427    Code §35.336.
428    _____ Owner has received the Seller's Property Disclosure form and agrees to complete and return to Listing Broker in
429    a timely manner, if warranted.
430    _____ Owner has received the Lead-Based Hazards Disclosure form and agrees to complete and return to Listing Broker
431    in a timely manner, if warranted.

432 Owner has read the entire Contract before signing. Owner must sign this Contract.

433 Owner gives permission for Broker to send information about this transaction to the fax number(s) and/or e-mail address(es) listed. Return
434 of this Agreement, and any addenda and amendments, including return by electronic transmission, bearing the signatures of all parties,
435 constitutes acceptance by the parties. This Contract may be executed in one or more counterparts, each of which shall be deemed to be an
436 original and which counterparts together shall constitute one and the same Agreement of the Parties.

437 NOTICE BEFORE SIGNING: IF OWNER HAS LEGAL QUESTIONS, SELLER IS ADVISED TO CONSULT A PENNSYLVA-
438 NIA REAL ESTATE ATTORNEY.

439 OWNER _____    DATE 03/20/2018

440 OWNER _____Gary Grimm OFFICER_____    DATE 3/28/18

441 OWNER _____    DATE _____

442 BROKER (Company Name) RE/MAX Central

443    AUTHORIZED PERSON _____    DATE 03/20/2018
       George Korkus Jr

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com          Gary Grimm

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

In re:                              : CHAPTER 11
                                    :
Grimm Brothers Realty Co.           :
                Debtor              : BANKRUPTCY NO.: 17-13697 MDC

### CERTIFICATE OF SERVICE

I, ERIK B. JENSEN, ESQUIRE, do hereby certify that true and correct copies of the First Amended Application to Employ Counsel were served upon the below listed interested parties listed on the mailing matrix on the 30th day of June, 2018.

I further certify that true and correct copies of the Proposed Order and Certificate of Service were served upon the below listed interested parties listed on the mailing matrix on the 30th day of June, 2018.

cc:     **Notice will be electronically mailed to:**

Kevin P. Callahan, Esquire, Trustee            Michael Vagnoni
U.S. Trustee Office                            Obermayer Rebmann Et Al
833 Chestnut Street                            1500 Market Street, Ste 3400
Suite 500                                      Ctr Sq W.
Philadelphia, PA 19107                         Philadelphia, PA 19102

James Wood, Esq.                               George Korkus Jr.
2700 Horizon Drive, Ste 100                    731 Skippack Pike
King of Prussia, PA 19406                      Blue Bell, PA 19422

Steven Kapustin, Esq.                          Joshua Thomas, Esq.
Circa Centre 13th Floor                        225 Wilmington West Chester Pk
2929 Arch Street                               Ste 200
Philadelphia, PA 19104                         Chadds Ford, PA 19317

Alex Moretsky, Esq.                            Grimm Brothers Realty Co.
2617 Huntingdon Pike                           837 Swede Street
Huntingdon Valley, PA 19006                    Norristown, PA 19401

By:/s/ Erik B. Jensen
Jensen Bagnato, P.C.
1500 Walnut St. Suite 1920
Philadelphia, PA 19102

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                   :        CHAPTER 7
                                         :
GRIMM BROTHERS REALTY CO.                :
                                         :        Case No. 15-12921 (MDC)
                        Debtor           :
                                         :

### ORDER APPROVING REQUEST FOR EXPEDITED CONSIDERATION OF DEBTOR'S COMBINED MOTION (1) FOR LEAVE TO FILE A CHAPTER 11 BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE

AND NOW, this ___ day of January, 2017, upon consideration of the Debtor's request for

expedited consideration of its Combined Motion (1) FOR LEAVE TO FILE A CHAPTER 11

BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF

PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE (the

"Motion"), and sufficient cause appearing therefore, it is hereby ORDERED that

1.       The request for expedited consideration of the Motion is hereby APPROVED and

a hearing on the Motion is scheduled for _February 1st____, 2017 at _1_ a.m. p.m. in

the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street,

Courtroom No. 2, Philadelphia, Pennsylvania 19107.

2.       Any party objecting to the Motion or otherwise who wishes to be heard need not

file a written objection, but must attend the foregoing hearing and orally present an answer or

objection explaining your position.

C-9

3.      Because this Court could not accommodate both the Debtor's request for a

hearing prior to January 25, 2017 and a hearing date that all counsel could attend, and finding

that the Debtor has alleged *prima facie* grounds for the relief sought therein, all collection efforts,

including any scheduled judicial sales, with respect to (a) 837 Swede Street, Norristown, PA; (b)

901 Swede Street, Norristown, PA; (c) 857 Cherry Street, Norristown, PA; and/or (d) 636

Cherry Street, Norristown, PA are hereby STAYED until further order of this Court.

4.      The Debtor shall serve a copy of this Order, together with the Motion (unless

already served) no later than _January     31_, 2017 via e-mail, fax, overnight mail or

hand delivery upon the (a) Office of the United States Trustee, (b) counsel to the Norristown

Municipal Waste Authority, (c) counsel to the Montgomery County Tax Claim Bureau and (d)

counsel to creditors, Maryann King, Madeline Rice, Matthew Rice and Tyler Shipley.

Magdeline D. C
Magdeline D. Coleman
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GRIMM BROTHERS REALTY CO.          : CHAPTER 11
        Debtor                             : NO.  17-13697-MDC

IN RE:  GARY RICHARD GRIMM                 : CHAPTER 13
        Debtor                             : NO. 17-10625-MDC

**MOTION OF JCRP, LLC AND JOHN CAMPION FOR RELIEF FROM AND/OR TO MODIFY THE AUTOMATIC STAY AND/OR TO COMPEL DEBTORS TO REMOVE PERSONAL PROPERTY FROM REAL ESTATE OWNED BY JCPR, LLC LOCATED AT 839 SWEDE STREET, NORRISTOWN, PENNSYLVANIA 19401**

JCPR, LLC and John Campion, by their undersigned attorneys, file this Motion for Relief from and/or to Modify the Automatic Stay and/or To Compel Debtors to Remove Personal Property From Real Estate Owned by JCPR, LLC Located at 839 Swede Street, Norristown, Pennsylvania 19401 and in support thereof aver as follows:

1.  JCPR, LLC ("JCPR") purchased real estate known as 839 Swede Street, Norristown, Pennsylvania 19401 (the "Real Property") at sheriff's sale in October of 2016 and received the deed for the Real Property on or about March 21, 2017.  A true and correct copy of the sheriff's deed is attached hereto, made a part hereof and marked Exhibit "A".

2.  John Campion ("Campion") is the owner of JCPR.

3.  Prior to the October, 2016 sheriff's sale, Debtor Grimm Brother Realty Co. owned the Real Property.

4.  The Real Property at all times relevant hereto was and is occupied by third party tenants unrelated to Debtors and unrelated to JCPR and Campion.

5.  At the time JCPR was deeded the Real Property by the sheriff, there were numerous items of personal property in the basement of the Real Property that belonged to Debtor Grimm Brothers (the "Personal Property").

C-10

6.    Nearly two and one-half years later, a substantial amount of the Personal Property remains in the basement at the Real Property.  True and correct copies of pictures of the Personal Property are attached hereto, made a part hereof and marked Exhibit "B".

7.    Despite repeated requests from JCPR and Campion to Debtors, they have refused to remove all of the Personal Property from the Real Property.

8.    Debtors have failed and refused to remove all of the Personal Property from the Real Property despite the fact that Debtor Grimm Brothers owns, and Debtor Gary Grimm lives at, 837 Swede Street, Norristown, Pennsylvania 19401, which is right next door to the Real Property.

9.    The Personal Property occupies a large portion of the basement of the Real Property.

10. The basement of the Real Property has experienced problems with both bugs and mold and the presence of the Personal Property has prevented and inhibited JCPR and Campion from addressing these problems.

11. Moreover, the Personal Property includes old mouldings, which has mold growing on them and which is contributing to the mold problem.

12. The mold and the bug issues present potential health risks to the tenants and tenants' young children at the Real Property.

13. The nature and volume of the Personal Property also creates a fire hazard at the Real Property.

14. The presence of the Personal Property also inhibits the ability of JCPR and Campion in maintaining, servicing and upgrading the utilities contained in the basement of the Real Property.

15. In order to address these various issues, the Personal Property needs to be removed from the Real Property.

16. On or about February 13, 2018, Debtor Grimm Brothers filed an adversary action as part of its bankruptcy against the Montgomery County, the Norristown Municipal Waste Authority,

JCPR and Campion at Adversary No. 19-035 seeking to overturn the sheriff's sale of the Real Property.

17. Debtor Grimm Brothers' adversary case and attempt to overturn the sheriff's sale of the property was dismissed by the Court by Order dated May 1, 2019.

18. Debtor Grimm Brothers has no right of redemption of the Real Property.

19. JCPR and Campion are requesting the Court to compel Debtors to remove the Personal Property from the Real Property within ten (10) days.

20. In the event that Debtors fail to remove the Personal Property from the Real Property within ten (10) days, JCPR and Campion request the Court to either grant them relief from the automatic stay and/or to modify the automatic stay and permit JCPR and Campion to dispose of the Personal Property.

21. At no time since JCPR became the owner of the Real Property and at no time since Debtor Grimm Brothers' adversary case was dismissed, have Debtors paid any rent as compensation for storing the Personal Property at the Real Property.

22. As stated above, JCPR and Campion have cause for the relief requested.

23. JCPR and Campion are also entitled to the relief requested as Debtors do not own the Real Property (and they do not have any right of redemption) and the property is not necessary to an effective reorganization.

WHEREFORE, Movants respectfully request this Honorable Court for entry of an Order as attached hereto whereby the Court directs Debtors to remove the Personal Property located at the Real Property within ten (10) days of the date of the Order, and, if Debtors fail to so remove

such property from the Real Property, relief from the Stay be granted and Movants may dispose

of the Personal Property in their sole discretion and without further intervention by or further

Order of the Court, and for such other relief as the Court deems appropriate.

MacELREE HARVEY, LTD.

By: _____

Leo M. Gibbons, Esquire
Attorney for Movants

# EXHIBIT "A"




**DEED BK 6037 PG 01778 to 01782.1**
INSTRUMENT # : 2017020524
RECORDED DATE: 03/21/2017 03:09:17 PM



3451669-0006Z

### RECORDER OF DEEDS
### MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

| | MONTGOMERY COUNTY ROD |
|---|---|
| **OFFICIAL RECORDING COVER PAGE** | Page 1 of 6 |

| | | | |
|---|---|---|---|
| **Document Type:** | Sheriffs Deed | **Transaction #:** (s) | 3535189 - 6 Doc |
| **Document Date:** | 12/07/2016 | **Document Page Count:** | 4 |
| **Reference Info:** | | **Operator Id:** | tbutler |
| **RETURN TO:** (Wait) | | **PAID BY:** | |
| SHERIFF | | SHERIFF | |
| COURTHOUSE | | | |
| NORRISTOWN, PA 19404 | | | |

**\* PROPERTY DATA:**
Parcel ID #:      13-00-36452-00-3
Address:          839 SWEDE ST

                  PA
Municipality:     Norristown Borough (100%)
School District:  Norristown Area

**\* ASSOCIATED DOCUMENT(S):**

| | |
|---|---|
| **CONSIDERATION/SECURED AMT:**<br>**$81,500.00**<br>**TAXABLE AMOUNT:**<br>**$101,460.00** | DEED BK 6037 PG 01778 to 01782.1<br>Recorded Date: 03/21/2017 03:09:17 PM<br>I hereby CERTIFY that this document is<br>recorded in the Recorder of Deeds Office in<br>Montgomery County, Pennsylvania. |

**FEES / TAXES:**

| | |
|---|---|
| Affidavit Fee | $1.50 |
| Recording Fee:Sheriffs Deed | $95.00 |
| State RTT | $1,014.60 |
| Norristown Borough RTT | $507.30 |
| Norristown Area School District RTT | $507.30 |
| **Total:** | $2,125.70 |



*Jeanne Sorg*

**Jeanne Sorg**
**Recorder of Deeds**

Rev1a 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL**

itally signed 12/19/2018 by montgomery.county.rod@kofile.us

**Certified and Digitally Signed**

tion may require Adobe 'Windows Integration'

eCertified copy of recorded # 2017020524 (page 1 of 6)
Montgomery County Recorder of Deeds

03/21/2017 03:09:17 PM

MONTCO

Prepared By: Sheriff's Department, Court House, 1st Floor, P.O. Box 311, Norristown, PA 19404-0268

Return To: Sheriff's Department, Court House, 1st Floor, P.O. Box 311, Norristown, PA 19404-0268

RECORDER OF DEEDS
MONTGOMERY COUNTY
2017 MAR 21 P 2: 06

# Know all Men by these Presents

THAT, I,     **SEAN P. KILKENNY**     Sheriff of the County of **MONTGOMERY**

in the Commonwealth of Pennsylvania, for and in consideration of the sum of **$81,500.00**

dollars, to me in hand paid, **do** hereby grant and convey to

JCPR, LLC
315 Sylvania Ave
Glenside, PA  19038

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
13-00-36452-00-3  NORRISTOWN
839 SWEDE ST
GRIMM BROTHERS REALTY CO                    $15.00
B 012  U 011  L  1140  DATE: 03/21/2017          TG

**ALL THAT CERTAIN** messuage and lot or piece of ground, situate in the Borough of Norristown, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows, to wit:
**BEGINNING** at a point on the Northwesterly side of Swede Street at the distance of 277.00 feet Southwesterly from the Southwest side of Elm Street, a corner of this and ground formerly of B. E. Chain; thence along the same side of Swede Street Southwesterly 50.00 feet more or less to a corner of this and another house and ground of Franklin D. Sower; thence along the same Northwesterly, the line passing through the middle of the partition wall between the house hereby granted and said Sower's adjoining house 47.00 feet to a corner in the said wall; thence Southwesterly 7 inches to a corner at the Southwesterly side or face wall of the house hereby granted; thence along the same side or face of said wall and by ground of said Sower, Northwesterly 85.1 feet to a corner of Maple Alley; thence along the Southeast side of said alley Northeasterly 50.00 feet more or less to a corner of this and said ground now or formerly of Benjamin F. Chain; thence by the same Southeasterly parallel

**PARCEL NO.: 13-00-36452-00-3**



to Elm Street, 132.1 feet to the place of beginning.

**BEING PARCEL NO.: 13-00-36452-00-3.**

**LOCATION of Property: 839 Swede Street, Norristown, Pennsylvania 19401.**

**PARCEL NO.: 13-00-36452-00-3**

eCertified copy of recorded # 2017020524 (page 3 of 6)
Montgomery County Recorder of Deeds

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 190    Filed 08/29/19    Entered 08/29/19 12:11:30    Desc
Document    Page 5 of 12

03/21/2017  03:09:17 PM                EXHIBIT BK 6033 PG 01281                    MONTCO

the same having been sold by me to the said grantee    , on the **TWENTY-SIXTH**          day of

**OCTOBER**        Anno Domini two thousand and        **SIXTEEN**                    after due

advertisement, according to the law, under and by virtue of a writ of **MONEY JUDGMENT**

issued            on the **TENTH** day of **SEPTEMBER**              Anno Domini

two thousand and **FIFTEEN** out of the **COURT OF COMMON PLEAS**

                                    as of            Term, two thousand and **SIXTEEN**

Number **2006-12263**                    at the suit of **NORRISTOWN**
                                        **MUNICIPAL WASTE**
                                        **AUTHORITY**
                                        **vs.**
                                        **GRIMM BROTHERS**
                                        **REALTY CO**

**In witness whereof,** I have hereunto affixed my signature, this **SEVENTH**

day of **DECEMBER**    Anno Domini two thousand and        **SIXTEEN**

SEALED AND DELIVERED
IN THE PRESENCE OF

_____ Sheriff
**SEAN P. KILKENNY**

(SEAL)

*Eliminate which not applicable

**PARCEL NO.: 13-00-36452-00-3**

Writ No. 2006-12263

# Deed = Poll

**SEAN P. KILKENNY,** *SHERIFF*

*TO*

JCPR, LLC

**NORRISTOWN MUNICIPAL WASTE AUTHORITY**

**vs.**

**GRIMM BROTHERS REALTY CO**

── T.   20 **16**

No.   **2006-12263**

**PREMISES:**
**839 SWEDE STREET,**
**NORRISTOWN, PENNSYLVANIA**
**19401.**

---

The **NAME** of the within-named Grantee is

JCPR, LLC
315 Sylvania Ave
Glenside, PA  19038

On behalf of the Grantee

---

Commonwealth of Pennsylvania
County of **MONTGOMERY**                    } **SS.**

On this, the **SEVENTH** day of **DECEMBER 2016**, before me

the undersigned Officer, personally appeared       **SEAN P. KILKENNY**
**Sheriff of the County of   MONTGOMERY**       , known to me (or satisfactory proven) to be the person
described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein
stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

*Angelina K. Focht*
Prothonotary

**PARCEL NO.: 13-00-36452-00-3**

eCertified copy of recorded # 2017020524 (page 5 of 6)
Montgomery County Recorder of Deeds


Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 1 Document Filed 08/29/192 of 240ed 08/29/19 12:11:30    Desc
Exhibit BK 6 of 3 Page 7 of 12 782.1

03/21/2017 03:09:17 PM                                                                                    MONTCO

REV-183 EX (2-15)


**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX
# STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 1014.60 |
| Book Number | 0003 |
| Page Number | 1778 |
| Date Recorded | 3-21-17 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name JCPR, LLC | | | | Telephone Number: 2152805711 |
|---|---|---|---|---|
| Mailing Address 315 Sylvania Ave | City Glenside | | State PA | ZIP Code 19038 |

## B. TRANSFER DATA

Date of Acceptance of Document  *12/7/16*

| Grantor(s)/Lessor(s) Sheriff of Montgomery County | Telephone Number: 610-278-3850 | Grantee(s)/Lessee(s) JCPR, LLC | Telephone Number: 2152805711 |
|---|---|---|---|
| Mailing Address Courthouse, Swede and Airy Streets | | Mailing Address 315 Sylvania Ave | |

| City Norristown | State PA | ZIP Code 19401 | City Glenside | State PA | ZIP Code 19038 |
|---|---|---|---|---|---|

## C. REAL ESTATE LOCATION

| Street Address 839 SWEDE ST | City, Township, Borough Norristown Borough |
|---|---|

| County MONTGOMERY | School District Norristown Area | Tax Parcel Number 130036452003 |
|---|---|---|

## D. VALUATION DATA

Was transaction part of an assignment or relocation?  ☐ Y ☒ N

| 1. Actual Cash Consideration $81,500.00 | 2. Other Consideration + -0- | 3. Total Consideration = $81,500.00 |
|---|---|---|
| 4. County Assessed Value $57,000.00 | 5. Common Level Ratio Factor × 1.78 | 6. Computed Value = $101,460.00 |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed $ 0 | 1b. Percentage of Grantor's Interest in Real Estate 100 % | 1c. Percentage of Grantor's Interest Conveyed 100 % |
|---|---|---|

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____ _____
                                        (Name of Decedent)            (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____
   If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date 11/29/16 |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

200612263  10/26/2016
eCertified copy of recorded # 2017020524 (page 6 of 6)
Montgomery County Recorder of Deeds


# EXHIBIT "B"









IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GRIMM BROTHERS REALTY CO. | : CHAPTER 11 |
| Debtor | : NO. 17-13697-MDC |

| | |
|---|---|
| IN RE:  GARY RICHARD GRIMM | : CHAPTER 13 |
| Debtor | : NO. 17-10625-MDC |

## CERTIFICATE OF SERVICE

I, Leo M. Gibbons, Esquire, attorney for Movants, JCPR, LLC and John Campion , do

hereby certify that a true and correct copy of the foregoing Motion for Relief from and/or Modify

the Automatic Stay and/or To Compel Debtors to Remove Personal Property From Real Estate

Owned by JCPR, LLC Located at 839 Swede Street, Norristown, Pennsylvania 19401 has been

served this 29th day of _August_ , 2019, by first class mail, postage prepaid, upon

those listed below:

Alexander Moretsky, Esquire
Moretsky Law Firm
2617 Huntingdon Pike
Huntingdon Valley, PA  19006

Erik B. Jensen
Jensen Bagnato, PC
1500 Walnut Street, Ste. 1920
Philadelphia, PA  19102

Joshua Louis Thomas
Joshua L. Thomas & Associates
1110 Pocopson Road, P.O. Box 415
Pocopson, PA  19366

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Ste. 500
Philadelphia, PA 19107

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

Gary Richard Grimm
837 Swede Street
Norristown, PA  19401

MacELREE HARVEY, LTD.

By: _____
       Leo M. Gibbons, Esquire
       Attorney for Movants

3314451v1
041433.64747

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GRIMM BROTHERS REALTY CO.          : CHAPTER 11
                      Debtor                               : NO.  17-13697-MDC

IN RE:  GARY RICHARD GRIMM                    : CHAPTER 13
                      Debtor                               : NO. 17-10625-MDC

**ORDER**

AND NOW, this ____ day of _____, 2019, upon consideration of Motion

of JCPR, LLC and John Campion for Relief from and/or to Modify the Automatic Stay and/or To

Compel Debtors to Remove Personal Property From Real Estate Owned by JCPR, LLC

Located at 839 Swede Street, Norristown, Pennsylvania 19401 against Debtor Grimm Brothers

Realty Co. and Debtor Gary Grimm, it is hereby ORDERED as follows:

1.        The Motion of JCPR, LLC and John Campion ("Movants") is hereby GRANTED.

2.        Debtors are directed to remove any personal property owned by Debtors from

Movants' real estate located at 839 Swede Street, Norristown, Pennsylvania 19401 (the "Real

Property") within ten (10) days of the date of this Order; and

3.        In the event that Debtors fail to remove their personal property from the Real

Property as directed by this Order, Movants may thereafter dispose of Debtors' personal

property located at the Real Property in their sole discretion and without further intervention by

or further Order of this Court.

BY THE COURT:

_____
Magdeline D. Coleman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GRIMM BROTHERS REALTY CO. | : | CHAPTER 11 |
|  | : |  |
|  | : | Case No. 17-13697 (MDC) |
| Debtor | : |  |
|  | : | CHAPTER 13 |
| GARY RICHARD GRIMM | : |  |
|  | : | Case No. 17-10625 (MDC) |
| Debtor | : |  |

**RESPONSE OF DEBTORS TO MOTION OF JCPR, LLC AND JOHN CAMPION FOR
RELIEF FROM AND/OR TO MODIFY THE AUTOMATIC STAY AND/OR TO
COMPEL DEBTORS TO REMOVE PERSONAL PROPERTY FROM REAL ESTATE
OWNED BY JCPR, LLC LOCATED AT 839 SWEDE ST., NORRISTOWN, PA 19401**

Debtor Grimm Brothers Realty Co., by and through its undersigned counsel, and Debtor

Gary Grimm respectfully submit this joint *Response* (the "Response") *to the Motion of JCPR,*

*LLC and John Campion for Relief From and/or to Modify the Automatic Stay and/or to Compel*

*Debtor to Remove Personal Property From Real Estate Owned by JCPR, LLC Located at 839*

*Swede Street, Norristown, PA 19401* and sets forth the following in support thereof.

Although the moving parties seek relief from both the corporate debtor and the individual

debtor, the property made the subject of this Motion and Response belongs solely to the

corporate Debtor. Mr. Grimm has clarified the question of ownership in open court on several

occasions and at several hearings. Mr. Grimm's statements are part of the record in both cases.

Counsel for the moving parties, as well as the moving parties, were present in court when Mr.

Grimm explained the ownership of the property and accepted the fact that the personal property

in question was solely the property of the corporate Debtor. Accordingly, although the movants

seek relief from the individual debtor, Gary Richard Grimm, he is not the owner of the property,

and Mr. Grimm requests that the motion against him be dismissed. Furthermore, all references to

the "Debtor" in the numbered responses below will be to the corporate debtor, Grimm Brothers

Realty Co., unless specifically referenced otherwise.

C-11

Furthermore, this Motion is premature. The movants previously filed a Motion to Enforce Settlement Agreement and Release Against Debtor (the "Motion to Enforce"). In addition, the Debtor has previously filed a Motion Seeking Sanctions and Damages for Stay Violation Against John Campion and JCPR LLC (the "Motion for Damages"). In its Motion for Damages, the Debtor seeks damages for Campion's and JCPR's automatic stay violation by seeking to remove the Debtor's personal property from the Premises without proper notice and without stay relief, refusing entry to the Debtor to access its personal property and having Mr. Grimm arrested on false charges that ultimately led to the Debtor's near financial collapse. This Court should first make a determination as to whether the movants violated the automatic stay and/or gave proper notice to the Debtor of its intention to remove the Debtor's property pursuant to Pennsylvania law. A hearing on **both** the Motion to Enforce and the Motion for Damages is scheduled for November 15, 2019. Until the Court makes such a determination on both of these motions, the instant Motion is premature. The moving parties, however, seek to circumvent the need for the Court to first determine their role in causing the Debtor's financial calamity by filing the instant Motion. Accordingly, the Debtors request that the Motion should be dismissed as premature, or in the alternative, be combined with the Motion to Enforce and Motion for Damages scheduled to be heard on November 15, 2019.

1.      Denied. Movant John Campion ("Campion") was the successful bidder at a Sheriff sale of the real property on or about October 26, 2016. By way of further response, Campion attended and bid on the real property at a Montgomery County, Pennsylvania, real estate division judicial sale (the "Tax Sale"). Following the Tax Sale, Grimm Brothers Realty Company filed Exceptions to the proposed distribution, identifying numerous errors, including, but not limited to, duplication of Sheriff's fees, distributions to the municipality for items that were already paid, and payment to the Pennsylvania Department of Revenue that the debtor previously paid.

2.      Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied.

3.      Admitted in part and denied in part. It is admitted that Debtor owned the Real Property. It is specifically denied that the October 2016 Tax Sale automatically stripped the Debtor of ownership of the Real Property.

4.      Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied.

5.      Admitted.

6.      Admitted in part and denied in part. It is admitted only that the Debtor has an ownership interest in personal property that resides in the basement of the Real Property. The remainder of the statements are denied.

7.      Denied. To the contrary, the movants refused entry to the Debtor and its agents by locking the Debtor out and preventing him from having access to its personal property. Further, the movants failed to seek and obtain relief from stay from this Court and a complaint in ejectment in state court, as required by law. Campion further violated the automatic stay by filing a complaint against the debtor's operations manager, causing him to be incarcerated for 30 days.

8.      Denied. See response to paragraph No. 7 above.

9.      Denied. Debtor shares the space with the tenants above who also use the basement for storage.

10.     Denied. After reasonable investigation, the Debtors are without sufficient knowledge or information to form a belief as to the truth of the statements contained in this paragraph and, therefore, the statements are specifically denied. By way of further response, for the decades that the Debtor owned the Real Property, it never experienced any problems with

mold or bugs. The basement has always been a dry area and there is nothing in this area that would attract bugs.

11.     Denied. By way of further response, some of the moldings have been in the basement since the Debtor purchased the property and have no mold. The trims had been removed from the structures at 837 and 839 Swede Street prior to purchase by the Debtor. The Debtor retained the trims as they can only be replaced at a great expense if needed for repairs at a later date.

12.     Denied. By way of further response, as there is no mold or bug problem, there is no health risk to the tenants or children at the Real Property due to these unsubstantiated claims.

13.     Denied. By way of further response, the trims from the buildings constitute the majority of the wood products in the basement, and Debtor estimates they occupy less than 1% of the basement's volume. Furthermore, after the Tax Sale, the Debtor organized and cleared out items it found was not worth keeping, which items accounted for approximately half of the personal belongings in the basement at the time. Moreover, movants fail to explain why such items are a fire hazard.

14.     Denied. To the contrary, the Debtor has left more than adequate space around the utilities that could require maintenance, i.e. the boilers, hot water heater and electric service panels.

15.     Denied. To the contrary, the Debtor had no such issues during the entirety of its ownership of the Real Property and movants have failed to demonstrate the supposed challenges in addressing the various issues.

16.     Admitted that the Debtor filed such adversary action, except that the action was filed on February 13, 2019. The remaining averments are denied.

17.     Admitted only that the Debtor's adversary action was dismissed without prejudice on May 1, 2019. The remaining averments are denied.

18.    Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

19.    No response required.

20.    No response required.

21.    Admitted. By way of further response, the basement is not a rentable space. Additionally, the Debtor incurred extensive damages caused by Campion's illegal lockout and having the Debtor's operations manager arrested and incarcerated for over thirty (30) days, resulting in tenant income losses, loss of employees and unaddressed maintenance damages. Such damages more than offset any rental payments, which were not requested by the movants.

22.    Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

23.    Denied. The averments in this paragraph contain conclusions of law to which no response is required and therefore, those averments are deemed denied.

WHEREFORE, Debtors Gary Grimm and Grimm Brothers Realty Company respectfully request that this Honorable Court deny the Motion of JCPC, LLC and John Campion award the Debtor attorneys' fees and costs, and for such other relief as this Court may deem appropriate.

Dated: September 29, 2019

/s/ Alex Moretsky, Esquire_____
Alex Moretsky, Esquire
2617 Huntingdon Pike
Huntingdon Valley, PA19006
(215) 344-8343 (p)
(267) 571-2083 (f)

/s/ Gary Grimm_____
Gary Grimm
837 Swede St.
Norristown, PA 19401
610-275-5855

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GRIMM BROTHERS REALTY CO.          : CHAPTER 11
　　　　　　　Debtor                                          : NO.  17-13697-MDC

IN RE:  GARY RICHARD GRIMM                      : CHAPTER 13
　　　　　　　Debtor                                          : NO.  17-10625-MDC

## ORDER

AND NOW, this _2nd_ day of _October_____, 2019, upon consideration of Motion

of JCPR, LLC and John Campion for Relief from and/or to Modify the Automatic Stay and/or To

Compel Debtors to Remove Personal Property From Real Estate Owned by JCPR, LLC

Located at 839 Swede Street, Norristown, Pennsylvania 19401 against Debtor Grimm Brothers

Realty Co. and Debtor Gary Grimm, it is hereby ORDERED as follows:

　　　　1.　　　　The Motion of JCPR, LLC and John Campion ("Movants") is hereby GRANTED.

　　　　2.　　　　Debtor *is* directed to remove *appear and identify* any personal property owned by Debtor from

Movants' real estate located at 839 Swede Street, Norristown, Pennsylvania 19401 (the "Real *on October 18, 2019 at 9:00 a.m. to be removed by Movant and delivered either*

Property") within ten (10) days of the date of this Order, and *to 837 Swede Street, Norristown, PA, or placed*

　　　　3.　　　　In the event that Debtors fail to remove their personal property from the Real *in a truck*

Property as directed by this Order, Movants may thereafter dispose of Debtors' personal *supplied by Debtor and*

property located at the Real Property in their sole discretion and without further intervention by *adequate in size to transport*

or further Order of this Court. *the property by 5 pm. Debtor shall advise Movant on or before October 16, 2019 by 9 pm. Whether a truck will be provided.*

BY THE COURT:

_Magdeline D. Coleman_____
Magdeline D. Coleman
Chief United States Bankruptcy Judge

C-12

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | CHAPTER 11 |
| GRIMM BROTHERS REALTY CO. | CASE NO. 17-13697 (MDC) |
| Debtor | |

## MOTION FOR (A) RECONSIDERATION OF COURT'S ORDER DATED OCTOBER 2, 2019, GRANTING RELIEF FROM THE AUTOMATIC STAY TO JCPR, LLC AND JOHN CAMPION AND DIRECTING DEBTOR TO REMOVE PERSONAL PROPERTY FROM REAL ESTATE LOCATED IN THE BASEMENT OF 839 SWEDE STREET, NORRISTOWN, PA 19401, AND (B) STAY PENDING RECONSIDERATION

Debtor Grimm Brothers Realty Co. ("Debtor") by and through its undersigned counsel, respectfully requests that the Court amend its Order of October 2, 2019, granting relief from the automatic stay and directing Debtor to remove its personal property from the real estate located in the basement of 839 Swede Street, Norristown, PA 19401 (the "Premises") and stay the removal of property pending the reconsideration (the "Motion"). In support of its Motion, the Debtor avers the following:

### Background

1.   On or about August 29, 2019, John Campion and JCPR, LLC (the "Movants") filed a motion for relief from and/or to modify the automatic stay and/or to compel Debtors[1] to Remove Personal Property from the Premises ("Motion for Relief").

2.   The Debtor filed its Response to the Motion for Relief.

3.   On October 2, 2019, and after a hearing on the Motion for Relief, this Court entered an order (the "Order") that, in addition to granting relief from the automatic stay to the Movants,

---

[1] Although the Movants filed their Motion for Relief against the Debtor and the individual debtor, Gary Grimm, they withdrew the Motion for Relief against Mr. Grimm at the hearing because the personal property in question was solely the property of the Debtor.

C-13

directed the Debtor's representative to "appear and identify any personal property owned by

Debtor from [the Premises] on October 18, 2019 at 9:00 a.m." and allow the Movants to remove

the personal property to the adjacent property owned by Debtor or load it onto a truck that

Debtor would provide and move the personal property to a different location. Furthermore, in the

event that the Debtor failed to do so, the Movants would be free to dispose of the personal

property in any way they deemed appropriate. A true and correct copy of the Order is attached

hereto and marked Exhibit "A".

4.    The Debtor does not challenge this Court's decision to grant relief from the automatic

stay to the Movants, but seeks reconsideration of numbered paragraphs 2 and 3 of the Order to

the extent the bankruptcy court's ruling, in effect, denies the Debtor its right to seek redress in

state court that it would otherwise be entitled to.

### Legal Discussion

5.    Motions for reconsideration are "fully within the bankruptcy court's discretion." In re

Patriot Contracting Corp., 2008 WL 934402, at *1 (Bankr. D.N.J. Apr. 1, 2008).

6.    Federal Rules of Civil Procedure 59 and 60, dealing with reconsideration, are made

applicable through Bankruptcy Rules 9023 and 9024.

7.    In seeking reconsideration, the moving party must demonstrate one of three

circumstances: (1) the presence of newly available evidence, (2) an intervening change in the

controlling law, or (3) a need to correct a clear error of law or prevent manifest injustice. See,

North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

8.    A court "may amend, amplify or expand upon its initial findings even to the extent that

the modified or additional findings in effect reverse the initial ruling." NationsBank v. Blier (In

re: Creative Goldsmiths), 178 B.R. 87, 91 (Bankr. D.Md. 1995) (*citing* National Metal Finishing

v. Barclaysamerican, 899 F.2d 119, 123 (1st Cir.1990).

9.  The moving party needs to set forth the matters or controlling decision that it believes the

court overlooked. See, Patriot, at *2.

10. The Debtor believes and, therefore, avers that paragraphs 2 and 3 of the Order go too far

by interfering with the Debtor's state court rights and depriving it of any remedies it may have

outside of bankruptcy court.

11. As this Court is aware, the Debtor filed a motion seeking damages and sanctions against

the Movants for violation of the automatic stay (the "Motion for Sanctions"). See Dckt. at #142.

12. The Debtor steadfastly argues that the Movants denied it access to its personal property

and had Mr. Grimm arrested and incarcerated on false charges when an employee of the Debtor

attempted to gain access its personal property.

13. In its Motion for Sanctions, the Debtor argues, *inter alia*, the Movants failed to properly

file an ejectment in the state court to have the Debtor's property removed. Further, the Debtor

had not been evicted and Campion (or JCPR) had not obtained an eviction order or an order for

possession, as required by Section 250.505a of the Pennsylvania Landlord and Tenant Act.

14. Fundamentally, the Debtor argues that the Movants failed to abide by state law in

attempting to unilaterally remove and discard the Debtor's personal property. See Motion for

Sanctions at para. 37.

15. A bankruptcy court is a court of limited jurisdiction. See In re Spree.com Corp. 295 B.R.

762, 767 (Bankr. E.D. Pa. 2003).

16. In fact, bankruptcy court jurisdiction is more limited than Article III federal court

jurisdiction. Id. at 768.

17. It is the responsibility of bankruptcy courts to raise *sua sponte* their subject matter jurisdiction. See, e.g. In re Greene, 1999 WL 761091 at *3 (E.D. Pa.1999); Id. at 768.

18. There are differing viewpoints regarding the extent of a bankruptcy court's jurisdiction over property after relief from the automatic stay is obtained as to that property. See Gibbons v. Stemcor USA, Inc. (In re Livingston & Co., Inc.), 186 B.R. 841, 857-58 (D. N.J. 1995); In re Blue Mountain Inv., Ltd., 186 B. R. 508, 517 (D. Kan., 1995); In re Orfa Corp. of Philadelphia, 170 B. R. 257, 268-69 (E.D. Pa. 1994).

19. One view of the bankruptcy court's jurisdiction is that the court ceases to have any jurisdiction over property when the property is no longer part of the estate. See, e.g., In re Blue Mountain., at 517.

20. Under this rationale, the bankruptcy court is unable to extend its jurisdiction beyond an order for stay relief by ordering the parties to handle their dispute post-relief a specific way, while simultaneously cutting off the Debtor's rights to resort to state court for relief it may be entitled to.

21. A differing view provides that a bankruptcy court "should" decline to exercise jurisdiction in "most circumstances". In re Orfa Corp., at 269. Moreover, relief from the automatic stay "generally" eliminates the bankruptcy court's jurisdiction. See In re Anderson, 129 B.R. 44, 48 (Bankr. E.D. Pa. 1991).

22. Both In re Anderson and In re Livingston & Co include detailed discussions on the issue.

23. The Debtor does not believe it is necessary to choose one view over the other.

24. Under either view, the bankruptcy court's extension of its limited powers are inappropriate in the instant case.

25. Ordering the Debtor to remove its personal property after granting stay relief not only extends the Court's powers beyond its limited sphere of influence, it has the effect of depriving the Debtor of any rights it has outside of bankruptcy.

26. The Debtor has not exhausted its state court remedies. No final judgment on the merits of the Movants' entitlement to remove the Debtor's personal property has been entered by any state court.

27. The movants must first file a complaint in ejectment with the state court and obtain an order in ejectment to gain exclusive possession of the basement and have the Debtor's property removed. The movants have not yet done so.

28. Although the Debtor contends that the Movants did not follow state law and retains the right to seek redress in state court, the Order effectively cuts off that right by directing the Debtor to remove its personal property on October 18, 2019.

29. The Order allows the Movants to bypass state law and eject the Debtor without first acquiring a state court order permitting them to do so.

30. Any hardship or prejudice to the Movants is dwarfed by the prejudice and injustice that would befall the Debtor in the form of deprivation of its state court rights that it is entitled to.

31. The Debtor is prepared to ensure that the Movants are adequately protected in the interim by making rental payments for the use of the basement space at the Property.

32. Moreover, the personal property is integral to the reorganization of the Debtor's bankruptcy case. The Debtor has regular need for appliances and other personal property stored at the Premises when renovating or repairing apartments occupied by tenants of the Debtor.

33. Because Debtor is currently unable to find an appropriate location for storage of the personal property, there is a real chance that the personal property will be dumped in front of 837 Swede Street, which would ultimately lead to damage, theft and/or deterioration of the property.

34. The Debtor's financial condition is such that it could not quickly replace many of the items. Also, some of the items are unique and cannot be replaced, as some properties owned by the Debtor are historical.

35. The Debtor would suffer severe prejudice if it is forced to remove its personal property from the Premises at this time after Movants caused the near collapse of the Debtor's business.

36. Due to the harm that the Debtor would suffer if deprived of its state court rights and forced to relocate its personal property, the Debtor requests a stay of the Order pending a determination of the Motion.

WHEREFORE, Debtor requests that this court strike numbered paragraphs 2 and 3 of its Order of October 2, 2019, stay the Order in the interim to allow for this Court to decide the Motion and for such other and further relief as this Court may deem appropriate.

Dated: October 15, 2019

*/s/Alex Moretsky, Esquire*
Alex Moretsky, Esquire
2617 Huntingdon Pike
Huntington Valley, PA 19006
(215) 334 – 8343 ( p)
(267) 571 – 2083 (f)

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: GRIMM BROTHERS REALTY CO.     : CHAPTER 11
       Debtor                      : NO. 17-13697-MDC

IN RE: GARY RICHARD GRIMM        : CHAPTER 13
       Debtor                      : NO. 17-10625-MDC

**ORDER**

AND NOW, this _2nd_ day of _October_____, 2019, upon consideration of Motion

of JCPR, LLC and John Campion for Relief from and/or to Modify the Automatic Stay and/or To

Compel Debtors to Remove Personal Property From Real Estate Owned by JCPR, LLC

Located at 839 Swede Street, Norristown, Pennsylvania 19401 against Debtor Grimm Brothers

Realty Co. ~~and Debtor Gary Grimm~~, it is hereby ORDERED as follows:

1.     The Motion of JCPR, LLC and John Campion ("Movants") is ~~hereby~~ GRANTED.

2.     Debtor~~s~~ _is_ ~~are directed to remove~~ _appear and identify_ any personal property owned by Debtor~~s~~ from

Movants' real estate located at 839 Swede Street, Norristown, Pennsylvania 19401 (the "Real _on October 18, 2019 at 9:00 a.m. to be removed by Movant and delivered either_

Property") ~~within ten (10) days of the date of this Order~~ and _to 837 Swede Street, Norristown PA, or placed in a truck supplied by Debtor and adequate in size to transport the property by 5 pm._

3.     In the event that Debtors fail to remove their personal property from the Real

Property as directed by this Order, Movants may thereafter dispose of Debtors' personal _Debtor shall advise Movant on or before October 16, 20__ _by 9 pm_

property located at the Real Property in their sole discretion and without further intervention by _whether a truck will_

or further Order of this Court. _be provided_

BY THE COURT:

_Magdeline D. Coleman_
Magdeline D. Coleman
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                      CHAPTER 11

GRIMM BROTHERS REALTY CO.                    CASE NO. 17-13697  (MDC)

                    Debtor

## <u>ORDER</u>

AND NOW ___ day of _____, 2019, upon consideration of the Debtor's

*Motion for (a) Reconsideration of Court's Order Dated October 2, 2019, Granting Relief from*

*the Automatic Stay to JCPR, LLC and John Campion and Directing Debtor to Remove Personal*

*Property from Real Estate Located in the Basement of 839 Swede Street, Norristown, PA 19401,*

*and (B) Stay Pending Reconsideration* and any response thereto, it is hereby ORDERED and

DECREED that said motion is GRANTED. It is further ORDERED as follows:

a.    This Court's order of October 2, 2019 is hereby amended to remove numbered

paragraphs 2 and 3 of said Order;

b.    Debtor shall not be required to remove any personal property from real estate

located at 839 Swede Street, Norristown, PA 19401 on October 18, 2019 (the "Premises");

c.    John Campion and JCPR, LLC shall not dispose of Debtor's personal property

located at the Premises if it is not removed by October 18, 2019; and

d.    The parties may pursue any state court remedies available to them.

BY THE COURT:

_____
Honorable Magdelene D. Coleman
United States Bankruptcy Judge

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 122cument    10age 14 of 240ed 10/15/19 20:15:14    Desc
Certificate of Service    Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | CHAPTER 11 |
| GRIMM BROTHERS REALTY CO. | CASE NO. 17-13697 (MDC) |
| Debtor | |

### CERTIFICATE OF SERVICE

I, Alex Moretsky, Esquire, hereby certify that a true and correct copy of Debtor GRIMM

BROTHERS REALTY CO.'s *Motion for (a) Reconsideration of Court's Order Dated October 2,*

*2019, Granting Relief from the Automatic Stay to JCPR, LLC and John Campion and Directing*

*Debtor to Remove Personal Property from Real Estate Located in the Basement of 839 Swede*

*Street, Norristown, PA 19401, and (B) Stay Pending Reconsideration* was served upon all

interested parties via the CM/ECF electronic filing system and/or first-class mail.


Dated: October 15, 2019                    /s/ *Alex Moretsky, Esquire*_____
                                           Alex Moretsky, Esquire

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  GRIMM BROTHERS REALTY CO.          : CHAPTER 11
              Debtor                                        : NO.  17-13697-MDC

**ORDER**

AND NOW, this _17th_ day of _October_____, 2019, upon consideration of

Debtor's Motion for Reconsideration of the Court's Order dated October 2, 2019 granting

Movants JCPR, LLC and John Campion Relief from the Automatic Stay, and response thereto, *and for the reasons stated on the record*

it is hereby ORDERED that Debtor's Motion is DENIED and JCPR, LLC and John Campion may

proceed on October 18, 2019 at 9:00 a.m. in accordance with this Court's October 2, 2019

Order.

BY THE COURT:

_Magdeline D. Co_____
Magdeline D. Coleman
Chief United States Bankruptcy Judge

3366255v1
041433.64747

C-14

## Leo M. Gibbons

| | |
|---|---|
| **From:** | Gary Grimm <grimmbrothersrealty@gmail.com> |
| **Sent:** | Thursday, October 17, 2019 5:36 PM |
| **To:** | Leo M. Gibbons |
| **Subject:** | [EXTERNAL] Re: TRUCK |

I will have space in my basement at 837 Swede and 901 garage, which is the adjacent property on the other side of 839, a trailer and possible a truck. I believe we can keep up with your men.If we cannot ,you can leave what we can't up against the building at 837 Swede..I can be available at 8:30 Friday to tag the material in 839 basement  to move.

On Wed, Oct 16, 2019 at 7:49 PM Gary Grimm <grimmbrothersrealty@gmail.com> wrote:
  Per the judges Order I am advising you that there will not be a truck behind 839 Swede St Friday morning.

C-15

Gary Grimm
837 Swede St.
Norristown, PA 19401
610 – 275-5855
GaryrGrimm@Hotmail.com

SEP 1 2 2019

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 13 |
|  | : |  |
| Gary GRIMM | : |  |
|  | : | Case No. 17-10625 (MDC) |
| Debtor | : |  |

## MOTION OF DEBTOR SEEKING SANCTIONS AND DAMAGES FOR STAY VIOLATION AGAINST JOHN CAMPION AND JCPRLLC

Gary Grimm ("Debtor"), respectfully requests this Court to hold John Campion and JCPRLLC in contempt of Court for violating a stay order of this Court (the "Motion") in the above-captioned adversary proceeding and award damages. In support of its Motion, the Debtor avers the following:

### Background

1.    Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Code") on January 27 2017 (the "Petition Date").

2.    Debtor is a Debtor-in-Possession and remains in possession and control of its property.

3.    Grimm Brothers Realty Company (hereafter referred to as company) was the owner of real property with an address of 839 Swede Street, Norristown, Pennsylvania 19401 (the "Property"), since 1981.

4.    The Property is a residential building that contained multiple occupants during the time the company owned the building.

C-16

5.      The Property, a historically identified building built in 1857, consists of one-half of a twin and was part of a single, unified deed with 837 Swede Street, Norristown, Pennsylvania 19401 ("837 Swede"), prior to purchase by the company. A photograph of the Property taken in 2015 by Debtor is attached hereto and marked Exhibit "A".

6.      In 2005, the company received an award from the Norristown Preservation Society for the Property.

7.      On or about October 26, 2016, the Property was sold at a Montgomery County, Pennsylvania, Real Estate Division Judicial Sale (the "Tax Sale") to satisfy a judgment in favor of the Norristown Municipal Waste Authority ("NMWA") and against the Property for several thousand dollars of unpaid sewer bills dating back to the late 1990's and early 2000's, the result of litigation between the company and NMWA.

8.      The successful bid at the Tax Sale was $81,500.00, an amount less than one-half of its retail sale value on a cash flow basis with no consideration for its historic significance.

9.      Additionally, the value of the Property, and 837 Swede, is significantly higher when maintained as a single unit due to the joint construction of the buildings.

10.     On December 1, 2016, the Sheriff's Department issued a proposed distribution of proceeds, including payment of $35,383.42 to Continental Bank, which was bought by PNC Bank, as full compensation for its mortgage on the property in the amount of $115,608. A true and correct copy of the proposed distribution is attached hereto and marked Exhibit "B".

11.     PNC forwarded an agreement to the company ,for their sign off on selling 839 Swede St. to the low bidder. A true and correct copy of said agreement is attached hereto and marked Exhibit "C".

12.     On January 19, 2017, the company filed a request for, and this Court entered an order, approving expedited consideration of the Plaintiff's Motion for leave to file a new chapter 11 bankruptcy (the "Order to Expedite"). A true and correct copy of the Order to Expedite is attached hereto and marked Exhibit "D".

13.     Paragraph 3 of the Order to Expedite provides, "[b]ecause this Court could not accommodate both the Debtor's request for a hearing prior to January 25, 2017 and a hearing date that all counsel could attend, and finding that the Debtor has alleged *prima facie* grounds for the relief sought therein, *all collection efforts,* including any scheduled judicial sales, with respect to (a) 837 Swede Street, Norristown, PA; (b) 901 Swede Street, Norristown, PA; (c) 857 Cherry Street, Norristown, PA; and/or (d) 636 Cherry Street, Norristown, PA, *are hereby STAYED until further order of this Court*" (emphasis added). See Exhibit "D".

14.     The Order to Expedite and the corresponding stay remained in effect through April 28, 2017, when the Court granted permission to the company to file bankruptcy .

15.     On February 7, 2017, the company filed a Motion to Set Aside the Sheriff's Sale ofthe Property in the Court of Common Pleas, Montgomery County Pennsylvania (the "state court"). Exhibit "E".

16.     The company also filed an Emergency Motion for Extension of Time and for Reconsideration of the state court's order (the "Emergency Motion"), which specifically referenced this Court's issuance of a stay of all collection efforts against the Plaintiff's property. A true and correct copy of the Emergency Motion is attached hereto and marked Exhibit "F".

17.     Notwithstanding the Bankruptcy Court Stay Order and the companies counsel's absence at the hearing due to a conflict, the state court conducted a hearing on March 7, 2017.

3

18.    The Property was conveyed to JCPR, LLC ("JCPR")on March 15, 2017. A true and correct copy of the transfer of deed is attached hereto and marked Exhibit "G".

19.    In early April 2017, while the Stay Order was still in effect, Campion and JCPR took possession of the Property by changing the locks.

20.    At the time the Sheriff transferred the Property to JCPR, a substantial amount of personal property belonging to the company was located in the basement of the Property. Such personal property included appliances, tools, supplies, equipment and other items (the "Personal Property") used in the maintenance of the companies rental units and real estate.

21.    This Court granted the company permission to file for bankruptcy on April 28, 2017, continuing the stay already in place.

22.    The debtor, who is the operations manager of the company, informed Campion of the instant bankruptcy filing verbally several times. The company's then bankruptcy counsel also mailed a letter attaching a copy of the bankruptcy petition to Campion. A true and correct copy of the letter is attached hereto and marked Exhibit "H".

23.    Campion initially complied with the automatic stay and provided the company with a key to access the Personal Property.

24.    The company's employees were able to access the Personal Property.

25.    In late November, 2017, the company attempted to access their Personal Property located in the basement of the property, but found a second lock installed on the door.

26.    The company was not provided a key to this second lock by Campion or JCPR and it prevented the company's agents from accessing its Personal Property inside the Property.

27.    The debtor ,on behalf of the company, emailed Campion on December 5, 2017,

,requesting that he unlock the second lock or supply the company with a key. A true and correct

copy of the email is attached hereto and marked Exhibit "I".

28.    In late January 2018, the debtor offered to assist Campion in resolving problems

with the heating system and frozen water pipes at the Property.

29.    While assisting Campion, the debtor discussed the additional lock situation with

Campion and believed that the matter was resolved following their conversation.

30.    Shortly thereafter, a company employee attempted to access the Property, but

found the additional lock still locked.

31.    Debtor ,on behalf of the company again emailed Campion on January 20, 2018,

requesting him to keep the second lock unlocked so the company could have access to the

Property. A true and correct copy of the email is attached hereto and marked Exhibit "J".

32.    Campion did not respond to Mr. Grimm's email either verbally or in writing.

33.    Needing to access the Personal Property, one of the company's employees

accessed the basement through a minimally secured window to the basement and removed the

additional lock on February 28, 2018.

34.    That evening, the debtor was met by police officer Darren Backwater, who was

responding to a complaint filed by Campion for breaking and entering into the Property.

35.    The debtor agreed to forward documentation to Officer Backwater in support of

the company's right to access its Property stored in the basement.

36.    The debtor, on behalf of the company, drafted a letter to Officer Backwater

requesting, that if the matter went any further, the company wished to file a complaint against

Campion for theft of the companies Personal Property. A true and correct copy of the letter is attached hereto and marked Exhibit "K".

37.    As of February 28, 2018, Campion had not petitioned the bankruptcy court for relief from stay to have the debtor's property removed. Additionally, Campion had not filed a complaint in Ejectment state court to have the company's property removed as required by state law after a property is sold at a Sheriff sale. Additionally, the company had not been evicted and Campion (or J CPR) had not obtained an eviction order, or an order for possession, as required by section 250. 505 of the Pennsylvania landlord and tenant act

38.    Accordingly, the company's, representatives possessed the legal right to enter the Property to obtain personal property belonging to the company.

39.    After the incident of February 28, 2018, the company, received a notice (the "10 Day Notice") from counsel for Campion, Keely Carr Brady, Esquire, on March 6, 2018, stating that the company, had 10 days to notify her and make arrangements to remove property stored in the building's basement after which it would be stored for up to 30 days. A true and correct copy of the 10 Day Notice is attached hereto and marked Exhibit "L".

40.    The debtor was contacted by Norristown detective William Klinger, asking him who owned the Property and requesting that he come down to the police station for an in person interview.

41.    Debtor contacted the company's bankruptcy attorney, Joshua Thomas, who, in turn, spoke with Detective Klinger and forwarded him a copy of the company's bankruptcy petition. A true and correct copy of the email is attached hereto and marked Exhibit "M".

42.    Norristown detective William Klinger issued an arrest warrant for the debtor on March 13, 2018, charging him with criminal trespass and criminal mischief; misdemeanor and felony charges. A true and correct copy of the criminal complaint is attached hereto and marked Exhibit "N"

43.    Attorney, Joshua Thomas also contacted Campion's attorney on March 15, 2018 and discussed the access to the basement, the criminal complaint against the debtor and the bankruptcy stay.

44.    New counsel for the company, Eric Jensen, Esquire, received an email from Campion's attorney on April 4, 2018, stating they were unaware of the companies bankruptcy filing. A true and correct copy of the email is attached hereto and marked Exhibit "O".

45.    As described above, Campion received notice ,both verbally and in writing, of the company's bankruptcy filing.

46.    Despite having knowledge of the company's bankruptcy filing, Campion did not withdraw the charges against the debtor.

47.    The debtor was arrested and imprisoned on or about April 7, 2018.

48.    Criminal trespass is defined as follows under Pennsylvania Crimes and Offenses:

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

    (i)    enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof;  or

    (ii)   Breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa. C.S.A. § 3503.

49.     As described above, Campion provided the company with a key and access to the Property.

50.     Furthermore, the debtor and Campion discussed leaving the additional lock unlocked and Campion agreed to take care of the matter.

51.     Knowing the company had authority to access the Property, one of the company's employees accessed the basement.

52.     Additionally, neither Campion nor JCPR obtained an Ejectment order.

53.     Accordingly, the company and its employees had authority to enter the Property for the purpose of accessing the company's Personal Property.

54.     While incarcerated, the debtor was not permitted contact from individuals outside the prison and had his glasses taken away from him for the first week of his incarceration.

55.     The debtor learned a week after incarceration from a service counselor that no arraignment had been scheduled for him.

56.     Under the Pennsylvania criminal code, an initial arraignment must be held within 48 hours of an individual's incarceration.

57.     The debtor's arraignment was scheduled 10 days after his incarceration, but due to his hyperglycemia and extremely low blood pressure, medical staff did not permit him to attend his arraignment and, transferred him to the medical section of the prison.

58.     The debtor was denied his medications during the entire first week of his incarceration.

59.     During his incarceration, the debtor suffered from an eye infection and did not receive treatment for several days until after his eye was swollen shut.

60.    The debtor could not get diabetic meals for two and one-half weeks, lost 30 pounds and suffered severe muscle atrophy in his legs, making it very difficult for him to walk.

61.    A new arraignment date was not set for the debtor until after he agreed to sign a settlement agreement with Campion to have the Personal Property of the company removed from the basement of the Property.

62.    The debtor was not permitted visitors and could not access the company's checkbooks to pay the company's employees and bills.

63.    The debtor was extremely concerned that without payment of company's utilities, electric, gas and water would be shut off, resulting in the loss of all tenants. Furthermore, without the ability to pay the company's employees, necessary maintenance on the  properties would go undone, all of which might lead to the condemnation of the company's properties.

64.    After several week of incarceration, the debtor was offered a settlement and release agreement (the "Release Agreement") by Campion and JCPR, whereby Campion agreed to dismiss charges against the debtor in exchange for the debtor's, and the company's, agreement to release Campion and JCPR from all liability and remove the company's Personal Property from the Property. A true and correct copy of the Release Agreement is attached hereto and marked as Exhibit "P".

65.    The debtor signed the agreement for himself but not for the company at his arraignment and was released from prison after more than thirty (30) days.

## Relief Requested

66.    The effects of the incarceration was catastrophic for the debtor.

67.    The company's maintenance workers quit and would not return to work after the debtors release from prison.

68.    The company was unable to hire competent replacements because the construction season was in full swing by the time of debtors release and his imprisonment was a well-publicized fact, causing candidates to not show up for interviews or work, after being hired.

69.    The debtor was forced to perform the company's maintenance by himself, which was a slow process due to his medical conditions and backlog of other business duties left unperformed during his absence.

70.    Debtor spent over a year under medical care and performing specific exercise programs to return to the same physical condition prior to his incarceration.

71.    Debtor has incurred additional stress, anxiety, and depression the result of his incarceration and resulting additional financial burdens.

72.    Debtor was forced to set aside the completion of the work on his home while he worked on the company's properties so it could gain financial stability.

73.    Debtor spent the remainder of his trust fund to keep the company financially fluid during its rebuilding after the loss of tenants.

74.    Debtor continues to incur additional interest, legal fees and cost from his creditors due to the extended time of his bankruptcy result, the of his incarceration.

75.    Debtor was unable to file an amended plan and increase payments to his mortgage company for over a year due to the delay in completing repairs to his home, and bringing in a roommate, the result of his incarceration.

76.    Debtor's final amended plan has identified monthly payments that allows for no contingency expenses and requires some concessions by the creditors.

77.    The Affidavit of Probable Cause (the "Affidavit") in the complaint contained
numerous false statements, including the following: A true and correct copy of the Complaint is
attached hereto and marked as Exhibit "Q"

a) "Campion stated that he bought the property from Gary Grimm, Grimm still owns the
property at 837 Swede St." Contrary to the Affidavit,Campion obtained the Property from the
company via Tax Sale, and the company owns 837 Swede Street.

b)"Ruben Hernandez and Jenny de la Cruz Hernandez… observed a black male and a
white male with Gary Grimm at the rear the property." Contrary to the Affidavit, two white
employees of Debtor were at the back of and inside the basement of the property; Grimm was
not with them at any time.

c) "Grimm stated that he did go into the basement." Contrary to the Affidavit, Grimm did
not tell officer Buckwalter that he went into the basement. After company's employee informed
the debtor that there was no gas dryer in the basement, which he had been sent to retrieve, only
electric ones, Grimm, by himself, went to the door of the basement at the Property, but did not go
in. Grimm saw an electric dryer sitting in the doorway and saw no reason to proceed further.

d)    "Gary Grimm is contesting the Sheriff sale of 839 Swede St." Contrary to the
Affidavit, the company was  contesting the sale ,not the debtor.

e)    "I contacted Montgomery County Board of assessment and appeals for ownership
of 839 Swede St. Bill of sale to John Campion from Gary Grimm occurred on 3/21/17 as a public
record…"Contrary to the Affidavit, all public records showed the ownership of 839 Swede
St.was in the name of the company and the transfer was from the company to JCPR.

f)    "This is the second time a police report has been made, the first time was January
22, 2018, when the owner of 839 Swede St., John Campion made a report that Gary Grimm

changed the locks on the basement door to the property Campion owns."Contrary to the

Affidavit, the company already had a key to the original lock given to them by Campion.

g)     "Campion also told Grimm that he can just not enter his property." At no time did

Campion inform the debtor that he could not enter the Property. As late as January 2018, when

the debtor and Campion discussed keeping the second lock unlocked, Campion did not tell the

debtor he could not enter the basement.

h)     "In the letter Grimm stated that he removed the lock from the basement door…"

Contrary to the Affidavit, the letter referenced did not state that Grimm removed the lock. The

letter stated the following "I am turning over to you the lock that was removed from the door."

See Exhibit "K".

WHEREFORE, Debtor requests that this Court enter an Order as follows:

a.   John Campion and JCPR LLC be held in contempt of court, jointly and severally, for

     violating 11 U.S.C. § 362;

b.   Awarding compensatory damages to Debtor in the amount of $20,000 against John

     Campion and JCPR LLC, jointly and severally;

c.   Awarding punitive damages, for debtor's pain and suffering fees for contempt of

     court in the amount of $200,000

d.   Granting such other relief as this Court deems just and proper.


Dated: September 10, 2019



Gary Grimm

Gary Grimm
837 Swede St.
Norristown, PA 19401
610 – 275-5855
GaryrGrimm@Hotmail.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| | : | |
| Gary GRIMM | : | |
| | : | Case No. 17-10625 (MDC) |
| Debtor | : | |

## ORDER

AND NOW this _____ day of _____, 2019, upon consideration of
Debtor's Motion of Debtor Seeking Sanctions and Damages for Stay Violation against John
Campion and JCPR LLC,  and any response thereto, and for good cause shown, it is hereby
ORDERED and DECREED that debtor's motion is GRANTED. It is further ORDERED as
follows:

a.   John Campion and JCPR LLC be held in contempt of court, jointly and severally, for
    violating 11 U.S.C. § 362;

b.   Awarding compensatory damages to Debtor in the amount of $20,000 against John
    Campion and JCPR LLC, jointly and severally;

c.   Awarding punitive damages, for debtor's pain and suffering fees for contempt of court
    in the amount of $200,000

d.   Granting such other relief as this Court deems just and proper.


BY THE COURT


_____
Honorable Magdeline D. Coleman



EXHIBIT A



**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

Schedule A

Policy No:  SDP08010171
Writ No:    2006-12263
File No:    C20971S

Attached to and forming part of Policy Number SDP08010171

RE:  Premises: 839 Swede Street, Borough of Norristown,
     Montgomery County, PA
     Parcel No.: 13-00-36452-00-3

Persons to whom distribution is to be made:

1.  $4,674.59 - Payable to the Sheriff of Montgomery County for costs
2.  $1,014.60 - Payable to the Montgomery County Recorder of Deeds Office for County Transfer Tax
3.  $1,014.60 - Payable to the Montgomery County Recorder of Deeds Office for State Transfer Tax
4.  $18,782.73 – Payable to Portnoff Law Associates on behalf of Norristown Municipal Waste Authority on Foreclosure Case No. 2006-12263
5.  $18,409.35 – Payable to Montgomery County Tax Claim Bureau for delinquent taxes due
6.  $49.52 – Payable to Norristown Municipal Waste Authority for current sewer charges due
7.  $15.00 – Payable to County of Montgomery c/o Waste System Authority for waste charges
8.  $2,156.19 – Payable to Berkheimer for 2016-2017 School taxes due
9.  $35,383.42 – Balance of the Distribution payable to Continental Bank first mortgage lien holder

TOTAL $81,500.00 dollars

Schedule of Distribution was Hung on December 1, 2016

Unless exceptions are filed on or before December 12, 2016 distribution will be made in accordance

with the above schedule

EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement is made this _____ day of December, 2016, by and between GRIMM BROTHERS SUPPLY COMPANY (the "Borrower"), GRIMM BROTHERS REALTY CO. ("Realty") and GARY R. GRIMM ("Grimm", and collectively with Realty, the "Guarantors"), and PNC BANK, NATIONAL ASSOCIATION (the "Bank").

## RECITALS

WHEREAS, on or about January 31, 1994, Continental Bank made a loan to the Borrower in the amount of $100,000 (the "Loan") and the Borrower executed in favor of Continental Bank a Non-Discount Note in the principal amount of $100,000 (the "Note");

WHEREAS, on or about June 20, 1989, Realty executed an Unlimited Surety Agreement (the "Realty Surety"), whereby Realty became an unconditional surety for all loans then or thereafter due from the Borrower to Continental Bank;

WHEREAS, on or about June 20, 1989, Grimm executed an Unlimited Surety Agreement (the "Grimm Surety"), whereby Grimm became an unconditional surety for all loans then or thereafter due from the Borrower to Continental Bank;

WHEREAS, as additional collateral for loans made by Continental Bank to the Borrower, Realty executed a Mortgage Agreement (the "Mortgage", and collectively with the Note, the Realty Surety and the Grimm Surety, the "Loan Documents"), which granted Continental Bank a mortgage on the premises known as 837-839 Swede Street, Norristown, Montgomery County, Pennsylvania (the "Property");

WHEREAS, the Bank is the successor by merger to Continental Bank by virtue of its merger with Midlantic Bank in 1995 (which had previously acquired Continental Bank in 1994);

WHEREAS, in 1997 the Borrower defaulted on its obligations to the Bank under the Note;

WHEREAS, on or about April 20, 1998, the Bank filed a Complaint in Mortgage Foreclosure against Realty in the Court of Common Pleas of Montgomery County, Case No. 98-07666 (the "Foreclosure Action") to foreclose on the Property;

WHEREAS, on or about May 29, 1998, the court entered a default judgment against Realty in the Foreclosure Action (the "Foreclosure Judgment");

WHEREAS, on or about December 7, 2001, the Bank confessed judgment against Grimm in the amount of $115,608.00 in the Court of Common Pleas of Montgomery County, Case No. 01-24578 (the "Grimm Judgment", and collectively with the Foreclosure Judgment, the "Judgments");

WHEREAS, the Property was listed for Sheriff's sale at various times by the Bank;

EXHIBIT C

WHEREAS, on or about May 29, 2013, the Borrower, the Guarantors and the Bank entered into a Forbearance Agreement (the "Forbearance Agreement"). Pursuant to the terms of the Forbearance Agreement, the Borrower agreed to make monthly interest payments to the Bank until December 31, 2013, at which time the Borrower would make a lump sum payment of $91,000 to the Bank in full satisfaction of the Loan;

WHEREAS, the Borrower failed to pay the $91,000 to the Bank as agreed in the Forbearance Agreement;

WHEREAS, since the expiration of the Forbearance Agreement on December 31, 2013, the Borrower has continued to make monthly interest payments to the Bank;

WHEREAS, after foreclosure by the Norristown Municipal Waste Authority, the Property was listed for Sheriff's sale on October 26, 2016. The Property was listed for sale in two separate parcels: 837 Swede Street and 839 Swede Street;

WHEREAS, 839 Swede Street was sold at Sheriff's sale to a third party for $81,500.00;

WHEREAS, pursuant to the proposed Schedule of Distribution posted by the Sheriff of Montgomery County on December 1, 2016, $35,383.42 of the proceeds (the "Sheriff's Sale Proceeds") will be distributed the Bank as the holder of the first mortgage on the Property;

WHEREAS, the Borrower and the Bank subsequently engaged in settlement discussions regarding this matter; and

WHEREAS, the parties hereto desire to settle and compromise their dispute without further litigation in accordance with the provisions hereinafter set forth.

NOW, THEREFORE, with the foregoing deemed incorporated by reference and made a part hereof, the parties hereto, intending to be legally bound, hereby promise and agree as follows:

1.    Settlement Amount. Subject to the terms of this Agreement, the Bank hereby agrees to accept the sum of Thirty-Five Thousand Three Hundred Eighty-Three Dollars and 42/100 ($35,383.42) (the "Settlement Amount") in full satisfaction of the amounts owed by the Borrower to the Bank on account of the Obligations and the Judgment. The Settlement Amount shall be paid to the Bank through distribution of the Sheriff's Sale Proceeds to the Bank. The date that the Settlement Amount is paid to the Bank in good funds in accordance with this Paragraph shall be the "Payment Date".

2.    Agreement Not to Interfere with Release of Sheriff's Sale Proceeds to Bank. The Borrower and each of the Guarantors agrees not to take any action that would interfere with or otherwise delay the release of the Sheriff's Sale Proceeds to the Bank, including but not limited to filing an exception to the proposed Schedule of Distribution, otherwise disputing the proposed Schedule of Distribution, and/or pursuing voluntary bankruptcy relief.

2

119377347_1

3.    Satisfaction of Judgments.  Provided that the Settlement Amount is paid to the Bank through distribution of the Sheriff's Sale Proceeds without any delay caused by the Borrower or either Guarantor, then within ten (10) business days after the Payment Date, the Bank shall cause each of the Judgment to be marked satisfied.

4.    Release of Mortgage.  Provided that the Settlement Amount is paid to the Bank through distribution of the Sheriff's Sale Proceeds without any delay caused by the Borrower or either Guarantor, then within forty-five (45) days after the Payment Date, the Bank shall cause the Mortgage to be released.

5.    Release of Bank.  Effective immediately upon execution of this Agreement, the Borrower and each of the Guarantors, for themselves and on behalf of all of their respective principals, agents, directors, officers, shareholders, members, employees, representatives, predecessors, affiliates, successors, heirs, personal administrators, and assigns (collectively, the "Borrower Releasing Parties"), hereby release and fully and forever discharge the Bank and its predecessors, successors and assigns, current parent corporations, members, subsidiaries, affiliates, divisions, joint venturers, partners, principals, managers, board members, trustees, agents, representatives, shareholders, employees, and officers and directors (in their individual and representative capacities as officers and directors) (collectively, the "Bank Released Parties") from and against all claims, counterclaims, demands, damages, liabilities, losses, costs, expenses, accounts, debts, liens, judgments, obligations, orders, understandings, contracts, covenants, agreements, arrangements, controversies, suits, proceedings, actions and rights or causes of action, or suits or proceedings of any kind or nature in law, equity or otherwise, claims for attorney fees or accounting fees, of every kind and description, whether accrued or unaccrued, matured or unmatured, known or unknown, suspected or unsuspected, which the Borrower Releasing Parties now have, ever had or which any of them hereafter can, shall or may have against the Bank Released Parties, for, or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date of the execution of this Agreement (the "Released Claims").

6.    Release by Bank.  Conditioned upon receipt of the Settlement Amount through distribution of the Sheriff's Sale Proceeds and the Borrower and Guarantors' compliance with Paragraph 2 of this Agreement, and effective upon the Final Payment Date, the Bank, for itself and on behalf of all of its principals, agents, directors, officers, shareholders, employees, representatives, predecessors, affiliates, successors, heirs, personal administrators, and assigns (collectively, the "Bank Releasing Parties"), hereby releases and fully and forever discharges the Borrower and each of the Guarantors, and their respective predecessors, successors and assigns, current parent corporations, members, subsidiaries, affiliates, divisions, joint venturers, partners, principals, managers, board members, trustees, agents, representatives, shareholders, employees, and officers and directors (in their individual and representative capacities as officers and directors) (collectively, the "Borrower Released Parties") from and against all claims, counterclaims, demands, damages, liabilities, losses, costs, expenses, accounts, debts, liens, judgments, obligations, orders, understandings, contracts, covenants, agreements, arrangements, controversies, suits, proceedings, actions and rights or causes of action, or suits or proceedings of any kind or nature in law, equity or otherwise, claims for attorney fees or accounting fees, of

3

every kind and description, whether accrued or unaccrued, matured or unmatured, known or unknown, suspected or unsuspected, which the Borrower Releasing Parties now have, ever had or which any of them hereafter can, shall or may have against the Borrower Released Parties, for, or by reason of any cause, matter or thing whatsoever, arising out of or relating to the Loan, the Loan Documents and/or the Judgments, from the beginning of the world to the date of the execution of this Agreement.

7.   Covenant Not to Sue.  In addition to the releases contained in Section 5 above, and not in limitation thereof, the Borrower and each of the Guarantors hereby agrees that they will never prosecute, nor voluntarily aid in the prosecution of, any action or proceeding relating to the Released Claims, whether by claim, counterclaim or otherwise.

8.   Failure to Comply with Paragraph 2 of this Agreement.  The Bank's willingness to enter into this Agreement is expressly contingent upon the receipt of the Settlement Amount through distribution of the Sheriff's sale proceeds to the Bank without any delay caused by the Borrower or the Guarantors. In the event the Borrower and/or the Guarantors fail to comply with Paragraph 2 or the Settlement Amount is not paid to the Bank within ninety (90) days of the date of this Agreement (the "Payment Deadline"), then the Bank shall have no further obligations under this Agreement and may continue to pursue the full amount owed on account of the Loans and/or the Judgments.  The Payment Deadline may be extended in the sole discretion of the Bank.

9.   Modifications.  No modification of this Agreement shall be binding or enforceable unless in writing and signed on behalf of the party against whom enforcement is sought

10.   Governing Law.  This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania.

11.   Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Borrower, the Guarantors and the Bank and their respective heirs, executors, administrators, successors and assigns.

12.   Counterparts.  This Agreement may be executed in any number of counterparts with the same effect as if the signatures thereto and hereto were upon the same instrument, but all of such counterparts taken together shall be deemed to constitute one and the same instrument.

13.   Execution by Electronic Means.  This Agreement may be circulated for signature by facsimile or email, and return by facsimile transmission or PDF and email constitutes acceptance of this Agreement and the intention to be legally bound hereby. After execution by facsimile or PDF, the originally executed document shall be promptly sent to the other party to this Agreement.

14.   Voluntary Execution.  Each of the parties to this Agreement represent and acknowledge that in executing this Agreement they have sought and obtained the advice of legal counsel and do not rely and have not relied upon any representations or statements made by each

4

119377347_1

other with regard to the subject matter, basis or effect of this Agreement, or otherwise.  The parties each acknowledge that the Agreement is executed voluntarily and without any duress or undue influence.

15.    Persons Authorized to Sign on Behalf of Entity.    Each person signing this Agreement on behalf of any entity warrants and represents that he or she has the full and complete authority to enter into this Agreement on behalf of that entity.

16.    Entire Agreement. This Agreement represents the entire understanding of the parties hereto with respect to the subject matter hereof and completely integrates in writing all negotiations, discussions, understandings and agreements of every kind and character between and among the parties. Each party confirms and agrees that such party has executed this Agreement solely for the purpose expressly stated herein and therein, and not in reliance upon any other oral or written agreement, promise, representation and warranty, or upon any belief as to any fact not expressly recited herein. This Agreement may not be supplemented, amended or modified in any way whatsoever without the prior written consent of all parties hereto.

17.    Headings. The headings of any paragraph of this Agreement are for convenience only and shall not be used to interpret any provision hereof.

18.    WAIVER OF JURY TRIAL. THE BORROWER, EACH OF THE GUARANTORS AND THE BANK HEREBY IRREVOCABLY WAIVE ANY AND ALL RIGHTS THEY MAY HAVE TO A JURY TRIAL IN CONNECTION WITH ANY LITIGATION COMMENCED BY OR AGAINST THE BANK WITH RESPECT TO RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO OR OTHERWISE.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

5

119377347_1

    IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, under seal, the day and year first above written.

WITNESS / ATTEST:                        GRIMM BROTHERS SUPPLY CO.

By:_____         By:_____
Print Name:_____       Print Name:_____
Title:_____        Title:_____(SEAL)

WITNESS / ATTEST:                        GRIMM BROTHERS REALTY CO.

By:_____         By:_____
Print Name:_____       Print Name:_____
Title:_____        Title:_____(SEAL)

WITNESS / ATTEST:                        GARY R. GRIMM

By:_____         By:_____
Print Name:_____       Print Name:_____
Title:_____

                                   PNC BANK, NATIONAL ASSOCIATION

                                   By: _____
                                   Print Name: _____
                                   Title: _____

119377347_1

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 2 Document Page 138 of 240 Entered 09/13/19 10:36:14    Desc
Exhibit    Page 9 of 30

Case 15-12921-mdc    Doc 89    Filed 01/19/17    Entered 01/19/17 13:53:14    Desc Main
Document    Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    :            CHAPTER 7
                                          :
GRIMM BROTHERS REALTY CO.                 :
                                          :            Case No. 15-12921 (MDC)
                            Debtor        :
                                          :

### ORDER APPROVING REQUEST FOR EXPEDITED CONSIDERATION OF DEBTOR'S COMBINED MOTION (1) FOR LEAVE TO FILE A CHAPTER 11 BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE

AND NOW, this ___ day of January, 2017, upon consideration of the Debtor's request for expedited consideration of its Combined Motion (1) FOR LEAVE TO FILE A CHAPTER 11 BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE (the "Motion"), and sufficient cause appearing therefore, it is hereby ORDERED that

1.      The request for expedited consideration of the Motion is hereby APPROVED and a hearing on the Motion is scheduled for *February 1st* ___, 2017 at _l_ a.m./(p.m.) in the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Courtroom No. 2, Philadelphia, Pennsylvania 19107.

2.      Any party objecting to the Motion or otherwise who wishes to be heard need not file a written objection, but must attend the foregoing hearing and orally present an answer or objection explaining your position.

**EXHIBIT D**

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 2Document filed 0Page/139 of 24009/13/19 10:36:14    Desc
Exhibit    Page 10 of 30

Case 15-12921-mdc    Doc 89    Filed 01/19/17    Entered 01/19/17 13:53:14    Desc Main
Document    Page 2 of 2

3.    Because this Court could not accommodate both the Debtor's request for a

hearing prior to January 25, 2017 and a hearing date that all counsel could attend, and finding

that the Debtor has alleged *prima facie* grounds for the relief sought therein, all collection efforts,

including any scheduled judicial sales, with respect to (a) 837 Swede Street, Norristown, PA; (b)

901 Swede Street, Norristown, PA; (c) 857 Cherry Street, Norristown, PA; and/or (d) 636

Cherry Street, Norristown, PA are hereby STAYED until further order of this Court.

4.    The Debtor shall serve a copy of this Order, together with the Motion (unless

already served) no later than _January        31_, 2017 via e-mail, fax, overnight mail or

hand delivery upon the (a) Office of the United States Trustee, (b) counsel to the Norristown

Municipal Waste Authority, (c) counsel to the Montgomery County Tax Claim Bureau and (d)

counsel to creditors, Maryann King, Madeline Rice, Matthew Rice and Tyler Shipley.

_Magdeline D. C_
Magdeline D. Coleman
United States Bankruptcy Judge

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

NORRISTOWN MUNICIPAL WASTE      : No. 2006-12263
AUTHORITY      :
          Plaintiff      :
     v.      :
GRIMM BROTHERS REALTY CO.      :
     :
          Defendants      :

## COVER SHEET OF MOVING PARTY

Date of Filing __2/7/17__      Moving Party <u>Grimm Brothers Realty Co.</u>

Counsel for Moving Party <u>Ethan O'Shea, Esquire</u>    I.D. No. <u>69713</u>

Document Filed (Specify) <u>Defendant's Petition to Set Aside Sheriff's Sale</u>

Matter is (Check One)    ✓    (Appealable)    _____ (Interlocutory)

Oral Argument      ✓    (Yes)        _____ (No)

**CERTIFICATIONS** – Check ONLY if appropriate:

_____   Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute.
       (Required by Local Rule 208.2(e) on motions relating to discovery.)

_____   Counsel for moving party certifies that the subject civil motion is uncontested by all parties involved
       in the case. (If checked, skip Rule to Show Cause section below.)

             By:_____
                      Counsel for Moving Party

**RULE TO SHOW CAUSE** - Check ONE of the Choices Listed Below:

✓   Respondent is directed to show cause why the moving party is not entitled to the relief requested by
     filing an answer in the form of a written response at the Office of the Prothonotary on or before the
    _____ day of _____, 2017.

_____   Respondent is directed to show cause, in the form of a written response, why the attached Family
     Court Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the
    _____ day of _____, 20___ at 1:00 p.m. at 321 Swede Street, Norristown, Pa.

_____ Respondent is directed to file a written response in conformity with the Pennsylvania Rules of Civil
     Procedure.

_____ Rule Returnable at time of trial.

             By:_____
                      Court Administrator

Case# 2006-12263-140 Docketed at Montgomery County Prothonotary on 02/07/2017 5:17 PM, Fee = $0.00

{01913619;v1 }

**EXHIBIT E**

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

NORRISTOWN MUNICIPAL WASTE    :    NO.: 2006-12263
AUTHORITY                       :
                                    :
       v.                      :
                                      :
GRIMM BROTHERS REALTY CO.        :

## ORDER

And Now, this _____ day of _____, 2017, upon consideration of Defendant Grim Brothers Realty Co.'s Petition to Set Aside Sheriff's Sale, and any response thereto, it is hereby ORDERED and DECREED that Defendant's Petition is GRANTED. The sale of Defendant's real property located at 839 Swede Street, Norristown, PA is hereby set aside.

BY THE COURT:

_____
                                            J.

{01970333;v1 }

Case# 2006-12263-140 Docketed at Montgomery County Prothonotary on 02/07/2017 5:17 PM, Fee = $0.00

ETHAN O'SHEA, ESQUIRE
IDENTIFICATION NO. 69713
HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN
375 MORRIS ROAD
P.O. BOX 1479                                    ATTORNEYS FOR DEFENDANT
LANSDALE, PA 19446-0773
(215) 661-0400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

NORRISTOWN MUNICIPAL WASTE          :          NO.: 2006-12263
AUTHORITY                          :
                                   :
        v.                         :
                                   :
GRIMM BROTHERS REALTY CO.          :

## PETITION TO SET ASIDE SHERIFF'S SALE

Defendant Grim Bros. Realty Co., by its attorneys, Hamburg, Rubin, Mullin, Maxwell &

Lupin, P.C. hereby petitions to set aside sheriff's sale and in support thereof avers the following:

1.      Grimm Bros. Realty Co. is the Defendant in the above-referenced cause of action.

2.      On or about October 26, 2016, Defendant's real property located at 839 Swede

Street in the Borough of Norristown was sold by the Plaintiff via an upset sale to enforce a

municipal claim pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. §7101 et. seq.

3.      Upon information and belief, the property sold for $81,500.00.

{01970307;v1 }

4.    Upon information and belief, notice of the sale was not posted on the property as required by Pa.R.C.P. 3129.2 or otherwise properly served on the Defendant.

5.    The Defendant's property was sold without notice and in violation of his due process rights.

6.    The sale must be set aside per Pa.R.C.P. 3132.

WHEREFORE, Defendant respectfully requests that the Petition be granted and the sale be set aside.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

Date: _2/9/17_        By: _____
ETHAN O'SHEA, ESQUIRE

Case# 2006-12263-140 Docketed at Montgomery County Prothonotary on 02/07/2017 5:17 PM, Fee = $0.00

{01970307;v1}

## VERIFICATION

I, Gary Grimm, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann. Section 4904, relating to unsworn falsification to authorities.

Dated: 2/7/17

GARY GRIMM on behalf of
Grimm Bros. Realty Co. and
Grimm Brothers Realty Co.

Case# 2006-12203-149 Docketed at Montgomery County Prothonotary on 02/07/2017 5:17 PM, Fee = $0.00

{Grimm Verification (01970234x9DAE0);v1 }

*1/95*

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION- IN REM

NORRISTOWN MUNICIPAL       :
    WASTE AUTHORITY          :
      Plaintiff              :    NO# 2006-12263
       vs.                  :      2006-12257
GRIMM BROTHERS REALTY CO       :
    Defendants               :

## COVER SHEET OF MOVING PARTY

Date of Filing- **March 3, 2017**          Moving Party: **Grimm Brothers Realty Co.**

Counsel for Moving Party- **Joshua L. Thomas, Esq.**          I.D. No. **312476**

Document Filed (Specify): **EMERGENCY MOTION FOR EXTENSION OF TIME AND FOR RECONSIDERATION OF ORDER OF FEBRUARY 3, 2017**

Matter is:  __X__ (Appealable)  _____ (Interlocutory)  Oral Argument _____ (Yes) __X__ (No)

---

**CERTIFICATIONS - Check ONLY if appropriate:**

_____ Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute. (Required by Local Rule 208.2(e) on motions relating to discovery.)

_____ Counsel for moving party certifies that the subject civil motion is uncontested by all parties involved in the case. (If checked, skip Rule to Show Cause section below.)

              By: _____
                    Counsel for Moving Party

---

**RULE TO SHOW CAUSE - Check ONE of the Choices Listed Below:**

_____ Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an answer in the form of a written response at the Office of the Prothonotary on or before the _____ day of _____ 20___ ;

_____ Respondent is directed to show cause, in the form of a written response, why the attached Family Court Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the _____ day of _____ , 20___ at 1:00 p.m. at 321 Swede Street, Norristown, Pa.

_____ Respondent is directed to file a written response in conformity with the Pennsylvania Rules of Civil Procedure.

__X__ Rule Returnable at time of trial.

              By: _____
                    Court Administrator



2006-12263-0157  3/7/2017 1:59 PM  # 11189804
Motion
Rcpt#:Z3065720  Fee:$0.00  Exhibit A

**EXHIBIT F**

Joshua L. Thomas Esq.
Supreme Court ID No. 312476
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
### PENNSYLVANIA

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL | : | |
| WASTE AUTHORITY | : | |
| **Plaintiff** | : | NO: 2006-12263 |
| v. | : | NO: 2006-12257 |
| | : | |
| **GRIMM BROTHERS REALTY CO.** | : | |
| **Defendants** | : | |

## EMERGENCY MOTION FOR EXTENSION OF TIME AND FOR RECONSIDERATION OF ORDER OF FEBRUARY 8, 2017

1. I, Joshua L. Thomas, Esq., have been retained by Defendant, Grimm Brothers Realty Co. (hereafter "Grimm") for the above listed Motion.

2. On October 26, 2016 a property owned by Grimm at 202 Jacoby Street AND 839 Swede Street, Norristown, PA 19401 (hereafter "properties") was sold to a third party at a Montgomery County Sheriff's department Real Estate Division (hereafter "the County").

3. On December 1, 2016 the distribution of proceeds from the sale was hung in the Montgomery County Courthouse. (See Exhibit "A" – Distribution of Proceeds).

4. Notice was given, via publication, that if there were any objections to the distributions; they were to be filed by December 12, 2016.

5. On December 12, 2016, Grimm filed Exceptions to Sheriff Sale Distribution. (See Exhibit "B" – Exceptions to Sheriff Sale Distribution).

6.  A hearing was scheduled for the Exceptions to Sheriff Sale Distribution for February 1,
    2017, but was rescheduled to February 8, 2017 by the Honorable Calvin Drayer due to a
    hearing for Grimm in the United States Bankruptcy Court of the Eastern District. (See
    Exhibit "C").

7.  On February 7, 2017 Grimm filed a Petition to Set Aside Sheriff Sales. (See Exhibit "D.")

8.  On February 8, 2017 the hearing scheduled before the Honorable Emanuel A. Beritin for
    the Exceptions to Sheriff's Determination of Distribution of Proceeds was held.

9.  The hearing of February 8, 2017, was conducted by Counsel for the Norristown
    Municipal Waste Authority (hereafter "Norristown").

10. Norristown prosecuted the case for the sale of the property but per admittance of
    Norristown's Counsel, "they are out of the picture" after the sale was concluded.

11. Norristown was one of eleven entities listed to whom distributions were to be made after
    the sale took place. (See Exhibit "A" – Distribution of Proceeds).

12. Upon completion of the sale, the Montgomery County Sheriff's Department, Real Estate
    Division oversees all sale related matters pursuant to Pa.R.C.P. 3139(c), (d).

13. Commerce Abstract Co., a company hired by the County that are licensed and insured for
    this purpose, identified the recipients and their amounts from the proceeds of the sale.

14. Mr. Robert McGurkin, Esquire is the solicitor for the Sheriff's Department and was
    present at the hearing on February 8, 2017, but did not participate.

15. Mr. Joseph Pizonka, Esquire, representing Commerce Abstract Co., who compiled the list
    of parties to whom sale proceeds were to be distributed, was present at the hearing of
    February 8, 2017.

16. He also did not participate in the hearing.

17. Norristown delivered a 52-page document to Grimm at the hearing allegedly consisting of the support for the distribution of funds. (See Exhibit "E").

18. The Court asked Grimm twice during the hearing if discovery was required.

19. Grimm's attorney at the time, against Grimm's strongest objections, responded no to the Court both times.

20. Grimm was trying to indicate at the hearing very clearly that he did want discovery, yet his counsel at the time ignored him.

21. Upon review of the voluminous document, it was found that the document consisted of title searches, copies of active suits in the Court of Common Pleas to which Grimm was a party, property deeds and cumulative numbers of parties with claims/liens against Grimm which was insufficient.

22. During this hearing, Norristown advised the Court that the Honorable Bernard Moore had more knowledge of the matter scheduled before the Court that day, than the sitting Judge.

22. The truth is that the Honorable Bernard Moore has never presided over an Exception to Sheriff's Sale Distributions hearing for Grimm.

24. Grimm was appalled at the blatant attempt of Norristown to select a judge for a hearing which could be construed as judge shopping, which is universally frowned upon. (*See Tilli v. Northampton Co.*, 370 F. Supp. 459 (E.D. Pa. 1974); *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*citing in re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

25. The proper party to conduct this hearing should have been the County; as it proceeded, it can be construed that there was a conflict of interest for Norristown to conduct the hearing.

26. Grimm presently objects to Norristown conducting any further Exceptions hearing and states for the record, that Norristown was the improper party.

27. On February 8, 2017, the Court Administration set a rule returnable date of March 13, 2017 for response to Grimm's Petition to Set aside Sales. (See Exhibit "F"-Rule).

28. After learning that the documents supplied did not contain a breakdown of information Grimm needed, Grimm prepared a discovery request for the County on February 15, 2017 which were allegedly served upon the County. (See Exhibit "G" – Discovery requests).

29. For reasons unknown the Discovery was not served upon the County by Grimm's previous counsel.

30. Although there was no hearing listed by the Court for the day referencing the Petition to Set Aside Sale of the Property .After the hearing for the Exceptions to Distribution there was a discussion concerning a hearing on the Petition that allegedly was agreed to by both parties.

31. A rule returnable date for response to Grimm's Petition to Set Aside Sale has been listed for March 13, 2017.

32. Further, there is a stay in effect for Grimm from bankruptcy case #15-12921. (See Exhibit " H"-Stay)

33. On March 3, 2017, Grimm's Operations Manager Gary Grimm is under Court Order to supply schedules for his personal Bankruptcy Case #17-10625. (See Exhibit " I"-Order)

34. On Monday, March 6, 2017 Grimm has a hearing in Bankruptcy Court for Case #15-12921.

35. On March 7, 2017, new counsel personally has a plenary hearing in Camden County, New Jersey at docket number F-041818-15.

36. On March 8, 2017, new counsel personally has an Order to Show Cause hearing in Morris County, New Jersey at Docket number DC 1275-17.

37. On March 9, 2017 Gary Grimm is a party in the Domestic Court Case at docket #14-X1976 "The Estate of Richard V. Grimm, Deceased".

38. Upon a cursory review of the Petition to Set Aside Sheriff's Sale, counsel believes that an Amended Petition will need to be filed following a complete review of the record.

39. Considering the size of the record, a significant amount of time will be needed to become familiarized with this case, as new counsel of record, and all of the previous proceedings.

40. Grimm is aware that Norristown objects to any continuance, but we believe this objection is in bad faith.

41. If Norristown had agreed to payment terms for the associated $30,000.00 worth of sewer bills for its properties from 1998-2004, which is now close to $200,000.00, these hearings would not have been necessary as the bills would have been paid off in full.

WHEREFORE Grimm Brothers Realty requests that:

- the Court continue the hearing of March 7, 2017 for at least 60 days so Discovery can be completed and new counsel can review the case documents.

- the argument is assigned for the Exceptions To Sheriff Sale Distribution hearing to the correct representing party, specifically the Montgomery County Sheriff.

- The Court grants permission to Grimm Brothers Realty Company to file Amended Exceptions to Sheriff Sales Distribution and Petitions to Set Aside Sheriff's Sale.

Date: March 3, 2017          By: _____

Joshua L. Thomas, Esq.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL | : | |
| WASTE AUTHORITY | : | |
| Plaintiff | : | NO: 2006-12263 |
| v. | : | NO: 2006-12257 |
| | : | |
| GRIMM BROTHERS REALTY CO. | : | |
| Defendant | : | |

### VERIFICATION

I, Gary R. Grimm the undersigned, certify that the facts set forth in the foregoing legal document are true and correct to the best of my knowledge, or information, and belief. I make this Verification subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities which provides that if I knowingly make false statements, I may be subject to criminal penalties.

Gary R. Grimm

GBR-UTI-NMWA-LEG-VERIFY- MOTION TO RECONSIDER ORDER 2-8-17-2006-12257-3-1-17

5/28/2019

# 𝔖𝔥𝔢𝔯𝔦𝔣𝔣𝔰 𝔕𝔢𝔱𝔲𝔯𝔫 𝔬𝔫 𝔕𝔢𝔞𝔩 𝔈𝔰𝔱𝔞𝔱𝔢

County of Montgomery Sheriff's Office                    Docket Number:    **06-12263**

Plaintiff:    Norristown Municipal Waste Authority
Vs.

Defendant:    GRIMM BROTHERS REALTY CO

Address:    839 SWEDE ST

Location:    Norristown Borough

Parcel No.:    13-00-36452-00-3

---

## Sale of Property

### 𝔗𝔬 𝔱𝔥𝔢 𝔥𝔬𝔫𝔬𝔯𝔞𝔟𝔩𝔢 𝔍𝔲𝔡𝔤𝔢𝔰 𝔴𝔦𝔱𝔥𝔦𝔫 𝔫𝔞𝔪𝔢𝔡:

Sean P. Kilkenny, Sheriff of Montgomery County, does respectfully certify and return that, after due

public and timely notice by me given of the time and place of the sale, according to law and rules of

Court, I did on the 26th day of October A.D. Year 2016, expose the land and premises with the

appurtenances in the annexed writ of execution,

Money Judgement

Mentioned (the defendant in said writ having dispensed with and waived inquisition, etc., as per

agreement thereto annexed) to sale by public vendue or outcry, and sold the same to

**John Campion**

for the sum or price of  **$81,500.00**, he/she being the highest and best bidder, and that the highest and

best bidder for the same, which said sum of money I have ready here.

So answers

*Sean P. Kilkenny*

Sean P. Kilkenny, Sheriff

2006-12263-0164  3/15/2017 11:58 AM  # 11199077
Sheriff Sold Real Estate to
Rcpt#Z3074404  Fee:$0.00
Mark Levy - MontCo Prothonotary

**EXHIBIT G**

1/1

# Joshua L. Thomas & Associates, PLLC

**Joshua L. Thomas, Esq.**
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone:215-806-1733
Fax: 888-314-8910
E-mail: JoshuaLThomas@gmail.com

April 26, 2017

John Campion
315 Sylvania Avenue
Glenside, Pa 19038
JWCAMPION@COMCAST.NET

Re:    839 Swede Street Norristown, PA 19401; Legal Status

Dear Mr. Campion,

I was asked by my client, Grimm Brothers Realty Co., to update you on the legal proceeding concerning the transfer of the deed to 839 Swede St Norristown, PA you recently received. First I want to apologize on behalf of my client that you had to get caught in the middle of these legal wrangling between my client & Norristown. We filed motions in Common Pleas Court to the distribution of proceeds from the sale of the property and against the sale itself last year at case #2006-12257. That court held a hearing without my presence, as I had a prior hearing commitment and the company had an automatic stay order from the United States Bankruptcy Court for Eastern District of Pennsylvania. Nonetheless, they moved forward. It was improper for the court to do this and an appeal was filed immediately to the Commonwealth Court, case #284 CD 2017. An Emergency Petition is being filed with the Court to return the parties to the Status Quo prior the Court's Hearing and resulting Lower Court Order.

We also recently discovered that the Norristown Municipal Waste Authority filed liens against my client for two additional years Than they were entitled to. We are in the process of

**EXHIBIT H**

addressing that with the court now. The present legal action may affect your purchase of the property.

Based on these factors I would refrain from making any changes to the property or complying with any directives from Norristown that could potentially result in changes to the property, until after the Court makes rulings on our filings. If you have any questions, please do not hesitate to call at 215-806-1733.

Thank you for your attention in this matter.

  /s/ Joshua Thomas
Joshua Thomas, Esq.

Cc: Norristown Code Enforcement; Michael Simonson, Manager; fax 610-270-0441

4/6/2018
Gmail - 839

 **Gmail**

Gary Grimm <grimmbrothersrealty@gmail.com>

---

**839**

**Gary Grimm** <grimmbrothersrealty@gmail.com>
To: John Campion <JWCAMPION@comcast.net>

Tue, Dec 5, 2017 at 3:25 PM

Hi John.

The pipes for heat & water in the house have a tendency of freezing easily, due to their locations. We have real winter temperatures coming by Thursday and hanging around. You can drain the heat system & water but the plaster walls will crack once they freeze. You will also have to deal with the freezing in the rear of the basement if heat is off above. I learned the best approach was to keep the heat at 50 in any unit that was empty.

I tried to get in the basement a couple of weeks ago and found I could not due to another lock. Would you unlock that other lock the next time you are in the area ?

**EXHIBIT I**

4/6/2018                                                                Gmail - BASEMENT 839

 Gmail                                    Gary Grimm <grimmbrothersrealty@gmail.com>

## BASEMENT 839

**Gary Grimm** <grimmbrothersrealty@gmail.com>                   Sat, Jan 20, 2018 at 10:52 AM
To: John Campion <JWCAMPION@comcast.net>

Good morning John. I tried to get in the basement this morning but could not. the last time we talked you said that would
not be a problem. When can I get a key to the other lock? I need access to some of my material now.would not be a
problem. When can I get a key to the other lock? I need access now.

**EXHIBIT J**

# Grimm Brothers Realty Company

837 Swede Street
Norristown, Pa. 19401
610-275-5855
Grimmbrothersrealty@hotmail.com

March 1,2018

Norristown Police Department
235 East Airy St.
Norristown, PA 19401
Attention: Officer Darren Buckwalter

RE: 839 Swede St., Norristown
Subject: complaint response & complaint request 2/28/18

Dear officer Buckwalter:

I am supplying you with further explanation and documentation that supports the company's right to have their property in 839 Swede St.

John Campion, did purchase 839 Swede St. with transfer finalized March 25, 2017. On May 26, 2017 Grimm Brothers Realty company filed a petition for bankruptcy in the United States Bankruptcy Court of the Eastern District of Pennsylvania ,which was granted by the court. Included in this filing was a requested stay against removal of company property from 839 Swede St. which was kept in the basement, during the bankruptcy proceedings and the civil challenge to the sale of the property .(Attached)

Mr. Campion and I enjoyed a very civil relationship after this. While changing the lock to the basement he supplied the company with copies of the key.

At one point in late November a second lock was found on the door which we could not open. I contacted Mr. Campion by email requesting that he unlock the other lock.(Attached) I did not hear back .In late January ,during the cold spell I was assisting Mr. Campion's with problems he was having with the heat and freezing pipes. I mentioned again about the access problem and asked that the lock either be left unlocked or get me a key. He stated that would not be a problem.

Not hearing back I emailed him again. (Attached)  Not hearing back again the second lock was removed from the door to enable us access to our property.

As Mr. Campion is now claiming that we are breaking into the area where our property is stored I wish to file a complaint on behalf of the Grimm Brothers Realty company against Mr. Campion for attempted theft of our property and terroristic threats against me personally by his comment that he was going to murder me which he yelled at me in front of you

As he admitted Thursday evening, the property in the basement is ours which is now giving me 30 days to remove.

I am turning over to you the lock that was removed from the door.

Sincerely,

_____

Gary Grimm, Officer

CC: Josh Thompson, Esq.

EXHIBIT K



**Brady & Cissne Law**
501 Bethlehem Pike
Glenside, PA 19038
267-415-8625 (p)
215-845-0848 (f)
kbrady@bradycissnelaw.com
www.bradycissnelaw.com

March 6, 2018

**VIA CERTIFIED 70170660000034602145**
**AND FIRST CLASS MAIL**
Gary Grimm
Grimm Brothers Realty Company
837 Swede Street
Norristown, PA 19401

RE:    NOTICE REGARDING ABANDONED PERSONAL PROPERTY AT
       839 SWEDE STREET, NORRISTOWN, PA  19401

Dear Mr Grimm:

       This firm has been retained to represent JCPR LLC, the property owner of 839 Swede Street, Norristown, PA  19401.  Our client advised that it purchased the above property at a foreclosure sale in or about December 2016. Our client advised that personal property still remains on the premises.

       As such, enclosed is a Notice Regarding Abandoned Personal Property.  If you have any questions about the Notice, please do not hesitate to contact me.

       Your prompt attention to this matter is required.  Thank you.

Very truly yours,

Keely Carr Brady
cc:    JCPR LLC

**EXHIBIT L**

## NOTICE REGARDING ABANDONED PERSONAL PROPERTY

| | |
|---|---|
| **Date of Notice:** | March 6, 2018 |
| **Property Owner:** | JCPR LLC |
| **To:** | Gary Grimm/Grimm Brothers Realty Company |
| | 837 Swede Street |
| | Norristown, PA 19401 |
| **Re:** | Abandoned Personal Property Located At: |
| | 839 Swede Street, Norristown, PA 19401 |

PERSONAL PROPERTY REMAINING AT 839 SWEDE STREET, NORRISTOWN, PA 19401 IS NOW CONSIDERED TO HAVE BEEN ABANDONED.

WITHIN TEN (10) DAYS OF THE POSTMARK DATE OF THIS NOTICE, YOU MUST CONTACT **BRADY & CISSNE LAW AT 267-415-6625** TO MAKE ARRANGEMENTS TO RETRIEVE ANY ITEMS YOU WISH TO KEEP OR TO REQUEST THAT THE PROPERTY BE RETAINED OR STORED BY THE PROPERTY OWNER. IF REQUESTED, STORAGE WILL BE PROVIDED BY THE PROPERTY OWNER FOR UP TO THIRTY (30) DAYS FROM THE POSTMARK DATE OF THIS NOTICE AT A PLACE OF THE PROPERTY OWNER'S CHOOSING, AND YOU WILL BE RESPONSIBLE FOR COSTS OF STORAGE.

IF YOU ARE AN ACTIVE DUTY MILITARY SERVICEMEMBER OR A DEPENDENT OF AN ACTIVE DUTY MILITARY SERVICEMEMBER, YOU MAY BE ENTITLED TO CERTAIN RIGHTS AS PROVIDED IN THE SERVICEMEMBERS CIVIL RELIEF ACT. IN SUCH CASE, YOU OR YOUR ATTORNEY SHOULD CONTACT THIS LAW FIRM AT 267-415-6625 AND PROVIDE PROOF OF MILITARY SERVICE IMMEDIATELY SO THIS FIRM CAN DETERMINE IF YOU FALL UNDER THE PROTECTION OF THE ACT.

BRADY & CISSNE LAW

BY: _Keely Carr Brady_

KEELY CARR BRADY, ESQ.
ATTORNEY FOR PROPERTY OWNER

5/28/2019                                          Gmail - Grimm Brothers Realty bankruptcy paperwork

 **Gmail**

Gary Grimm <grimmbrothersrealty@gmail.com>

# Grimm Brothers Realty bankruptcy paperwork
2 messages

---

**Josh Thomas** <joshualthomas@gmail.com>                          Fri, Mar 9, 2018 at 4:03 PM
To: Wklinger@norristown.org
Bcc: grimmbrothersrealty@gmail.com

Good afternoon Det. Klinger,

Please see the attached paperwork. Any further questions you have,
please let me know, thank you.

Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: 888-314-8910

CONFIDENTIALITY NOTICE: UNAUTHORIZED INTERCEPTION IS PROHIBITED BY
FEDERAL LAW [Electronic
Communication Privacy Act of 1986, 18 U. S. C. 2701(a) and 2702(a)]

---

**3 attachments**

📄 **grimm paperwork 3.pdf**
972K

📄 **grimm paperwork 2.pdf**
2568K

📄 **grimm paperwork 1.pdf**
1158K

---

**Gary Grimm** <grimmbrothersrealty@gmail.com>                     Sun, Mar 25, 2018 at 2:49 PM
To: erik@jensenbagnatolaw.com

[Quoted text hidden]

**3 attachments**

📄 **grimm paperwork 3.pdf**
972K

📄 **grimm paperwork 2.pdf**
2568K

📄 **grimm paperwork 1.pdf**
1158K

**EXHIBIT M**

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 2  Document  Page 161 of 240  Filed 09/13/19 10:36:14    Desc
Exhibit    Page 2 of 19

Case 17-13697-mdc    Doc 1    Filed 05/26/17    Entered 05/26/17 17:18:25    Desc Main
Document    Page 1 of 4

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
Eastern _____ District of  Pennsylvania
                                  (State)

Case number (if known): _____ Chapter  11

☐ Check if this is an
  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | Grimm Brothers Realty Co. | |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   2 3  :  9 9 3 3 8 0

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 837 Swede Street | |
| Number    Street | Number    Street |
| | P.O. Box |
| Norristown,    PA    19401 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | Location of principal assets, if different from principal place of business |
| Montgomery | |
| County | Number    Street |
| | City    State    ZIP Code |

5. **Debtor's website (URL)**

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-10625-mdc   Doc 21 Bcument Filed 09/16/19 of 240 Entered 09/13/19 10:36:14   Desc
Exhibit   Page 3 of 19

Case 17-13697-mdc   Doc 1   Filed 05/26/17   Entered 05/26/17 17:18:25   Desc Main
Document   Page 2 of 4

| Debtor | Grimm Brothers Realty Co. | | Case number (if known) | |
| | Name | | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_____ _____ _____ _____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☒ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes.  District  EDPA  When  04 / 28 / 2015  Case number  15-12921-mdc
                                          MM / DD / YYYY

    District _____  When _____  Case number _____
                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____  Relationship _____
    District _____  When ____ / ___ / ____
                                           MM / DD / YYYY
    Case number, if known _____

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 206   Filed 09/13/19   Entered 09/13/19 10:36:14    Desc
Exhibit    Page 4 of 19

Case 17-13697-mdc    Doc 1    Filed 05/26/17    Entered 05/26/17 17:18:25    Desc Main
Document    Page 3 of 4

| Debtor | Grimm Brothers Reality Co. | Case number (if known) | |
| | Name | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☒ Other  Immediate Stay of removal of Grimm Brothers Realty Assets from Property and Alterations that are planned

**Where is the property?**  839 Swede Street

| Number | Street |

| Norristown | | PA | 19401 |
| City | | State | ZIP Code |

**Is the property insured?**

☐ No

☒ Yes. Insurance agency  Sydney Sax Agency Inc.

Contact name  Sydney Sax

Phone  610-270-9180

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
| --- | --- | --- |
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
| --- | --- | --- |
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-10625-mdc    Doc 2Document 09/1Page 164 51ed 09/13/19 10:36:14    Desc
Exhibit    Page 5 of 19

Case 17-13697-mdc    Doc 1    Filed 05/26/17    Entered 05/26/17 17:18:25    Desc Main
Document    Page 4 of 4

| Debtor | Grimm Brothers Realty Co. | Case number (if known) |
| | Name | |

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [x] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [ ] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ✶ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ✶ I have been authorized to file this petition on behalf of the debtor.
- ✶ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05 / 26 / 2017
MM / DD / YYYY

✗ _Gary Grimm_ — Gary Grimm
Signature of authorized representative of debtor    Printed name

Title  Officer

**18. Signature of attorney**

✗ _Joshua L. Thomas_    Date  05 / 26 / 2017
Signature of attorney for debtor    MM / DD / YYYY

Joshua L. Thomas
Printed name

Joshua L. Thomas & Associates
Firm name

1110 Pocopson Road, PO Box 415
Number    Street

Pocopson    PA    19366
City    State    ZIP Code

215-806-1733    Joshua.Thomas@gmail.com
Contact phone    Email address

312476    PA
Bar number    State

---



# Magisterial District Judge 38-2-09

## DOCKET

Docket Number: MJ-38209-CR-0000062-2018

# Criminal Docket

Commonwealth of Pennsylvania
v.
Gary Richard Grimm

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Gregory Scott | Issue Date: | 03/13/2018 |
| OTN: | U 584255-6 | File Date: | 03/13/2018 |
| Arresting Agency: | Norristown Boro Police Dept | Arrest Date: | |
| Complaint/Incident #: | 18916 | Disposition: | |
| County: | Montgomery | Disposition Date: | |
| Township: | Norristown Borough | Case Status: | Inactive |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Inactive | 03/13/2018 | Awaiting Preliminary Hearing |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Grimm, Gary Richard | Sex: | Male |
| Date of Birth: | 12/20/1951 | Race: | White |

Address(es):

**Mailing**
Norristown, PA 19401

| | |
|---|---|
| Advised of His Right to Apply for Assignment of Counsel? | No |
| Public Defender Requested by the Defendant? | No |
| Application Provided for Appointment of Public Defender? | No |
| Has the Defendant Been Fingerprinted? | No |

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Grimm, Gary Richard |
| Arresting Officer | Klinger, William G. Jr. |

### CHARGES

| # | Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|---|
| 1 | 18 § 3503 §§ A1II | F2 | Crim Tres-Break Into Structure | 02/28/2018 | |
| 2 | 18 § 3503 §§ A1II | F2 | Crim Tres-Break Into Structure | 02/28/2018 | |
| 3 | 18 § 3503 §§ B1I | M3 | Def Tres Actual Communication To | 02/28/2018 | |
| 4 | 18 § 3304 §§ A5 | M2 | Criminal Mischief - Damage Property | 02/28/2018 | |

MDJS 1200

Printed: 03/16/2018  5:01 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

EXHIBIT N

# Magisterial District Judge 38-2-09

## DOCKET

Docket Number: MJ-38209-CR-0000062-2018

# Criminal Docket

Commonwealth of Pennsylvania

v.

Gary Richard Grimm

Page 2 of 2

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 03/13/2018 | Criminal Complaint Filed | Magisterial District Court 38-2-09 | |

## CASE FINANCIAL INFORMATION

Case Balance:  $18.00
Last Payment Amt:

Next Payment Amt:
Next Payment Due Date:

| Assessment Type | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| Miscellaneous Issuances | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

 Gmail

Gary Grimm <grimmbrothersrealty@gmail.com>

## Fwd: Grimm Brothers Realty Company

**Erik Jensen** <Erik@jensenbagnatolaw.com>                                    Wed, Apr 4, 2018 at 12:20 PM
To: Akeem Parsons <Akeem@jensenbagnatolaw.com>, Gary Grimm <grimmbrothersrealty@gmail.com>

Fyi

Sent from my iPhone

Begin forwarded message:

> **From:** Keely Brady <kbrady@bradycissnelaw.com>
> **Date:** April 4, 2018 at 11:50:18 AM EDT
> **To:** "info@jensenbagnatolaw.com" <info@jensenbagnatolaw.com>
> **Subject: Grimm Brothers Realty Company**
>
> Good morning Erik:
>
> As you may know, this firm represents JCPR LLC, the owner of the property located at 839 Swede Street,
> Norristown, PA 19401.
>
> Thank you for your telephone call advising our firm that you have been recently retained to represent
> Grimm Brothers Realty Company, advising that Grimm Brothers Realty Company filed bankruptcy and
> providing me with the docket information to confirm the bankruptcy filing. We were not aware of the
> bankruptcy filing and note that our client was not listed as a creditor in the filing and as such did not receive
> notice of the filing or automatic stay.
>
> Accordingly, we are now on notice of the bankruptcy filing and have advised our client accordingly that no
> further action may be taken without seeking relief from the stay.
>
> Per our telephone conversation, we look forward to speaking with you later this afternoon regarding the
> status of this matter.
>
> Thank you for your cooperation.
>
> ## Keely Carr Brady, Esq.
>
> ## Brady & Cissne Law
>
> **501 Bethlehem Pike**
>
> **Glenside, PA 19038**
>
> **267-415-6625 (p)**

EXHIBIT O

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into as of the _____ day of May, 2018 by and between **JCPR LLC** ("JCPR") and **JOHN CAMPION** and **GRIMM BROTHERS REALTY COMPANY** and **GARY GRIMM** (hereinafter referred to jointly as the "**GRIMM Entities**"). JCPR and the **GRIMM ENTITIES** are referred to herein as the "Parties" and individually as a "Party."

### Background

**WHEREAS,** JCPR purchased the property known as 839 Swede Street, Norristown, PA 19401 (the "Real Property") at a foreclosure sale in or around December 2016;

**WHEREAS,** upon information and belief, GRIMM BROTHERS REALTY COMPANY previously owned the Real Property;

**WHEREAS,** the GRIMM ENTITIES turned over possession of the Real Property to JCPR and agreed with JCPR in early 2017 to make arrangements for the retrieval of certain personal property from the basement of the Real Property within a reasonable time period in early 2017;

**WHEREAS,** a dispute arose between the Parties at the Real Property on two separate occasions in or about January 2018 and February 2018 leading to certain criminal charges currently pending against GARY GRIMM before Magisterial District Court 38-2-09 (hereinafter the "Criminal Charges");

**WHEREAS,** on or about March 6, 2018, JCPR sent the GRIMM ENTITIES Notice Regarding Abandoned Personal Property pursuant to the Pennsylvania Landlord and Tenant Act Section 250.505a;

**EXHIBIT P**

**WHEREAS,** on or about April 4, 2018, JCPR was advised that the GRIMM ENTITIES had filed bankruptcy;

**WHEREAS,** the Parties wish to resolve the disputes between and among them without the burdens and risks of further threatened and/or actual litigation;

**WHEREAS,** the Parties reached a settlement agreement, the terms of which are set forth below; and

**WHEREAS,** the Parties desire to seek the requisite approval of the bankruptcy court concerning the terms of the settlement agreement.

**NOW, THEREFORE,** in consideration of the mutual promises, representations, and covenants bargained for and contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1.    **Incorporation of Recitals.** The foregoing clauses are incorporated by reference herein.

2.    **Approval of Bankruptcy Court.** This Agreement shall be contingent upon receipt of approval from the bankruptcy court.

3.    **Retrieval of Personal Property.** The GRIMM ENTITIES shall remove all personal property stored at the Real Property on a mutually agreed upon date and time no later than the date which is three (3) months from the execution of this Agreement by the GRIMM ENTITIES. To the extent that the GRIMM ENTITIES fail to remove all personal property from the Real Property by the required date, JCPR shall have the right to dispose of such personal property without any further notice or liability to the GRIMM ENTITIES.

4.     **Agreement to Withdraw Criminal Charges.**  Upon execution of this Agreement and approval of the bankruptcy court, JCPR/JOHN CAMPION hereby agrees to withdraw the pending Criminal Charges.

5.     **Mutual Release Agreement.** The Parties hereto, on behalf of themselves and their predecessors, successors, assigns, officers, directors, agents, managers, and attorneys do hereby fully remise, release, quitclaim, discharge and acquit each other, and all of their respective successors, assigns, officers, directors, agents, managers and attorneys of and from any and all manner of actions and causes of actions, disciplinary complaints, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever for the recovery of damages or sums due and owing, or any other economic or non-economic losses, including any claims of contribution or indemnity, claims for any fees and/or commissions, claims for consequential or incidental damages, and any other claims which the Parties ever had, now have, or which they may have in the future arising out of, under or because of any cause, matter or thing which has occurred from the beginning of the world to the date of this Agreement, including but not limited to, any pending criminal charges and/or allegations of violation of the bankruptcy stay.

6.     **No Admission of Wrongdoing.** The Parties acknowledge that this settlement is the compromise of disputed claims and that the execution of this Agreement and performance of the acts required herein shall not constitute an admission of liability.

7.     **Knowing and Voluntary Waiver.**  The Parties acknowledge that prior to executing this Agreement they were given the opportunity to consult with independent legal counsel regarding this Agreement.  The Parties acknowledge that they sign this Agreement voluntarily, with full knowledge of the nature and consequences of its terms, and they have been given a reasonable opportunity to consider this Agreement before signing it.

**8.     Authority to Execute; Binding Effect.** The Parties respectively affirm on behalf of themselves that all persons executing this Agreement are duly authorized to execute this Agreement of behalf of the respective Parties and all actions as are necessary to approve this Agreement have been taken by them, and no further actions are necessary in order to authorize, approve or effectuate this Agreement except as otherwise set forth herein.  This Agreement shall be binding on and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, shareholders, owners, assigns and principals.

**9.     Governing Law.** All matters arising under or in connection with this Agreement shall be governed and determined by the laws of the Commonwealth of Pennsylvania. The Parties agree that all claims arising out of this Agreement shall be litigated only in the Court of Common Pleas of Montgomery County, Pennsylvania.

**10.     Counterparts.** This Agreement may be executed in any number of counterparts, each of which for all purposes shall be deemed to be original and all of which taken together shall constitute one and the same Agreement. A copy of this Agreement shall have the same force and effect as an original.

**11.     Entire Agreement.** This Agreement contains the entire agreement between the Parties hereto and its terms are contractual, and not a mere recital. This Agreement may be amended or modified only by a written instrument duly executed by each of the Parties hereto.

REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.

**IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND,** the

Parties have executed this Agreement as of the dates set forth below.

**GRIMM BROTHERS REALY COMPANY**

By _____    _____
                                         Date
Print Name _____

Title _____


By _____    _____
   **GARY GRIMM**                        Date


**JCPR, LLC**

By _____    _____
                                         Date
Print Name _____

Title _____


By _____    _____
   **JOHN CAMPION**                      Date

**POLICE CRIMINAL COMPLAINT**
**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

COMMONWEALTH OF
PENNSYLVANIA
COUNTY OF MONTGOMERY

Magisterial District Number: 38-2-09

MDJ: Hon.  GREGORY SCOTT
601 DEKALB STREET
SUITE 100
Address:  NORRISTOWN PA 19401
Telephone:  (610) 945-9166

DEFENDANT: *(NAME and ADDRESS):*

| GARY | RICHARD | GRIMM | |
|------|---------|-------|-----|
| First Name | Middle Name | Last Name | Gen |

837 SWEDE ST
NORRISTOWN   PA 19401

NCIC Extradition Code Type

| | | |
|---|---|---|
| ☐ 1-Felony Full | ☐ 5-Felony Pend. | ☐ C-Misdemeanor Surrounding States  ☒ Distance: 50 |
| ☒ 2-Felony Ltd. | ☐ 6-Felony Pend. Extradition Determ. | ☐ D-Misdemeanor No Extradition |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ E-Misdemeanor Pending |
| ☐ 4-Felony No Ext | ☐ B-Misdemeanor Limited | ☐ F-Misdemeanor Pending Extradition Determ. |

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | SID: | Request Lab Services? |
|---|---|---|---|---|---|
| CR 62-18 | 03/12/18 | U 564255-6 | 18816 | 40827790 | ☐ YES ☒ NO |

GENDER   DOB 12/20/1951   POB   ☐ Add'l DOB   Co-Defendant(s) ☐

☒ Male
☐ Female

| | First Name | Middle Name | Last Name | Gen. |
| AKA | | | | |

| RACE ☒ White | ☐ Asian | ☐ Black | ☐ Native American | ☐ Unknown |
|---|---|---|---|---|

| ETHNICITY ☐ Hispanic | | ☒ Non-Hispanic | ☐ Unknown | |
|---|---|---|---|---|

| HAIR COLOR | ☐ GRY (Gray) | ☐ RED (Red/Auburn) | ☐ SDY (Sandy) | ☐ BLU (Blue) | ☐ PLE (Purple) | ☐ BRO (Brown) |
|---|---|---|---|---|---|---|
| | ☐ BLK (Black) | ☐ ONG (Orange) | ☒ WHI (White) | ☐ XXX (Unk/Bald) | ☐ GRN (Green) | ☐ PNK (Pink) |
| | ☒ BLN (Blonde / Strawberry) | | | | | |

| EYE COLOR | ☐ BLK (Black) | ☐ BLU (Blue) | ☒ BRO (Brown) | ☐ GRN (Green) | ☐ GRY (Gray) |
|---|---|---|---|---|---|
| | ☐ HAZ (Hazel) | ☐ MAR (Maroon) | ☐ PNK (Pink) | ☐ MUL (Multicolored) | ☐ XXX (Unknown) |

| Driver License | State | License Number | Expires: | WEIGHT (lbs.) |
|---|---|---|---|---|
| DNA | ☐ YES ☒ NO | DNA Location | | 230 |
| FBI Number | | MNU Number | | Ft. HEIGHT In. |
| Defendant Fingerprinted: | ☐ YES ☒ NO | | | 6    1 |
| Fingerprint Classification: | | | | |

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | as Def. ☐ |

Office of the attorney for the Commonwealth  ☐ Approved   ☐ Disapproved Because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

(Name of the attorney for the Commonwealth)   (Signature of the attorney for the Commonwealth)   (Date)

I,  KLINGER, WILLIAM                          214          227
(Name of the Affiant)                     PSP/MPOETC-Assigned Affiant ID Number and Badge #

of  **Norristown Police Department**                      PA0461901
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)

do hereby state: (check appropriate box)

1.  ☒  I accuse the above named defendant who lives at the address set forth above
    ☐  I accuse the defendant whose name is unknown to me but who is described as _____

    ☐  I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have
       therefore designated as John Doe or Jane Doe

    with violating the penal laws of the Commonwealth of Pennsylvania at | 413 |    839 SWEDE STREET
                                                                    (Subdivision Code)   (Place-Political Subdivision)

    **NORRISTOWN**

    in   **MONTGOMERY**   County | **MONTG** | on or about   BETWEEN 02/28/2018 1259 AND 02/28/2018
                              (County Code)                    (Offense Date)

AOPC 412A - Rev. 7/17

**EXHIBIT Q**

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>03/12/2018 | OTN/LiveScan Number | | Complaint/Incident Number<br>18816 |
|---|---|---|---|---|
| Defendant Name | First:<br>GARY | Middle:<br>RICHARD | | Last:<br>GRIMM |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered __1__ through __5__ .

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_____     _3/12/18_____     _Det. KL____ #227_
                                        (Date)                                    (Signature of Affiant)

AND NOW, on this date ___3/13/10___ I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

_38-2-09_____     _Gregory Scott_____                    ⌐ ‾ ‾ ¬
(Magisterial District Court Number)     (Issuing Authority)                                       |  SEAL  |
                                                                                                   L _ _ _ ⌐

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>03/12/2018 | OTN/LiveScan Number | Complaint/Incident Number<br>18818 |
|---|---|---|---|

| Defendant Name: | First<br>GARY | Middle<br>RICHARD | Last<br>GRIMM |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§ 213.1 - 213.7.)

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 3503 | (a)(1)(ii) | of the | PA Crimes Code | 2 | F2 | | 90Z | 260 | 90J |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | | AOPC/UCR/NIBRS Code | |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**CRIMINAL TRESPASS - BREAKS INTO A BLDG**

Acts of the accused associated with this Offense:
3503   Criminal Trespass --
   (a) Buildings and occupied structures.--
   (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
      (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 3503 | (b)(1)(i) | of the | PA Crimes Code | 1 | M3 | | 90Z | 260 | 90J |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | | AOPC/UCR/NIBRS Code | |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**DEFIANT TRESPASS - ACTUAL COMMUNICATION**

Acts of the accused associated with this Offense:
3503   Criminal Trespass --
    (b) Defiant trespasser.--
   (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
      (i) actual communication to the actor;

| Inchoate Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 3 | 3304 | (a)(5) | of the | PA Crimes Code | 1 | M2 | | 290 | 14 | 290 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | | AOPC/UCR/NIBRS Code | |

| PennDOT Data (If Applicable) | Accident Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (Include the name of the statute or ordinance):
**CRIMINAL MISCHIEF - PROPERTY DAMAGE**

Acts of the accused associated with this Offense:
3304(a)(5) Criminal Mischief --
(a) Offense defined.--A person is guilty of criminal
   mischief if he:
     (5) intentionally damages real or personal property of another;

AOPC 412A - Rev. 7/17                                                                                   Page 3 of 5

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>03/12/2018 | OTN/LiveScan Number | Complaint/Incident Number<br>18816 |
|---|---|---|---|

| Defendant Name | First:<br>GARY | Middle:<br>RICHARD | Last:<br>GRIMM |
|---|---|---|---|

## AFFIDAVIT OF PROBABLE CAUSE

On Wednesday 2/28/18 between the hours of 1200 and 1400 hours, a resident called the Norristown Police for a report of a burglary at 839 Swede Street which is located in the Municipality of Norristown, Montgomery County.

Upon arrival, Officer Buckwalter spoke to the owner of 839 Swede Street, John Campion. Campion stated that he bought the property from Gary Grimm, Grimm still owns the property at 837 Swede Street. Campion stated that his tenants, Ruben Hernandez and Jenny De La Cruz Hernandez were home at about 1259 hours today and observed a black male and a white male with Gary Grimm at the rear of the property. They then heard what appeared to be a loud noise by the basement door. Jenny and Ruben went outside and noticed the basement door was damaged with the lock broken and punched out. Jenny and Ruben then called police and then called Campion, the two unknown males that were with Grimm left the area in a truck shortly after the police were called. Officer Buckwalter went to the basement with Champion and noticed the lock was currently broken and the door was damaged. While officer Buckwalter was still at 839 Swede Street, Garry Grimm arrived at 837 Swede Street. Officer Buckwalter talked with Gary Grimm who stated that Campion did buy 839 Swede Street but that he is contesting the sale in court. Grimm stated that he did go into the basement today but he would not say that he broke the lock or door to the basement.

I, Detective William Klinger conducted interviews on the two residents, Jenny De La Cruz Hernandez and Ruben Hernandez both stated that they were present on Wednesday 2/28/18 when Gary Grimm and two of his workers entered the basement of 839 Swede Street and removed washers from the basement and then put the washers into the basement of Gary Grimm's property located at 837 Swede Street which is in the Municipality of Norristown, Montgomery County.

Gary Grimm is contesting the Sherriff sale of 839 Swede Street. I contacted Montgomery County Board of Assessment and Appeals for ownership of 839 Swede Street. Bill of sale to John Campion from Gary Grimm occurred on 3/21/17, as of public record Campion owns 839 Swede Street. This is the second time a police report has been made, the first time was January 22, 2018 when the owner of 839 Swede Street, John Campion made a report that Gary Grimm changed the locks on the basement door to the property Campion owns. Campion estimates that the damage to the door and locks from both incidents will cost him around 1000.00 dollars. Campion stated that he contacted Grimm to set up a time and date to get his belonings from 839 Swede Street, Campion also told Grimm that he can not just enter his property.

On Thursday, March 1, 2018 Gary Grimm drafted a letter to Officer Buckwalter and delivered the letter and a busted lock in a clear zip lock baggy to the Norristown Police Station. In this letter typed and signed by Gary Grimm, Grimm stated that John Campion did purchase 839 Swede Street with the transfer finalized on March 25, 2018. In the letter Grimm stated that he removed the lock from the basement door to "enable us access to our property". Gary Grimm does not own 839 Swede Street he owns 837 Swede Street.



**POLICE CRIMINAL COMPLAINT**
**AFFIDAVIT CONTINUATION PAGE**

| Docket Number: | Date Filed:<br>03/12/2018 | OTN/LiveScan Number | | Complaint/Incident Number<br>18816 |
|---|---|---|---|---|
| Defendant Name | First:<br>GARY | Middle:<br>RICHARD | | Last:<br>GRIMM |

## AFFIDAVIT OF PROBABLE CAUSE CONTINUATION

I,  KLINGER, WILLIAM , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE
AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE
BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____ _____

_____ Date _____, Magisterial District Judge

My commission expires first Monday of January,

SEAL

Gary Grimm
837 Swede St.
Norristown, PA .19401
$610 - 275 - 5855$

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | CHAPTER 13 |
| | : | |
| Gary GRIMM | : | |
| | : | Case No. 17-10625 (MDC) |
| Debtor | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Debtor's Motion of Debtor Seeking

Sanctions and Damages for Stay Violation against John Campion and JCPR LLC was caused to

be served on September 10, 2109, via U.S. First Class Mail upon the following:


MacElree Harvey Ltd.
17 W Miner St.
West Chester, PA 19382
Att: Leo M. Gibbons


Gary Grimm

Dated: September 10, 2019

Gary Grimm
837 Swede St.
Norristown, PA 19401
610 − 275-5855

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

:

In re: : CHAPTER 13
:
Gary GRIMM :
: Case No. 17-10625 (MDC)
Debtor :

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Debtor's Motion of Debtor Seeking

Sanctions and Damages for Stay Violation against John Campion and JCPR LLC was caused to

be served on September 10, 2109, via U.S. First Class Mail upon the following:

MacElree Harvey Ltd.
17 W Miner St.
West Chester, PA 19382
Att: Leo M. Gibbons

_____
Gary Grimm

Dated: <u>September 10, 2019</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

|  |  |
|---|---|
| GRIMM BROTHERS REALTY CO.<br>*Debtor* | Chapter 11<br>Bky. No. 17-13697-MDC |
| GRIMM BROTHERS REALTY CO.<br>*Plaintiff*<br><br>v.<br><br>NORRISTOWN MUNICIPAL WASTE<br>AUTHORITY, COUNTY OF MONTGOMERY,<br>JCPR LLC *and* JOHN CAMPION<br>*Defendants* | Adv. Proc. No. 19-00035-MDC |

**ORDER**

**AND NOW**, this *1st* day of _____*May*_____. 2019, upon consideration of Defendant Norristown Municipal Waste Authority's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that this case is **DISMISSED**, ~~with prejudice.~~

**BY THE COURT:**

*Magdeline D. Coe*
J.

C-17

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:* | Chapter 11 |
| | Bky. No. 17-13697-MDC |
| GRIMM BROTHERS REALTY CO. | |
| *Debtor* | |
| GRIMM BROTHERS REALTY CO. | |
| *Plaintiff* | Adv. Proc. No. 19-00035 |
| v. | |
| NORRISTOWN MUNICIPAL WASTE AUTHORITY, COUNTY OF MONTGOMERY, JCPR LLC *and* JOHN CAMPION | |
| *Defendants* | |

### COMPLAINT

Grimm Brothers Realty Co. ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Norristown Municipal Waste Authority (the "Authority"), County of Montgomery (the "County"), JCPR LLC ("JCPR"), and John Campion ("Campion"; and together with the Authority, County and JCPR, collectively, the "Defendants"), in accordance with 11 U.S.C. §§ 541 and 542 and applicable non-bankruptcy law, seeking a turnover of estate property and related relief, and in support thereof, respectfully avers as follows:

### PARTIES

1.     Plaintiff is a Pennsylvania corporation with an address of 837 Swede Street, Norristown, PA 19401.

2.     Defendant, The Authority, is a Pennsylvania governmental agency with an address of 235 East Airy Street, Norristown, PA 19401.

C-18

3.      Defendant County is a municipality duly organized and existing under the laws of the Commonwealth of Pennsylvania with a mailing address of P.O. Box 311, Norristown, PA 19404-0311.

4.      Upon information and belief, Defendant JCPR is a Pennsylvania limited liability company with an address of 315 Sylvania Avenue, Glenside, PA 19038.

5.      Upon information and belief, Defendant Campion is the sole member of JCPR.

## JURISDICTION AND VENUE

6.      This Court maintains jurisdiction over this matter as it arises in or relates to a proceeding under Title 11 pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and Rule 7001(1), *et seq.* of the Federal Rules of Bankruptcy Procedure.

7.      This Court is an appropriate venue for this matter pursuant to 28 U.S.C. § 1409(a) in that this matter is an adversary proceeding relating to a case currently pending under Title 11 in the Eastern District of Pennsylvania.

8.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

## PROCEDURAL HISTORY

9.      On May 26, 2017 (the "Petition Date"), Plaintiff commenced a bankruptcy case by filing a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in this Court.

10.     Since the Petition Date, the Plaintiff has remained in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

11.     No request for the appointment of a trustee or examiner has been made in the Plaintiff's Chapter 11 case.

## BACKGROUND FACTS

12.     Prior to the instant bankruptcy filing, the Plaintiff was involved in a long running dispute with the Authority, in particular concerning the Municipality of Norristown's unwarranted condemnation of the Plaintiff's single largest source of rental revenue, 837 Swede Street, Norristown, PA 19401 ("837 Swede") in 2000.

13.     As a result, the Plaintiff fell behind on its sewer bills for this and other properties.

14.     On or about October 12, 2004, the Authority filed liens against the Plaintiff for unpaid sewer bills from 1998 through 2004. The liens totaled $9,758.33.

15.     Less than two years later, the Authority filed additional liens for the years 2004 through 2006.

16.     Throughout the relevant period of time, the Plaintiff and the Authority were involved in ongoing litigation relating to Norristown's unwarranted condemnation of 837 Swede and its unavoidable impact on the Plaintiff's ability to pay the sewer bills.

17.     A final hearing regarding the disputed sewer bills and several other matters that were combined for disposition took place on or about June 1, 2007.

18.     Summary judgment from the bench was granted in Norristown's favor without allowing the Plaintiff an opportunity to present evidence. No signed order was entered on the docket.

19.     Immediately following the June 1, 2017 hearing, the solicitor for Norristown informally proposed a settlement to Plaintiff. In exchange for the Plaintiff's agreement not to appeal the state court's decision regarding the matters heard that day and, generally, to discontinue taking any further legal action, the solicitor stated that the Authority would waive all outstanding debts and the parties would conclude any and all legal disputes between themselves.

3

20.    Although the Authority was not directly part of these discussions, it was understood by the Plaintiff that Norristown's solicitor had authorization to speak on behalf of the Authority.

21.    The Plaintiff agreed to the arrangement and took no further action against the Authority, including appealing the June 1, 2017 decision.

22.    In 2008, however, the Authority began actively pursuing the sewer bills, including the reinstatement of their liens.

23.    When Plaintiff inquired about the breach of the oral agreement, the Authority's representative informed the Plaintiff that Norristown's solicitor was not authorized to make an agreement.

24.    After refusing the Plaintiff's request for extended payment terms, the Authority obtained a judgment (the "Judgment") against 839 Swede Street, Norristown, PA 19401 (the "Property") on or about April 23, 2009. A true and correct copy of the Judgment is attached hereto and marked Exhibit "A".

25.    In response to efforts by the Authority to sell the Property, on April 28, 2015, the Plaintiff filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in this Honorable Court (the "2015 Bankruptcy").

26.    The 2015 Bankruptcy was subsequently dismissed on July 24, 2015.

27.    On September 6, 2015, the Plaintiff filed a motion to reconsider dismissal of the 2015 Bankruptcy (the "Motion to Reconsider Dismissal").

28.    The Plaintiff amended the Motion to Reconsider Dismissal, transforming it into a Motion for Leave to File New Chapter 11 (the "Motion for Leave").

29.    On or about July 20, 2016, this Court entered an order denying the Plaintiff's Motion for Leave.

30. On August 22, 2016, the Plaintiff filed a Motion for Reconsideration of this Court's Order Dismissing Debtor's Motion for Leave.

31. On or about October 26, 2016, the Sheriff's Office of Montgomery County conducted a Montgomery County, Pennsylvania, Real Estate Division Judicial Sale (the "Tax Sale").

32. Campion was the successful bidder for the Property.

33. Following the Tax Sale, the Plaintiff filed Exceptions (the "Exceptions") to the proposed distribution (the "Proposed Distribution") in the state court, identifying numerous errors, including, but not limited to, duplication of sheriff's fees, distributions to the municipality for items that were already paid, and payments to the Pennsylvania Department of Revenue that the Debtor previously paid. True and correct copies of the Exception and Proposed Distribution are attached hereto and marked Exhibit "B".

34. On January 19, 2017, the Plaintiff filed a request for, and this Court entered an order, approving expedited consideration of the Plaintiff's Motion for leave to file a new chapter 11 bankruptcy (the "Order to Expedite"). A true and correct copy of the Order to Expedite is attached hereto and marked Exhibit "C".

35. Paragraph 3 of the Order to Expedite provides, "[b]ecause this Court could not accommodate both the Debtor's request for a hearing prior to January 25, 2017 and a hearing date that all counsel could attend, and finding that the Debtor has alleged *prima facie* grounds for the relief sought therein, *all collection efforts,* including any scheduled judicial sales, with respect to (a) 837 Swede Street, Norristown, PA; (b) 901 Swede Street, Norristown, PA; (c) 857 Cherry Street, Norristown, PA; and/or (d) 636 Cherry Street, Norristown, PA, *are hereby STAYED until further order of this Court*" (emphasis added). See Exhibit "C".

36.     The Order to Expedite and the corresponding stay remained in effect through April 28, 2017, when the Court granted permission to the Debtor to file the instant bankruptcy case.

37.     On February 7, 2017, the Plaintiff filed a Motion to Set Aside the Sheriff's Sale of the Property (the "Motion to Set Aside") in state court.

38.     At a hearing the following day, an attorney from Portnoff Law Associates Ltd. ("Portnoff"), the law firm representing the Authority, requested a different judge hear and rule on the Motion to Set Aside, insisting the other judge was more qualified.

39.     Over the Plaintiff's objection, the state court granted Norristown's request and continued the hearing to a later date when that judge would be available (the "February 8 Order").

40.     The hearing was continued to March 7, 2017.

41.     The Plaintiff prepared a discovery request on February 15, 2017. A true and correct copy of the Plaintiff's discovery request is attached hereto and marked Exhibit "D".

42.     On March 3, 2017, the Plaintiff filed an Emergency Motion for Extension of Time and for Reconsideration of the court's February 8 Order (the "Emergency Motion"). A true and correct copy of the Emergency Motion is attached hereto and marked Exhibit "E".

43.     The Emergency Motion stated that, *inter alia*, (a) counsel could not appear on the date of the rescheduled hearing due to a conflict with a previously scheduled hearing in New Jersey on the same day as the rescheduled hearing; (b) the U.S. Bankruptcy Court for the Eastern District of Pennsylvania issued a stay of all collection efforts against the Plaintiff's property; (c) opposing counsel had manipulated the state court in such a way as to allow him to essentially choose the judge to conduct the hearing; (d) the Plaintiff's new counsel required additional time to review and familiarize himself with the extensive record; and (e) lack of proper service of the notice of the Tax Sale. See Exhibit E.

44.    On March 5, 2017, the Plaintiff's new counsel entered his appearance on behalf of the Plaintiff in the state court matter. A true and correct copy of counsel's entry of appearance is attached hereto and marked Exhibit "F".

45.    On March 6, 2017, the Plaintiff's prior counsel withdrew his appearance.

46.    The same day, the state court denied the Plaintiff's Emergency Motion (the "Denial Order"). A true and correct copy of the Denial Order is attached hereto and marked Exhibit "G".

47.    The Plaintiff filed a motion for reconsideration of the Denial Order. A true and correct copy of the motion for reconsideration of the Denial Order is attached hereto and marked Exhibit "H".

48.    Additionally, counsel for the Plaintiff contacted the judge's secretary and court administration to remind them of his conflict and inability to attend the hearing the following day.

49.    On March 7, 2017, the state court issued an oral denial of the Plaintiff's motion for reconsideration of the Denial Order. A written order was issued two days later on March 9, 2017 and docketed on March 10, 2017.

50.    Also on March 7, 2017, the Plaintiff filed a notice of appeal (the "Notice of Appeal") to the Commonwealth Court of the lower court's order denying the Plaintiff's motion for reconsideration of the Denial Order. A true and correct copy of the Notice of Appeal is attached hereto and marked Exhibit "I".

51.    At the start of the March 7, 2017 hearing, the Plaintiff's manager, Mr. Gary Grimm, reiterated the fact that Plaintiff's counsel had a conflict and that the Bankruptcy Court issued a stay preventing the hearing from taking place.

52. The Authority's counsel from Portnoff admitted in open court to the existence of the stay issued by the Bankruptcy Court in its Order to Expedite, but claimed that the stay did not apply to the matter before the court.

53. Notwithstanding the filing of the Notice of Appeal, the stay order issued by the Bankruptcy Court in its Order to Expedite and Plaintiff's counsel's absence due to a conflict, the state court conducted a hearing on March 7, 2017.

54. The state court issued an Order denying the Plaintiff's Petition to Set Aside Sheriff's Sale. A true and correct copy of the Order denying the Plaintiff's Petition to Set Aside Sheriff's Sale is attached hereto and marked Exhibit "J".

55. Additionally, the Court entered an order denying the Plaintiff's Exceptions to Proposed Distributions and distributing the proceeds (the "Distribution Order"). A true and correct copy of the Distribution Order is attached hereto and marked Exhibit "K".

56. On March 15, 2017, the Real Property was transferred to Campion. A true and correct copy of the transfer of deed is attached hereto and marked Exhibit "L".

## COUNT I – VIOLATIONS OF THE BANKRUPTCY COURT STAY ORDER AGAINST ALL DEFENDANTS

57. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if they were fully set forth at length herein.

58. On January 19, 2017, this Honorable Court entered the Order to Expedite.

59. The Order to Expedite provided for, *inter alia*, all collection efforts against the Plaintiff to be stayed pending further order of the bankruptcy court.

60. The Authority, the County, JCPR and Campion had actual knowledge of the stay.

61. Contrary to the stay provisions in the Order to Expedite, the Defendants deliberately violated the stay by (i) proceeding with the March 7, 2017 hearing in state court, (ii) receiving

distributions from the proceeds of the sale of the Property, and (iii) transferring and recording the deed as transferred from the Plaintiff to JCPR and Campion.

62.    The actions of the Defendants were willful and represent a deliberate attempt to avoid the imposition of the stay.

**WHEREFORE**, the Plaintiff prays that judgment be entered as follows:

a.    For the Plaintiff and against all Defendants, jointly and severally, in an amount to be determined by the Bankruptcy Court;

b.    For costs and attorneys' fees;

c.    For punitive damages in an amount to be determined by the Bankruptcy Court; and

d.    For such other and further relief as this Court deems appropriate.

## COUNT II – TURNOVER OF PROPERTY OF THE ESTATE AGAINST JCPR AND CAMPION

63.    Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if they were fully set forth at length herein.

64.    The Property plus all profits from the rental of the Property constitute property of the Plaintiff's estate and are subject to turnover pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Plaintiff prays that judgment be entered as follows:

a.    For the entry of an Order directing Defendants JCPR and Campion to turn over the Property to the Plaintiff;

b.    For the Defendants JCPR and Campion to turn over all profits from the rental of the Property;

c.    Awarding attorneys' fees and costs; and

9

    d.  For such other and further relief as this Court deems appropriate.

Respectfully submitted:

**Dated: February 13, 2019**

/s/ *Alex Moretsky*
**MORETSKY LAW FIRM**
*Attorneys for Plaintiff*
By: Alexander Moretsky, Esquire
Attorney I.D. 90849
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
Phone: (215) 344-8343
Fax: (267) 571-2083
Email: amoretsky@moretskylaw.com

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Norristown Municipal Waste Authority | : | NO. 06-12263 |
| Plaintiff | : | |
| vs. | : | IN REM |
| Grimm Brothers Realty Co. | : | |
| Defendant | : | |
| | : | |

## PRAECIPE FOR DEFAULT JUDGMENT

To the Prothonotary:

Enter judgment in favor of Plaintiff and against: <u>Grimm Brothers Realty Co.</u> for want of an answer.

( )   Assess Damages as follows:

| | | |
|---|---|---:|
| Principal | $ | 8,421.86 |
| Interest | $ | 3,148.31 |
| Attorney Fees* | $ | 847.50 |
| Other Charges, Expenses and Fees | $ | 836.86 |
| Credit Received | $ | 0.00 |
| Total due | $ | 13,254.53 |

**\*Assessed pursuant to the MCTLA and local resolution.**

I CERTIFY THAT THE FOREGOING ASSESSMENT OF DAMAGES IS FOR SPECIFIED AMOUNTS ALLEGED TO BE DUE IN THE LIEN AND IS CALCULABLE AS A SUM CERTAIN FROM THE LIEN. I certify that written notice of the intention to file this Praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten (10) days prior to the date of the filing of this Praecipe. A copy of the notice is attached. R.C.P. 237.1

Date: ____4/20/09____              BY: _____

JASON J. LEININGER, ESQUIRE
Attorney for Plaintiff
Attorney ID 87525

This __23rd__ day of __April__, __09__ judgment is entered in favor of <u>Norristown Municipal Waste Authority</u> and against Defendant, <u>Grimm Brothers Realty Co.</u> by default for want of an answer and damages assessed at the sum of <u>Thirteen Thousand Two Hundred Fifty Four Dollars and 53 Cents ($13,254.53)</u> as per the above certification.

_____
Prothonotary, MONTGOMERY COUNTY

05-50661-0/NM8/SES

Case# 2006-12263-132 Docketed at Montgomery County Prothonotary on 12/12/2016 4:08 PM, Fee = $0.00

ETHAN O'SHEA, ESQUIRE
IDENTIFICATION NO. 69713
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
375 MORRIS ROAD
P.O. BOX 1479                                    **ATTORNEYS FOR DEFENDANT**
LANSDALE, PA 19446-0773
(215) 661-0400

---

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL WASTE AUTHORITY | : | NO.: 2006-12263 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GRIMM BROS. REALTY CO. | : | |

---

### EXCEPTIONS TO SHERIFF'S SALE DISTRIBUTION

Defendant Grim Bros. Realty Co., by its attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C. hereby files the following exceptions to schedule of proposed distribution:

1.    Grimm Bros. Realty Co. is the Defendant in the above-referenced cause of action.

2.    On or about October 26, 2016, Defendant's real property located at 839 Swede Street in the Borough of Norristown was sold by the Plaintiff to enforce a municipal claim pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. §7101 et. seq.

3.    Upon information and belief, the property sold for $81,500.00.

{01933662;v1 }

4.    The Montgomery County Sheriff's Department has prepared a schedule of proposed distribution, a true and correct copy of which is attached hereto as Exhibit "A."

5.    Defendant respectfully avers that the proposed distribution contains material errors and should not be approved. For instance, it is believed and therefore averred that the $4,674.59 listed as payable to the Sheriff's Department was already included in the amount payable to Portnoff Law Associates. Further, the Sheriff intends to distribute payment for school taxes for the entire 2016-2017 school year whereas the taxes owed should be prorated. Further, it is believed and therefore averred that the Montgomery Tax Claim Bureau does not have liens against the Defendant for the amount claimed.

WHEREFORE, Defendant respectfully requests that its exceptions be granted and that an appropriate Order striking the proposed scheduled distribution be entered.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

Date: ___12/12/16___                    By: _____
                                            ETHAN O'SHEA, ESQUIRE

Case# 2006-12263-132 Docketed at Montgomery County Prothonotary on 12/12/2016 4:08 PM, Fee = 30.00

{01933662;v1 }



**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

Schedule A

Policy No:  SDP08010168
Writ No:  2006-12257
File No:  C20968S


Attached to and forming part of Policy Number SDP08010168

RE:  **Premises: 202 E. Jacoby Street, Borough of Norristown,**
     **Montgomery County, PA**
     **Parcel No.: 13-00-17032-00-1**

Persons to whom distribution is to be made:

1.  $4,851.34 - Payable to the Sheriff of Montgomery County for costs
2.  $1,859.92 - Payable to the Montgomery County Recorder of Deeds Office for County Transfer Tax
3.  $1,859.92 - Payable to the Montgomery County Recorder of Deeds Office for State Transfer Tax
4.  $51,577.14 – Payable to **Portnoff Law Associates** on behalf of **Norristown Municipal Waste Authority** on Foreclosure Case No. **2006-12257**
5.  $29,108.50 – Payable to Montgomery County Tax Claim Bureau for delinquent taxes
6.  $2,050.00 – Payable to County of Montgomery c/o Waste System Authority for waste charges
7.  $145.36 – Payable to Norristown Municipal Waste Authority for current sewer charges
8.  $2,625.01 – Payable to Municipality of Norristown for Rental License Fee 2008-2010
9.  $875.00 – Payable to Municipality of Norristown for Rental License Fee 2015
10. $3,852.64 – Payable to Berkheimer for 2016-2017 School Taxes
11. $18,045.17 – Payable to Commonwealth of Pennsylvania for PA Department of Revenue liens

**TOTAL $116,850.00 dollars**


Schedule of Distribution was Hung on December 1, 2016

Unless exceptions are filed on or before December 12, 2016 distribution will be made in accordance

with the above schedule

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

In re:                              :        CHAPTER 7
                                    :
GRIMM BROTHERS REALTY CO.           :
                                    :        Case No. 15-12921 (MDC)
            Debtor                  :
                                    :

---

### ORDER APPROVING REQUEST FOR EXPEDITED CONSIDERATION OF DEBTOR'S COMBINED MOTION (1) FOR LEAVE TO FILE A CHAPTER 11 BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE

AND NOW, this ___ day of January, 2017, upon consideration of the Debtor's request for expedited consideration of its Combined Motion (1) FOR LEAVE TO FILE A CHAPTER 11 BANKRUPTCY CASE AND (2) FOR EXPEDITED CONSIDERATION THEREOF PURSUANT TO LOCAL BANKRUPTCY RULE 5070-1(f) WITH LIMITED NOTICE (the "Motion"), and sufficient cause appearing therefore, it is hereby ORDERED that

1.    The request for expedited consideration of the Motion is hereby APPROVED and a hearing on the Motion is scheduled for _February 1st_____, 2017 at _1_ a.m./p.m. in the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Courtroom No. 2, Philadelphia, Pennsylvania 19107.

2.    Any party objecting to the Motion or otherwise who wishes to be heard need not file a written objection, but must attend the foregoing hearing and orally present an answer or objection explaining your position.

3.    Because this Court could not accommodate both the Debtor's request for a

hearing prior to January 25, 2017 and a hearing date that all counsel could attend, and finding

that the Debtor has alleged *prima facie* grounds for the relief sought therein, all collection efforts,

including any scheduled judicial sales, with respect to (a) 837 Swede Street, Norristown, PA; (b)

901 Swede Street, Norristown, PA; (c) 857 Cherry Street, Norristown, PA; and/or (d) 636

Cherry Street, Norristown, PA are hereby STAYED until further order of this Court.

4.    The Debtor shall serve a copy of this Order, together with the Motion (unless

already served) no later than _January        31_, 2017 via e-mail, fax, overnight mail or

hand delivery upon the (a) Office of the United States Trustee, (b) counsel to the Norristown

Municipal Waste Authority, (c) counsel to the Montgomery County Tax Claim Bureau and (d)

counsel to creditors, Maryann King, Madeline Rice, Matthew Rice and Tyler Shipley.

_Magdeline D. C_
Magdeline D. Coleman
United States Bankruptcy Judge

-2-

ETHAN O'SHEA, ESQUIRE
IDENTIFICATION NO. 69713
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
375 MORRIS ROAD
P.O. BOX 1479
LANSDALE, PA 19446-0773                    **ATTORNEYS FOR DEFENDANT**
(215) 661-0400

---

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL WASTE AUTHORITY | : | NO.: 2006-12263 |
| | : | |
| v. | : | |
| | : | |
| GRIMM BROTHERS REALTY CO. | : | |

**EXHIBIT "A" TO SUBPOENA**

**DEFINITIONS AND INSTRUCTIONS**

1.    "Documents"    The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, quotations, bids, purchase orders, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, faxes, films, tests, studies, computer records, electronic mail and all other documents, tangible or retrievable, of any kind. "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced, reproduced or stored. "Documents" also include any preliminary notes and drafts of all of the foregoing, in whatever form, for example: printed, typed, longhand, shorthand or computerized, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tape, computer disc, computer tape, hard drive, microfilm, motion picture film, photograph records, or other forms. "Documents" includes any compilation of data from which information can be obtained, and/or translated, if necessary, by the Respondent through detection devices into reasonably usable form.

{01976123;v1 }

2.    "Identify" - The term "identify" when used in reference to a document means to state the date and author, the custodian of the document, the addressees of the document and those copied on the document, the type of document (e.g. letter, memorandum, telegram, chart, etc.) and other means of identifying it, including a brief summary of its contents, and if the document has been disclosed to any other parties or entities.

3.    If a document is withheld under a claim of privilege, please furnish in a separate list each document for which the privilege is claimed together with the following information:

    a.    The author and recipient, specifying their respective job titles, positions or capacities;

    b.    the date of such document;

    c.    the subject matter;

    d.    the nature of the privilege; and

    e.    the basis on which privilege is claimed.

## DOCUMENTS TO BE PRODUCED

1.  Any and all documents in support of the amounts set forth in the Schedule of Distribution, a copy of which is attached hereto as Exhibit 1.

2.  Any and all documents to support that the Sheriff of Montgomery County is entitled to a distribution in the amount of $4,674.59.

3.  Any and all documents to support that the Portnoff Law Firm is entitled to a distribution in the amount of $18,782.73.

4.  Any and all documents to support that the Montgomery County Tax Claim Bureau is entitled to a distribution in the amount of $18,409.35.

5.  Any and all documents to support that the Montgomery County c/o Waste System Authority is entitled to a distribution in the amount of $15.00.

6.  Any and all documents to support that the Berkheimer office is entitled to a distribution in the amount of $2,156.19 for School taxes.

8. Any and all documents to support that the Commonwealth of Pennsylvania for PA Department of Revenue liens is entitled to a distribution in the amount of $18,045.17.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION– IN REM

NORRISTOWN MUNICIPAL
WASTE AUTHORITY
    Plaintiff

    vs.

GRIMM BROTHERS REALTY CO
    Defendants

:
:
:
:
:
:
:
:
:

NO# 2006-12263
    2006-12257

## COVER SHEET OF MOVING PARTY

Date of Filing- **March 3, 2017**

Moving Party: **Grimm Brothers Realty Co.**

Counsel for Moving Party- **Joshua L. Thomas, Esq.**

I.D. No. **312476**

Document Filed (Specify): **EMERGENCY MOTION FOR EXTENSION OF TIME AND FOR RECONSIDERATION OF ORDER OF FEBRUARY 8, 2017**

Matter is: **X** (Appealable) _____ (Interlocutory)   Oral Argument _____ (Yes) **X** (No)

## CERTIFICATIONS - Check ONLY if appropriate:

_____ Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_____ Counsel for moving party certifies that the subject **civil motion is uncontested** by all parties involved in the case. **(If checked, skip Rule to Show Cause section below.)**

By: _____
           Counsel for Moving Party

## RULE TO SHOW CAUSE - Check ONE of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an **answer** in the form of a **written response at the Office of the Prothonotary** on or before the _____ day of _____ 20__.

_____ Respondent is directed to show cause, in the form of a **written response**, why the attached Family Court Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the _____ day of _____, 20__ at **1:00 p.m.** at 321 Swede Street, Norristown, Pa.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure.

**X** Rule Returnable at time of trial.

By: _____
           Court Administrator



2006-12263-0157   3/7/2017 1:59 PM   # 11189804
Motion
Rcpt#Z3065720 Fee:$0.00  Exhibit A

Joshua L. Thomas Esq.
Supreme Court ID No. 312476
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

---

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL WASTE AUTHORITY | : | |
| **Plaintiff** | : | NO: 2006-12263 |
| v. | : | NO: 2006-12257 |
| | : | |
| GRIMM BROTHERS REALTY CO. | : | |
| **Defendants** | : | |

---

## EMERGENCY MOTION FOR EXTENSION OF TIME AND FOR RECONSIDERATION OF ORDER OF FEBRUARY 8, 2017

1. I, Joshua L. Thomas, Esq., have been retained by Defendant, Grimm Brothers Realty Co. (hereafter "Grimm") for the above listed Motion.

2. On October 26, 2016 a property owned by Grimm at 202 Jacoby Street AND 839 Swede Street, Norristown, PA 19401 (hereafter "properties") was sold to a third party at a Montgomery County Sheriff's department Real Estate Division (hereafter "the County").

3. On December 1, 2016 the distribution of proceeds from the sale was hung in the Montgomery County Courthouse. (See Exhibit "A" – Distribution of Proceeds).

4. Notice was given, via publication, that if there were any objections to the distributions, they were to be filed by December 12, 2016.

5. On December 12, 2016, Grimm filed Exceptions to Sheriff Sale Distribution. (See Exhibit "B" – Exceptions to Sheriff Sale Distribution).

6.  A hearing was scheduled for the Exceptions to Sheriff Sale Distribution for February 1, 2017, but was rescheduled to February 8, 2017 by the Honorable Calvin Drayer due to a hearing for Grimm in the United States Bankruptcy Court of the Eastern District. (See Exhibit "C").

7.  On February 7, 2017 Grimm filed a Petition to Set Aside Sheriff Sales. (See Exhibit "D.")

8.  On February 8, 2017 the hearing scheduled before the Honorable Emanuel A. Beritin for the Exceptions to Sheriff's Determination of Distribution of Proceeds was held.

9.  The hearing of February 8, 2017, was conducted by Counsel for the Norristown Municipal Waste Authority (hereafter "Norristown").

10. Norristown prosecuted the case for the sale of the property but per admittance of Norristown's Counsel, "they are out of the picture" after the sale was concluded.

11. Norristown was one of eleven entities listed to whom distributions were to be made after the sale took place. (See Exhibit "A" – Distribution of Proceeds).

12. Upon completion of the sale, the Montgomery County Sheriff's Department, Real Estate Division oversees all sale related matters pursuant to Pa.R.C.P. 3139(c), (d).

13. Commerce Abstract Co., a company hired by the County that are licensed and insured for this purpose, identified the recipients and their amounts from the proceeds of the sale.

14. Mr. Robert McGurkin, Esquire is the solicitor for the Sheriff's Department and was present at the hearing on February 8, 2017, but did not participate.

15. Mr. Joseph Pizonka, Esquire, representing Commerce Abstract Co., who compiled the list of parties to whom sale proceeds were to be distributed, was present at the hearing of February 8, 2017.

16. He also did not participate in the hearing.

17. Norristown delivered a 52-page document to Grimm at the hearing allegedly consisting of the support for the distribution of funds. (See Exhibit "E").

18. The Court asked Grimm twice during the hearing if discovery was required.

19. Grimm's **attorney at the time**, against Grimm's strongest objections, responded no to the Court both times.

20. Grimm was trying to indicate at the hearing very clearly that he **did** want discovery, yet his counsel at the time ignored him.

21. Upon review of the voluminous document, it was found that the document consisted of title searches, copies of active suits in the Court of Common Pleas to which Grimm was a party, property deeds and cumulative numbers of parties with claims/liens against Grimm which was insufficient.

22. During this hearing, Norristown advised the Court that the Honorable Bernard Moore had more knowledge of the matter scheduled before the Court that day, than the sitting Judge.

22. The truth is that the Honorable Bernard Moore has never presided over an Exception to Sheriff's Sale Distributions hearing for Grimm.

24. Grimm was appalled at the blatant attempt of Norristown to select a judge for a hearing which could be construed as judge shopping, which is universally frowned upon. (*See Tilli v. Northampton Co.*, 370 F. Supp. 459 (E.D. Pa. 1974); *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*citing In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

25. The proper party to conduct this hearing should have been the County; as it proceeded, it can be construed that there was a conflict of interest for Norristown to conduct the hearing.

26. Grimm presently objects to Norristown conducting any further Exceptions hearing and states for the record, that Norristown was the improper party.

27. On February 8, 2017, the Court Administration set a rule returnable date of March 13, 2017 for response to Grimm's Petition to Set aside Sales. (See Exhibit "F"-Rule).

28. After learning that the documents supplied did not contain a breakdown of information Grimm needed, Grimm prepared a discovery request for the County on February 15, 2017 which were allegedly served upon the County. (See Exhibit "G" – Discovery requests).

29. For reasons unknown the Discovery was not served upon the County by Grimm's previous counsel.

30. Although there was no hearing listed by the Court for the day referencing the Petition to Set Aside Sale of the Property .After the hearing for the Exceptions to Distribution there was a discussion concerning a hearing on the Petition that allegedly was agreed to by both parties.

31. A rule returnable date for response to Grimm's Petition to Set Aside Sale has been listed for March 13, 2017.

32. Further, there is a stay in effect for Grimm from bankruptcy case #15-12921. (See Exhibit " H"-Stay)

33. On March 3, 2017, Grimm's Operations Manager Gary Grimm is under Court Order to supply schedules for his personal Bankruptcy Case #17-10625. (See Exhibit " I"-Order)

34. On Monday, March 6, 2017 Grimm has a hearing in Bankruptcy Court for Case #15-12921.

35. On March 7, 2017, new counsel personally has a plenary hearing in Camden County,

New Jersey at docket number F-041818-15.

36. On March 8, 2017, new counsel personally has an Order to Show Cause hearing in

Morris County, New Jersey at Docket number DC 1275-17.

37. On March 9, 2017 Gary Grimm is a party in the Domestic Court Case at docket #14-

X1976 "The Estate of Richard V. Grimm, Deceased".

38. Upon a cursory review of the Petition to Set Aside Sheriff's Sale, counsel believes that an

Amended Petition will need to be filed following a complete review of the record.

39. Considering the size of the record, a significant amount of time will be needed to become

familiarized with this case, as new counsel of record, and all of the previous proceedings.

40. Grimm is aware that Norristown objects to any continuance, but we believe this objection

is in bad faith.

41. If Norristown had agreed to payment terms for the associated $30,000.00 worth of sewer

bills for its properties from 1998-2004, which is now close to $200,000.00, these

hearings would not have been necessary as the bills would have been paid off in full.

WHEREFORE Grimm Brothers Realty requests that:

- the Court continue the hearing of March 7, 2017 for at least 60 days so Discovery can

be completed and new counsel can review the case documents.

- the argument is assigned for the Exceptions To Sheriff Sale Distribution hearing to

the correct representing party, specifically the Montgomery County Sheriff.

- The Court grants permission to Grimm Brothers Realty Company to file Amended
Exceptions to Sheriff Sales Distribution and Petitions to Set Aside Sheriff's Sale.

Date: March 3, 2017                    By:    _____

                                              Joshua L. Thomas, Esq.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL WASTE AUTHORITY | : | |
| Plaintiff | : | NO: 2006-12263 |
| v. | : | NO: 2006-12257 |
| | : | |
| GRIMM BROTHERS REALTY CO. | : | |
| Defendants | : | |

## VERIFICATION

I, Gary R. Grimm the undersigned, certify that the facts set forth in the foregoing legal document are true and correct to the best of my knowledge, or information, and belief.  I make this Verification subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities which provides that if I knowingly make false statements, I may be subject to criminal penalties.

Gary R. Grimm

GBR-UTI-NMWA-LEG-VERIFY- MOTION TO RECONSIDER ORDER 2-8-17-2006-12257-3-1-17

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

NORRISTOWN MUN WASTE AUTH

vs.

GRIMM BROS REALTY CO

NO.  2006-12263

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

GRIMM BROS REALTY CO

in the above case.

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Date:   03/05/2017

Signature

JOSHUA THOMAS, ESQ.

Filing Party

312476

ID Number

JOSHUA L. THOMAS & ASSOCIATES

Firm Name

1110 POCOPSON ROAD PO BOX 415

Address

POCOPSON, PA 19366

2158061733

Phone

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

NORRISTOWN MUNICIPAL WASTE
AUTHORITY

NO. 2006-12251, 2006-12263

vs.

GRIMM BROTHERS REALTY CO.

## ORDER

**AND NOW**, this 6th day of March, 2017, it is hereby **ORDERED** and **DECREED**
that Defendant's Emergency Motion for Extension of Time and for Reconsideration of the Order
of February 8, 2017 is hereby **DENIED**.

BY THE COURT:

BERNARD A. MOORE, SJ.

2006-12263-0155  3/6/2017 11:30 AM  # 11187365
Order
Rcpt#Z3063595  Fee:$0.00
Mark Levy - MontCo Prothonotary

Copy of the above Order
Mailed to the following:
Plaintiff's Attorney:  Robert P. Daday, Esq.
Defense Attorney:    Joshua L. Thomas, Esq.
Court Administration – Civil Division: Shannon Santos
Clerk: Lisa Nowicki
Date: 3/6/17

CR0019
R;1/1/2006

THIS DOCUMENT WAS DOCKETED AND SENT ON 03/06/2017



IN THE COURT OF COMMON PLEAS

IN AND FOR THE COUNTY OF MONTGOMERY, PENNSYLVANIA

CIVIL DIVISION

– – –

NORRISTOWN MUNICIPAL WASTE        :
AUTHORITY                         :
                                  :
                                  :
           vs.                    :   NO.  2006-12263
                                  :
GRIMM BROTHERS REALTY CO.         :

– – –

Exceptions to Sheriff's Sale Distribution/Petition to
Set Aside Sheriff's Sale

– – –

Tuesday, March 7, 2017
Commencing at 2:18 p.m.

– – –

Odalys Cummins, CSR
Official Court Reporter

– – –

Courtroom 13
Montgomery County Courthouse
Norristown, PA 19401

– – –

BEFORE:   THE HONORABLE BERNARD A. MOORE, SENIOR
          JUDGE


– – –

COUNSEL APPEARED AS FOLLOWS:

     ROBERT P. DADAY, ESQUIRE
        for Norristown Municipal Waste Authority

     ROBERT MCGUCKIN, ESQUIRE
        Solicitor to the Sheriff's Department

ALSO PRESENT:
     GARY GRIMM

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 210 of 240
Exhibit H   Page 2 of 22

2

# I N D E X

<u>PLAINTIFF'S EVIDENCE</u>

| <u>Witness</u> | <u>Direct</u> | Cross | <u>Redir</u> | <u>Recr</u> |
|---|---|---|---|---|
| Joseph Marshall | 3 | | | |
| David Joseph Cavaliere | 8 | | | |
| Theodore Harris | 11 | | | |
| Joseph Pizonka | 13 | | | |

– – –

# E X H I B I T S

<u>PLAINTIFF'S</u>

| <u>Number</u> | <u>Description</u> | <u>Marked</u> | <u>Rec'd</u> |
|---|---|---|---|
| P-1 | Old Republic National Insurance Company and Distribution Schedule | 13 | 19 |
| P-2 | Montgomery County Sheriff – Real Estate Cost Sheet | 14 | 19 |
| P-3 | Certification | 15 | 19 |
| P-4 | Berkheimer Certification | 15 | 19 |
| P-5 | Portnoff Law Associates Letter, dated 11/4/16 | 16 | 19 |
| P-6 | Sewer Certification | 17 | 19 |
| P-7 | Municipality of Norristown Tax Certification | 17 | 19 |
| P-8 | Letter, dated 12/1/16 | 18 | 19 |
| P-9 | Invoice, dated 2/2/15 | 4 | 19 |
| P-10 | Affidavit of Service | 5 | 19 |
| P-11 | Documents | 9 | 19 |

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 211 of 240
Exhibit H   Page 3 of 22

3

                    Norristown v. Grimm Brothers Realty Co.

2                       THE COURT:  At this point, Mr. Daday,

3     can we move on to the case indexed at 2006-12263?

4                       MR. DADAY:  Yes, Your Honor.

5                       At this time I would like to call

6     Mr. Joseph Marshall.

7                       THE COURT:  Very well.

8                             -  -  -

9                       JOSEPH MARSHALL, having been duly sworn,

10                      was examined and testified as follows:

11                            -  -  -

12                      MR. DADAY:  May I approach the witness,

13    Your Honor?

14                      THE COURT:  Mr. Daday, you may proceed.

15                          *DIRECT EXAMINATION*

16    BY MR. DADAY:

17    Q.   Mr. Marshall, can you tell us what you do for a

18    living?

19    A.   I'm an account manager at the Portnoff Law

20    Associates.

21    Q.   And what are your duties and responsibilities?

22    A.   I oversee the Writ of Execution Team, which is

23    involved in any process involving the sheriff sales,

24    listing properties for sheriff sale, and the process

25    proceeding through the sheriff sale.

4

1            JOSEPH MARSHALL - DIRECT

2  Q.    Are you familiar with the property located at 839

3  Swede Street, Norristown, PA?

4  A.    I am, yes.

5  Q.    Do you recall what your involvement was with

6  regards to this property?

7  A.    Yes.  I was involved in the process of having the

8  property listed for sheriff sale, moving the file

9  through the process of exposing at the sheriff sale.

10 And, eventually, it did go to sale in this case.

11 Q.    Do you recall how much it sold for?

12 A.    I believe it was 81,000.

13 Q.    Okay.

14 A.    Eighty-one five, maybe.

15 Q.    Okay.  Now, was this sold at a first sale or was

16 it sold subject to a Petition to Sell Free and Clear?

17 A.    This was a first sale.

18 Q.    So there was no petition to sell it free and

19 clear; is that correct?

20 A.    That is correct.

21                          - - -

22                 (Invoice, dated 2/2/15, premarked

23                 Plaintiff's Exhibit P-9 for

24                 identification.)

25                          - - -

Case 17-19625-mdc    Doc 355-8    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 213 of 240
Exhibit H    Page 5 of 22

5

JOSEPH MARSHALL - DIRECT

1  

2   Q.   I'd ask you to turn your attention to Exhibit No.

3   P-9.  Can you tell me what that is?

4   A.   P-9 is a title report.

5   Q.   Okay.  Was that utilized in the preparation of

6   your Writ of Execution?

7   A.   Correct.  This is the first document we order when

8   getting ready to list the property for sheriff sale.

9                          - - -

10                  (Affidavit of Service premarked

11                  Plaintiff's Exhibit P-10 for

12                  identification.)

13                         - - -

14  BY MR. DADAY:

15  Q.   I ask you to turn your attention to Exhibit P-10.

16  Can you tell me what that is?

17  A.   That is an Affidavit of Service.

18  Q.   Okay.  Can you tell me who is served in this

19  particular case, and what was served?

20  A.   It was the Notice of Sheriff Sale, and it was

21  served upon Gary Grimm.

22  Q.   When was it served upon him?

23  A.   December 14th, it says here, of 2014.

24  Q.   And where was it served?

25  A.   900 Market Street.

6

JOSEPH MARSHALL - DIRECT

Q.    Okay.  And who served it?

A.    Ted Harris.

Q.    And this was the notice of the sale; is that correct?

A.    That is correct.

Q.    I'd ask you to turn to the next page.  Can you tell us what that Affidavit of Service was for?

A.    That's service upon the United States of America.

Q.    And when was it served?

A.    October 26, 2015.

Q.    And what was served?

A.    The Notice of Sale.

Q.    And where was it served at?

A.    615 Chestnut Street, Philadelphia, PA.

Q.    And who served it?

A.    Kimberly Curty, C-U-R-T-Y.

Q.    And there's attached a Certificate of Service, can you tell me what that is?

A.    Certificate of Service is notice being sent to all interested parties who have an interest in the property, based on the title report.

Q.    Okay.  And was Mr. Grimm -- was Grimm Brothers Realty served?

A.    Yes.

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 215 of 240
Exhibit H   Page 7 of 22

7

JOSEPH MARSHALL - DIRECT

1

2  Q.    And what address were they served at?

3  A.    It's listed here, 837 Swede Street.

4  Q.    When you exposed the property to sale at the

5  sheriff sale, what happened post-sale?

6  A.    I submitted a claim to the Sheriff's Office for

7  any balances due to Portnoff Law Associates.

8  Q.    Is that Exhibit P-5?

9  A.    Yes.   That's a claim for proceeds.

10 Q.    And how much was submitted to the Sheriff's

11 Office?

12 A.    The balance due at that time was 18,782.73.

13 Q.    And was the sheriff's deposit included in that

14 amount that was submitted?

15 A.    That is incorrect, the sheriff's deposit gets

16 removed from the balance due.

17            MR. DADAY:  I have no further questions

18 for Mr. Marshall.

19            THE COURT:  Very well, sir.  You may

20 step down.

21            (Witness excused.)

22                 - - -

23            THE COURT:  Mr. Daday, do you have any

24 further witnesses?

25            MR. DADAY:  I do.

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 216 of 240
Exhibit H    Page 8 of 22

8

DAVID JOSEPH CAVALIERE - DIRECT

1

2          I'd ask to call the deputy sheriff for

3    this one.

4          THE COURT:  Very well.

5                  - - -

6          DAVID JOSEPH CAVALIERE, having been duly

7          sworn, was examined and testified as

8          follows:

9                  - - -

10   ***DIRECT EXAMINATION***

11   BY MR. DADAY:

12   Q.   Could you please state your name for the record?

13   A.   David J. Cavaliere.

14   Q.   And are you a deputy sheriff?

15   A.   I'm a deputy sheriff for Montgomery County.

16   Q.   And what are your duties and responsibilities?

17   A.   My duties are to serve legal writs, post sheriff

18   sales.

19   Q.   Okay.  Were you involved with this case, Docket

20   No. 2006-12263?

21   A.   I was.

22   Q.   And it concerned property address 839 Swede

23   Street?

24   A.   That is correct.

25   Q.   Could you tell us what your involvement was?

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 217 of 240
Exhibit H    Page 9 of 22

9

DAVID JOSEPH CAVALIERE - DIRECT

A.    My involvement was that day that I had postings to

serve throughout the Montgomery County area, especially

the Norristown area.  And I had one for 839 Swede

Street, which is Grimm Brothers Realty Company.  At

0955 hours that morning I exited my vehicle on Swede

Street, walked up to the door at 839 Swede and I posted

the sheriff sale on the door.

Q.    And you have a copy of that?

A.    I do.

        MR. DADAY:  I would like to have that

marked as Exhibit P-13 for the record.

        THE COURT:  Very well.  We'll have that

marked P-13 --

        MR. DADAY:  I'm sorry.  Not P-13, P-11,

Your Honor.

        THE COURT:  Is it P-11?

        MR. DADAY:  Yes.

        THE COURT:  Okay.  We'll make that P-11.

And this is all under File 2006-12263.

                - - -

        (Documents marked Plaintiff's Exhibit

        P-11 for identification.)

                - - -

BY MR. DADAY:

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 218 of 240
Exhibit H   Page 10 of 22

10

1          DAVID JOSEPH CAVALIERE - DIRECT

2   Q.    Can you describe what's in that packet of

3   information?

4   A.    The packet of information, which I just gave, is

5   the Notice of Sheriff Sale, which was posted; and also,

6   my log that I keep when I do the postings and serves

7   when I'm on the street.

8              If you turn to the second page of my

9   log, dated November 9th, 2015, on the back it tells you

10  the time, 0955; mileage; destination, which is

11  Norristown; who I served/posted, and it's Grimm

12  Brothers; and the case number.  And it was posted.

13  Q.    Okay.

14              MR. DADAY:  I have no further questions,

15  Your Honor.

16              THE COURT:  Very well.

17              Sir, thank you.  You may step down.

18              (Witness excused.)

19                         - - -

20              THE COURT:  Mr. Daday, any further

21  witnesses?

22              MR. DADAY:  I do.  I have Mr. Harris,

23  Your Honor.

24              THE COURT:  Very well.

25              If the witness would be kind enough to

Case 17-10625-mdc    Doc 355-8    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
                     Document      Page 219 of 240
                     Exhibit H    Page 11 of 22

11

THEODORE HARRIS - DIRECT

2  come forward.

3                              - - -

4            THEODORE HARRIS, having been duly sworn,

5            was examined and testified as follows:

6                              - - -

7                    *DIRECT EXAMINATION*

8  BY MR. DADAY:

9  Q.    Mr. Harris, could you turn your attention to

10 Exhibit No. P-10 again?

11 A.    Okay.

12 Q.    Can you tell me what that is?

13 A.    Yes.  This is a Notice for Sheriff Sale and

14 Affidavit of Service.

15 Q.    Who served it?

16 A.    I did.

17 Q.    And what did you serve?

18 A.    I served the Notice of Sheriff Sale to Grimm

19 Brothers Realty on the 14th of December 2014, at 10:04

20 a.m.

21 Q.    And where did you serve it?

22 A.    At 900 Market Street.

23 Q.    And was the person you served here, in the

24 courtroom?

25 A.    Yes.  At the defense table.

Case 17-10625-mdc    Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc    Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document    Page 220 of 240
Exhibit H    Page 12 of 22

12

THEODORE HARRIS - DIRECT

1

2   Q.   Could you identify him?

3   A.   Mr. Grimm.

4   Q.   There is a second Affidavit of Service, can you

5   tell me what that is?

6   A.   The second one is also a Notice of Sheriff Sale,

7   Affidavit of Service, serving the United States of

8   America, at 615 Chestnut Street, Suite 1300, in

9   Philadelphia.

10  Q.   And that is not you that did the serving; is that

11  correct?

12  A.   That's correct.

13  Q.   Is that somebody that works for you?

14  A.   Yes.  That's Kim Curty, Kimberly Curty.

15  Q.   Is this a standard Affidavit of Service that you

16  prepare as part of your job?

17  A.   Yes, it is.  This is the Affidavit we create.

18  Q.   And you keep this in the normal course of

19  business; is that correct?

20  A.   Yes, I do.

21              MR. DADAY:  I have no further questions.

22              THE COURT:  Very well, sir.  You may

23  step down.

24              THE WITNESS:  Thank you, Your Honor.

25              (Witness excused.)

Case 17-10625-mdc   Doc 355-8   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document    Page 221 of 240
Exhibit H   Page 13 of 22

13

1          JOSEPH PIZONKA - DIRECT

2                      - - -

3              THE COURT:  Any further witnesses,

4    Mr. Daday?

5              MR. DADAY:  Mr. Pizonka.

6              THE COURT:  Very well.  Mr. Pizonka.

7                      - - -

8              JOSEPH PIZONKA, having been duly sworn,

9              was examined and testified as follows:

10                     - - -

11             **_DIRECT EXAMINATION_**

12                     - - -

13             (Old Republic National Insurance Company

14             and Distribution Schedule premarked

15             Plaintiff's Exhibit P-1 for

16             identification.)

17                     - - -

18   BY MR. DADAY:

19   Q.    I'd ask you to turn your attention to Exhibit P-1.

20   Can you tell us what that is?

21   A.    That is the face sheet of our policy of insurance,

22   Old Republic National Title Insurance Company.

23   Q.    And did you prepare the title of insurance?

24   A.    We did, yes.

25   Q.    And did you also prepare a schedule of

Case 17-10625-mdc   Doc 355-8   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:08:22   Desc
Document   Page 222 of 240
Exhibit H   Page 14 of 22

14

JOSEPH PIZONKA - DIRECT

1

2   distribution?

3   A.   Yes.

4   Q.   And it indicates that it was revised.  Was there a

5   revision that was done in this particular matter?

6   A.   I see that notation.  As far as I know, this is

7   the original distribution list.

8   Q.   Okay.  And when you go ahead and do the -- prepare

9   a distribution, tell us what you do.

10  A.   We do a title search and determine the outstanding

11  liens, and then place them in the distribution sheet in

12  order of priority.

13  Q.   And do you obtain payoffs from the various

14  entities?

15  A.   We do, yes.

16  Q.   And in this particular case did that occur?

17  A.   Yeah.  Each one of these represents the payoff

18  received from the individual payees.

19                        -  -  -

20                   (Montgomery County Sheriff - Real Estate

21                   Cost Sheet premarked Plaintiff's Exhibit

22                   P-2 for identification.)

23                        -  -  -

24  BY MR. DADAY:

25  Q.   I would ask you to turn to Exhibit P-2.  Can you

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 223 of 240
Exhibit H   Page 15 of 22

15

JOSEPH PIZONKA - DIRECT

1  tell me what that is?

2  A.    That is the sheriff's statement of their costs,

3  because of their poundage and their advertising fees.

4  Q.    And was that included in your distribution?

5  A.    Yes.  That number consists of the first number on

6  the distribution list, which is the sheriff's fees and

7  costs and the title insurance premium.

8  Q.    And that's the second page of Exhibit No. P-2; is

9  that correct?

10  A.    Yes.

11                        - - -

12              (Certification premarked Plaintiff's

13              Exhibit P-3 for identification.)

14                        - - -

15  BY MR. DADAY:

16  Q.    And I ask you to turn your attention to Exhibit

17  No. P-3.  Can you tell me what that is?

18  A.    Certification for the Norristown Area School

19  District for school taxes outstanding.

20  Q.    Was that amount included in your distribution?

21  A.    Yes, it was.

22                        - - -

23              (Berkheimer Certification premarked

24              Plaintiff's Exhibit P-4 for

Case 17-19625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 224 of 240
Exhibit H    Page 16 of 22

16

1                   JOSEPH PIZONKA - DIRECT

2                   identification.)

3                           - - -

4    BY MR. DADAY:

5    Q.    And Exhibit No. P-4, can you tell us what that is?

6    A.    That's Berkheimer certification of taxes due to

7    the school district.

8    Q.    And does that include the current taxes for the

9    school district?

10   A.    Yes.

11   Q.    And that was included in your distribution also?

12   A.    Yes.

13                          - - -

14                   (Portnoff Law Associates Letter, dated

15                   11/4/16 premarked Plaintiff's Exhibit

16                   P-5 for identification.)

17                          - - -

18   BY MR. DADAY:

19   Q.    And Exhibit No. P-5, was that included in the

20   distribution?

21   A.    Portnoff Law Association's payoff, that was

22   included in the distribution.

23   Q.    And they collect for the Norristown Municipal

24   Waste Authority; is that correct?

25   A.    Correct.

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 225 of 240
Exhibit H    Page 17 of 22

17

JOSEPH PIZONKA - DIRECT

1

2                              - - -

3              (Sewer Certification premarked

4              Plaintiff's Exhibit P-6 for

5              identification.)

6                              - - -

7    BY MR. DADAY:

8    Q.    Exhibit No. P-6, can you tell us what that is?

9    A.    Certification for Norristown Municipal Waste

10   Authority.

11   Q.    Is that a current amount that is owed?

12   A.    That is the current sewer bill.

13                             - - -

14             (Municipality of Norristown Tax

15             Certification premarked Plaintiff's

16             Exhibit P-7 for identification.)

17                             - - -

18   BY MR. DADAY:

19   Q.    Can you tell us what Exhibit No. P-7 is?

20   A.    Certification from the Municipality of Norristown

21   as to borough taxes due and outstanding.

22   Q.    And again, would this be the current taxes?

23   A.    Yes.

24   Q.    And potential claims?

25   A.    Yes.  Correct.

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 132-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 226 of 240
Exhibit H    Page 18 of 22

18

JOSEPH PIZONKA - DIRECT

1

2  Q.    And there's also -- I believe it says, rental

3  license fees in there; is that correct?

4  A.    Yes.

5  Q.    And that was included in your distribution?

6  A.    Correct.

7                      - - -

8                 (Letter, dated 12/1/16 premarked

9                 Plaintiff's Exhibit P-8 for

10                identification.)

11                     - - -

12  BY MR. DADAY:

13  Q.    There is an Exhibit No. P-8, can you tell me what

14  that is?

15  A.    That's a letter from PNC -- from Dilworth Paxon

16  Law Firm, representing PNC Bank, indicating that they

17  are the successor bank by merger from Midlantic Bank,

18  which was first lienholder.

19  Q.    Was that included in your distribution?

20  A.    It is, yes.

21  Q.    Do you have -- did you revise your distribution

22  again?  Did you print out a new one?

23  A.    It's the same distribution as originally submitted

24  on this property.

25                 MR. DADAY:  I have no further questions,

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 227 of 240
Exhibit H   Page 19 of 22

19

1    JOSEPH PIZONKA - DIRECT

2  Your Honor.

3              I do have a proposed order with regards

4  to the distribution.

5              THE COURT:  Very well.

6              Are you moving for P-1 through P-11?

7              MR. DADAY:  Absolutely.

8              THE COURT:  They will all be admitted

9  into evidence.

10                     - - -

11             (Plaintiff's Exhibits P-1 through P-11

12             received in evidence.)

13                     - - -

14             THE COURT:  Thank you, Mr. Pizonka.

15             You may step down.

16             (Witness excused.)

17                     - - -

18             THE COURT:  Do any of the other counsel

19  wish to make any comment in regard to this file,

20  indexed at 2006-12263?

21             MR. MCGUCKIN:  No.  Thank you, Your

22  Honor.

23             THE COURT:  Mr. Cirillo, you don't have

24  any comment?

25             MR. CIRILLO:  No, Your Honor.

Case 17-10625-mdc   Doc 355   Filed 10/16/20   Entered 10/16/20 15:48:39   Desc Main
Case 17-13697-mdc   Doc 132-8   Filed 02/13/19   Entered 02/13/19 18:06:22   Desc
Document   Page 228 of 240
Exhibit H   Page 20 of 22

20

1            NORRISTOWN V. GRIMM BROTHERS REALTY CO.

2                    THE COURT:  Very well.

3                    Mr. Grimm, do you have any comment in

4    regard to the case indexed at 2006-12263?

5                    MR. GRIMM:  As Your Honor identified me,

6    I'm just an observer here.  But the only question I

7    would have is any documents that were entered into the

8    record, that are not within these books, if I could get

9    a copy and forwarded to my counsel.

10                   MR. DADAY:  Well, we'll give them to

11   you, you can get them to your counsel.

12                   THE COURT:  Very well.  I think

13   Mr. Daday will take care of that situation.

14                   Mr. Daday, do you have a proposed order?

15                   Why don't we give Mr. Grimm an

16   opportunity to review the order.

17                   Do you want to take a look at it, Mr.

18   Grimm?  No.  Okay.

19                   (Pause.)

20                   THE COURT:  Mr. Grimm, you don't have

21   anything further on this point?

22                   MR. GRIMM:  No, Your Honor.

23                   THE COURT:  Very well.

24                   Accordingly, at this point, considering

25   all of the circumstances, the Court is going to approve

21

1              NORRISTOWN V. GRIMM BROTHERS REALTY CO.

2    the proposed order that has been submitted.  And the

3    Court will also sign an order denying the Motion to Set

4    Aside the Sheriff's Sale.

5              If the parties can wait for a few

6    moments, we can have copies of all these orders

7    available.

8              I believe that will conclude these

9    matters at this time.  Mr. Daday, is that correct?

10             MR. DADAY:  Yes.

11             THE COURT:  Very well.

12             Thank you, Counsel.

13             At this point, the Court will recess

14   until the call of the crier.

15             (At 2:57 p.m., proceedings were

16             concluded.)

17                       - - -

18

19

20

21

22

23

24

25

Case 17-10625-mdc    Doc 355    Filed 10/16/20    Entered 10/16/20 15:48:39    Desc Main
Case 17-13697-mdc    Doc 133-8    Filed 02/13/19    Entered 02/13/19 18:06:22    Desc
Document    Page 230 of 240
Exhibit H    Page 22 of 22

22

C E R T I F I C A T I O N

    I hereby certify that the proceedings and evidence
are contained fully and accurately in the notes taken
by me in the above cause and that this is a correct
transcript of the same.


                              ODALYS CUMMINS, CSR
                              Official Court Reporter

Joshua L. Thomas Esq.
Supreme Court ID No. 312476
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366
Phone: (215) 806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com

---

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| NORRISTOWN MUNICIPAL | : | |
| WASTE AUTHORITY | : | |
| 235 E. Airy Street, 2nd Floor | : | |
| Norristown, PA 19401 | : | |
| | : | No.:   2006-12263 |
| v. | : | No.:   2006-12257 |
| GRIMM BROTHERS REALTY, CO. | : | |
| 837 Swede Street | : | |
| Norristown, PA 19401 | : | |

---

### NOTICE OF APPEAL

Notice is hereby given that Joshua Thomas, Esq., representing Grimm Brothers Realty, Co., Defendant, hereby appeal to the Commonwealth Court of Pennsylvania from the order(s) docketed in this matter on February 8, 2017 Granting Plaintiff permission to bring the property in question to sale. This order has been entered on the docket as evidenced by the attached order.


Date:   March 7, 2017                          By:   /s/ Joshua Thomas
                                                    Joshua Thomas, Esq.

ATTACHMENTS:

_____ Check # _____ in amount of $ 68.00 payable to Prothonotary.

_____ Check # _____ in amount of $85.50 payable to the Appellate Court.

_____ Copy of Request for Transcript.

_____ Proof of Service of All Parties in Trial Court, Trial Judge(s), Court Reporter(s) and

District Court Administrator.

_____ Above referenced Docket Entry/orders.

Official Use Only:.
Ck # _____ in the amount of $85.50 sent to the appellate court on _____.

By _____

Deputy

Joshua L. Thomas Esq.
Supreme Court ID No. 312476
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366
Phone: (215) 806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com

---

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA
### CIVIL ACTION – LAW

| | | | |
|---|---|---|---|
| NORRISTOWN MUNICIPAL | : | | |
| WASTE AUTHORITY | : | | |
| 235 E. Airy Street, 2nd Floor | : | | |
| Norristown, PA 19401 | : | | |
| | : | No.: | 2006-12263 |
| v. | : | No.: | 2006-12257 |
| GRIMM BROTHERS REALTY, CO. | : | | |
| 837 Swede Street | : | | |
| Norristown, PA 19401 | : | | |

---

### *REQUEST FOR TRANSCRIPT*

[or statement Pursuant to Pa.R.A.P. 904 (c)]

_____ A notice of Appeal having been filed in this matter, NORRISTOWN MUNICIPAL

WASTE AUTHORITY v. Grimm Brothers Realty, Co., Defendant, the official court reporter(s)

is/are hereby requested to produce, certify and file the transcript of the trial/hearing regarding the

order and held on February 8, 2017 in conformity with Pa.R.A.P. 1922.

    __X__ There is no verbatim record of the proceedings.

    _____ The complete transcript has been lodged of record.

File in Duplicate

_____ I hereby certify that the official court reporter(s) has/have informed me that the

approximate length of the transcript in this case is  0  pages; that the cost per page for the

transcript is $  0 , and that the total estimated cost of this transcript will be $  0 .

_____ Attached hereto is Check # _____ payable to the Court Reporter(s) for

the deposit(s) required for commencement of transcription(s).

Date: ___March 7, 2017_____    By:  /s/ Joshua Thomas_____
                                                Joshua Thomas, Esq.

Joshua L. Thomas Esq.
Supreme Court ID No. 312476
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366
Phone: (215) 806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com

---

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA
### CIVIL ACTION – LAW

| | | | |
|---|---|---|---|
| NORRISTOWN MUNICIPAL | : | | |
| WASTE AUTHORITY | : | | |
| 235 E. Airy Street, 2nd Floor | : | | |
| Norristown, PA 19401 | : | | |
| | : | No.: | 2006-12263 |
| v. | : | No.: | 2006-12257 |
| GRIMM BROTHERS REALTY, CO. | : | | |
| 837 Swede Street | : | | |
| Norristown, PA 19401 | : | | |

---

### ___PROOF OF SERVICE___

I hereby certify that I am this day serving true and correct copies of the within **Notice of**

**Appeal, Request for Transcript, and this Proof of Service** upon the persons and in the manner

indicated below, which service satisfies the requirements of Pa.R.A.P 906: (*Set forth herein the*

*manner of service and the names, address and telephone numbers of the persons served. See*

*Pa.R.A.P 906 (a), which requires service on all parties in the trial court, the judge(s) of the trial*

*court, the official court reporter(s) in the trial court and the trial court's District Court*

*Administrator.)*

Case# 2006-12263-130 Docketed at Montgomery County Prothonotary on 05/0//2017 1:31 PM, Fee = $31.25

| *Manner of service* | *Name and address* |
|---|---|
| Regular mail and Certified mail | Jason J. Leininger, Esq.<br>Portnoff Law Associates<br>2700 Horizon Drive, Suite 100<br>King of Prussia, PA 19406<br>*Attorney for Plaintiff* |
| Regular mail | Honorable Bernard A. Moore<br>Montgomery County Court House<br>2 East Airy Street<br>P.O. Box 311<br>Norristown, PA 19404-0311 |
| Regular mail | Mark Levy<br>Office of the Prothonotary<br>P.O. BOX 311<br>Norristown, PA 19404-031 |

Date:  March 7, 2017

By:  /s/ Joshua Thomas
Joshua Thomas, Esq.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

**NORRISTOWN MUNICIPAL WASTE
AUTHORITY**

vs.

**GRIMM BROTHERS REALTY CO.**

**NO. 2006-12263**

**IN: Petition to Set Aside Sheriff's Sale**

## ORDER

AND NOW, this 7th day of March, 2017, it is hereby **ORDERED** and **DECREED** that the Defendant's Petition to Set Aside Sheriff's Sale is **DENIED**.



2006-12263-0158  3/8/2017 8:48 AM  # 11190559
Order
Rcpt#Z3066492 Fee:$0.00
Mark Levy - MontCo Prothonotary

**BY THE COURT:**

**BERNARD A. MOORE, SJ.**

Copy of the above Order
Hand delivered in open Court to the following:
Plaintiff's Attorney: Robert P. Daday, Esq., Robert McGuckin, Esq.
Defense Attorney:   Joshua Thomas, Esq.
Court Administration – Civil Division: Shannon Santos
Reporter: Odalys Cummins
Clerk: Lisa Nowicki
Date: 3/7/17

CR0019
R:1/1/2006

THIS DOCUMENT WAS DOCKETED AND SENT ON 03/08/2017

05-50661-0/ JS
PORTNOFF LAW ASSOCIATES, LTD.
BY: ROBERT P. DADAY, ESQUIRE
POST OFFICE BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

ATTORNEY FOR PLAINTIFF
ATTORNEY ID 43006

---

Norristown Municipal Waste Authority,
    Plaintiff

        vs.

Grimm Brothers Realty Co.
United States of America
    Defendant(s)

:

:

:

:

IN THE COURT OF COMMON PLEAS

MONTGOMERY COUNTY, PA

NO. 2006-12263

CIVIL ACTION - LAW

---

### ORDER OF COURT

AND NOW, this _7th_ day of _MARCH_, 2017, after hearing

and upon consideration of the Defendant's Exceptions to Sheriff's Proposed Schedule of

Distribution and it further appearing that all interested parties received notice and have

neglected to file a response in accordance with the Rule issued by this honorable court, it is

hereby ORDERED, that the excess funds collected at Sheriff's Sale, as follows:

Montgomery County Sheriff's Costs
*Payable to Montgomery County Sheriff's Department:*      $ 4,674.59

County Transfer Tax
*Payable to Montgomery County Recorder of Deeds:*      $ 1,014.60

State Transfer Tax
*Payable to Montgomery County Recorder of Deeds:*      $ 1,014.60

County Real Estate Taxes 2011-2014; 2016
Municipality of Norristown Real Estate Taxes 2011-2014
Norristown Area School District Real Estate Taxes 2011/2012-2014/2015
*Payable to Montgomery County Tax Claim Bureau:*      $18,409.35

Norristown Area School District Real Estate Taxes 2016/2017
*Payable to Berkheimer:*      $ 2,156.19

Norristown Municipal Waste Authority Sewer Fees 1996-2005
*Payable to the Portnoff Law Associates:*      $18,782.73

Waste Generation Charges
*Payable to the Waste System Authority of Eastern Montgomery County:*                    $    15.00

Norristown Municipal Waste Authority Sewer Fees 2016
*Payable to the Norristown Municipal Waste Authority:*                                   $    49.52

Balance of Distribution to Mortgage
*Payable to PNC Bank, N.A.*                                                          $35,383.42

Total:                                                                              $81,500.00

BY THE COURT:

*[signature] Bernard M. Moore*

Copies: ✓ mailed    ✓ hand deliver
Plaintiff Atty *ROBERT P. DADAY, ESQ*
Defense Atty/Deft *TOSHIA THOMAS, ESQ.*
Shannon, Ct Admin
Clerk: L. Nowicki

# Sheriffs Return on Real Estate

County of Montgomery Sheriff's Office                     Docket Number:     06-12263

Plaintiff:   Norristown Municipal Waste Authority
Vs.

Defendant:  GRIMM BROTHERS REALTY CO

Address:     839 SWEDE ST

Location:    Norristown Borough

Parcel No.:  13-00-36452-00-3

---

## Sale of Property

### To the Honorable Judges within named:

Sean P. Kilkenny, Sheriff of Montgomery County, does respectfully certify and return that, after due public and timely notice by me given of the time and place of the sale, according to law and rules of Court, I did on the 26th day of October A.D. Year 2016, expose the land and premises with the appurtenances in the annexed writ of execution,

Money Judgement

Mentioned (the defendant in said writ having dispensed with and waived inquisition, etc., as per agreement thereto annexed) to sale by public vendue or outcry, and sold the same to

**John Campion**

for the sum or price of  $81,500.00. he/she being the highest and best bidder, and that the highest and best bidder for the same, which said sum of money I have ready here.

So answers

Sean P. Kilkenny, Sheriff

2006-12263-0164  3/15/2017 11:58 AM   # 11199077
Sheriff Sold Real Estate to
Rcpt#Z3074404  Fee:$0.00
Mark Levy - MontCo Prothonotary